Eric J. Farber, SBN 169472
eric@farberandco.com
Ann McFarland Draper, SBN 065669
ann.draper@farberandco.com
FARBER & COMPANY ATTORNEYS, LLP
847 Sansome Street, Ste. LL
San Francisco, California 94111
Telephone 415.434.5320
Facsimile 415.434.5380

Attorneys for Plaintiffs Santa Fe Pointe,
LP, Santa Fe Management, LLC,
Rant, LLC, and Theotis F. Oliphant

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

**(SAN FRANCISCO DIVISION)**

| | |
|---|---|
| SANTA FE POINTE, LP, et al, <br><br> Plaintiffs, <br> vs. <br><br> GREYSTONE SERVICING CORPORATION, INC., et al, <br><br> Defendants. | Case No.: RG 07-345170 <br><br> **PLAINTIFFS' RESPONSE TO THE GREYSTONE DEFENDANTS' RULE 3-13 FILING** |

## INTRODUCTION

Defendants GREYSTONE SERVICING CORPORATION, INC. and GREYSTONE CDE, LLC (collectively the "Greystone Defendants" or "Greystone") have filed a statement under Local Rule 3-13 in which they suggest that this action should be transferred to the United States District Court for the Southern District of New York. The Greystone Defendants offer no authority for the proposition that the court may transfer this action pursuant to Rule 3-13 (indeed, the court cannot do so). Instead the Greystone Defendants simply ask (in their Rule 3-13 statement) that this case be transferred pursuant to 28 U.S.C. §1404(a), referring the court to a then unfiled *Notice of Motion and Motion To Transfer Venue*.[1] To the extent the Greystone Defendants mean to suggest that the court can order a transfer of this action under Rule 3-13, however, they are wrong.

---

[1] Plaintiffs will respond separately in detail to Greystone's motion to change venue (which was filed only yesterday and is without merit), at the time such opposition is due.

*Santa Fe Pointe, LP, et al v. Greystone Servicing Corporation, Inc., et al.*     - 1
Plaintiffs' Response to Greystone Defendants' Rule 3-13 Filing
Farber & Company Attorneys, LLP

**STATEMENT OF RELEVANT FACTS**

Plaintiffs brought this action for damages, declaratory relief and accounting arising out of the Greystone Defendants' conduct regarding Plaintiffs' efforts to acquire and rehabilitate a 224-unit apartment building in Oklahoma City (the "Project") as a tax-credit developer of a Low Income Housing Tax Credit project offered through the FHA's Office of Housing and Urban Development ("HUD"). The Federal Government subsidizes tax credit projects to encourage private developers to acquire, construct, renovate, and maintain housing stock that will be income restricted for tenants, and maintained by the private developer. The tax-credit developer gets paid a fee equal to 14% of the total allowable project costs, and the project financing is non-recourse.

Plaintiffs had appointed Defendant Greystone Servicing Corporation, Inc. ("Greystone Servicing") to serve as their exclusive agent to process Plantiffs' HUD application for financing the acquisition and rehabilitation of the Project. Plaintiffs paid Greystone Servicing $14,000 in fees as required by the engagement agreement. The Greystone Defendants also anticipated earning additional fees through their role in connection with the Project. Greystone Servicing was the principal Greystone actor in the underlying events. Greystone CDE, LLC ("Greystone CDE") became involved in the transaction when its name appeared as the lender on bridge financing arranged by Greystone Servicing. Plaintiffs' complaint alleges breach of fiduciary duty, negligence, intentional and negligent interference with prospective business advantage, anticipatory breach, and breach of the implied covenant of good faith and fair dealing, and also seeks declaratory relief with respect to a claim by Greystone CDE that its bridge loan was in default.

Plaintiffs filed their action in Alameda County Superior Court on September 7, 2007 and filed an amended and supplemental Complaint on September 25, 2007 to include additional conduct that occurred shortly after the filing of their complaint. Plaintiffs effected personal service on Greystone Servicing on September 25 and on Greystone CDE on September 26. On September 26, Greystone CDE filed a collection action against Plaintiffs in the United States District Court for the Southern District of New York, which they amended on or about October 5, 2007 (to correct deficiencies in their allegations of diversity jurisdiction). On October 25, 2007, the Greystone Defendants filed their answer in Alameda County Superior Court and then removed the action to this district.

The parties now appear to be engaged in a dispute as to whether this action will be litigated in California or New York. Although this response to the Greystone Defendants' Rule 3-13 filing is not the place to address those arguments, Plaintiffs would make this court aware of several key facts:

- ♦ Plaintiffs the first to file and serve
- ♦ Greystone CDE has still not properly served Plaintiffs in the New York Action
- ♦ Greystone Servicing is not a party to the New York action, and the issues raised by Plaintiffs' breach of fiduciary duty and other claims against Greystone Servicing are not issues in the New York Action.

**TRANSFER UNDER RULE 3-13 IS UNAVAILABLE**

Local Rule 3-13 requires notice of any action pending in another federal or state court that involves "all or a material part of the same subject matter and all or substantially all of the same parties." The purpose of this Local Rule is so that the court may consider whether transfer should be effected pursuant to 28 U.S.C. §1407 or whether other coordination might avoid conflicts, conserve resources and promote an efficient determination of the action. N.D. Cal. Local Rule 3-13(a), (b)(3)(B). This Local Rule has nothing to do with a motion for change of venue pursuant to 28 U.S.C. §1404 (the basis for the *Notice of Motion and Motion To Transfer Venue* referenced in the Greystone Defendants' Rule 3-13 filing).

28 U.S.C. §1407 governs multidistrict litigation, and is intended to deal with pretrial litigation involving ***numerous*** parties and many claims, not simple forum disputes such as that presented here. This provision provides that civil actions pending in different districts and involving one or more common questions of fact, ***may*** be transferred to any district for coordinated or consolidated ***pretrial*** proceedings. 28 U.S.C. §1407(a). It to be invoked in situations where many cases are pending in many districts, such as product-liability litigation (e.g., the breast implant cases). The remedial aim of section 1407 is to eliminate potential for conflicting contemporaneous ***pretrial*** rulings by coordinate district and appellate courts in multidistrict related civil actions. *State of Utah v. American Pipe & Const. Co.*, 316 F.Supp. 837, 839 (C.D. Cal. 1970). Contrary to what the Greystone Defendants imply here,

section 1407 is not intended as a vehicle for transferring the entire case from one district to another. In fact, every action transferred under section 1407 for such pretrial coordination must be **remanded** to the transferor court at or before conclusion of the pretrial proceedings. 28 U.S.C. 1407(a); *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 39.

Furthermore, requests for transfers under 28 U.S.C. §1407 are not even heard by the district court but are determined by the Judicial Panel on Multidistrict Litigation ("JPMDL"). 28 U.S.C. §1407(a),(c). A motion for such transfer is made directly to the JPMDL [28 U.S.C. §1407(c)(ii)] – a request which the Greystone Defendants have not made. Clearly, Rule 3-13 is designed to permit the district court to consider whether a case is appropriate for such a transfer, not to permit it to transfer the case itself.

Moreover, there is no "multidistrict litigation" to which this case could be transferred. There is merely one other action now pending in federal district court in New York, an action which was instituted by one of the Greystone Defendants in response to this action and which at most involves only a *portion* of the matters at issue in this case. It would appear that the real purpose of the Greystone Defendants' lengthy Rule 3-13 filing was to have two opportunities to argue the factual basis (as Greystone sees it) for their eventual motion to transfer venue under 28 U.S.C. §1407(a).

Section 1407 cannot be used to transfer this action to the New York federal district court,[2] and referral to the JPMDL is not warranted here.

DATED: November 8, 2007 

FARBER & COMPANY ATTORNEYS, LLP
Attorneys for Plaintiff

By *Ann M. Draper*

Eric J. Farber, SBN 169472
Ann McFarland Draper, SBN 065669

---

[2] Rule 3-13 also permits the court to consider whether "other coordination might avoid conflicts, conserve resources and promote an efficient determination of the action." Local Rule 3-13(b)(3)(B). It is enough to say that Greystone has requested *transfer*, not coordination.

# PROOF OF SERVICE

I, ANN McFARLAND DRAPER, declare:

1. I am an attorney at law over the age of eighteen years of age and not a party to this action. My business address is 847 Sansome St., LL, San Francisco, CA 94111.

2. On November 8, 2007, I served true and correct copies of the foregoing pleading **PLAINTIFFS' RESPONSE TO THE GREYSTONE DEFENDANTS' RULE 3-13 FILING** on the interested parties by electronically filing such documents through the CM/ECF system of United States District Court for the Northern District of California, which will send electronic notification of such filing to the following registered users:

    Mark D. Kemple  mdkemple@jonesday.com
    Erik K. Swanholt  ekswanholt@jonesday.com

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed this 8th day of November 2007, at San Francisco, California.

*Ann M. Draper*
Ann McFarland Draper

---

*Santa Fe Pointe, LP, et al v. Greystone Servicing Corporation, Inc., et al.*   - 5
Plaintiffs' Response to Greystone Defendants' Rule 3-13 Filing
Farber & Company Attorneys, LLP