1  Eric J. Farber, SBN 169472
   eric@farberandco.com
2  Ann McFarland Draper, SBN 065669
   ann.draper@farberandco.com
3  FARBER & COMPANY ATTORNEYS, P.C.
   847 Sansome Street, Ste. LL
4  San Francisco, California 94111
   Telephone 415.434.5320
5  Facsimile 415.434.5380

6  Attorneys for Plaintiffs Santa Fe Pointe,
   LP, Santa Fe Management, LLC,
7  Rant, LLC, and Theotis F. Oliphant

8

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

9

10  **(SAN FRANCISCO DIVISION)**

11  SANTA FE POINTE, LP, et al,        Case No.: C07-05454 JCS

12                    Plaintiffs,     **PLAINTIFFS' OBJECTIONS TO**
        vs.                            **DEFENDANTS' EVIDENCE PROFFERRED**
13                                     **ON MOTION TO TRANSFER CASE TO**
    GREYSTONE SERVICING                **SOUTHERN DISTRICT OF NEW YORK**
14  CORPORATION, INC., et al,          **Hearing**
                                       Date:       February 8, 2008
15                    Defendants.      Time:       9:30 a.m.
                                       Courtroom:  A (15th Floor)
16                                     Judge:      Hon. Joseph C. Spero

17         Plaintiffs SANTA FE POINTE, LP, an Oklahoma limited partnership ("SFP"),

18  THEOTIS F. OLIPHANT ("Oliphant"), an individual, and RANT, LLC, a Delaware limited liability

19  company ("Rant") hereby submit the following objections to evidence cited by Defendants

20  GREYSTONE SERVICING CORPORATION, INC. ("Greystone Servicing") and GREYSTONE

21  CDE, LLC ("Greystone CDE") in support of their motion to transfer this case to the Southern District

22  of New York, and move to strike Defendants' evidence, as set forth below.

23  <u>***Lacks Personal Knowledge***</u>

24  <u>Declaration of Erik K. Swanholt</u>

25         Plaintiffs object to, and move to strike, Exhibit 3I and 3J attached to Defendants' Declaration of

26  Erik K. Swanholt on the ground that the declarant lacks personal knowledge, and the declarant has not

27  proffered any facts to indicate personal knowledge.

28

1  Exhibit 3I purports to be a true and correct copy of the Notice of Default letter dated August 21,
2  2007, and is being offered to show that it was sent on August 21, 2007 via Federal Express.  Declarant
3  lacks personal knowledge as to whether the Notice of Default letter was sent on August 21, 2007 via
4  Federal Express.  Further, declarant has not offered any preliminary facts to indicate personal
5  knowledge.
6  Exhibit 3J purports to be a true and correct copy of the Notice of Acceleration letter dated
7  September 18, 2007, and is being offered to show that it was sent on September 18, 2007 via overnight
8  delivery and e-mail.  Declarant lacks personal knowledge as to whether the Notice of Acceleration was
9  sent on September 18, 2007 via email or overnight delivery.  Further, declarant has not offered any
10 preliminary facts to indicate personal knowledge.

11 ***Lacks Relevance***

12 Declaration of Erik K. Swanhold

13 Plaintiffs object to, and move to strike, Exhibit 4, attached to Defendant's Declaration of Erik K.
14 Swanhold in support of their Motion to Transfer Venue, on the ground that it lacks relevance in that
15 the proffered evidence does not tend to make the existence of any fact that is of consequence  to the
16 determination of the action more probable or less probable that it would be without the evidence.

17 Exhibit 4 purports to be a true and correct copy of the Service of Process Transmittal from CT
18 Corporation to Greystone with a receipt stamp of September 27, 2007.   It is being offered to prove
19 that the date Greystone first learned of Plaintiffs action was September 27, 2007.  A "receipt stamp" is
20 not probative of when Greystone first learned of Plaintiffs' action, and therefore, it is irrelevant.

21 Declaration of Mathew James

22 Plaintiffs object to, and move to strike, paragraph 10 of the Declaration of Mathew James.
23 Paragraph 11 is being offered to prove that transfer will serve the convenience of the parties.
24 Documents and other physical evidence relating to Plaintiffs claims located in states other than New
25 York or California are not probative of showing convenience for the parties.  The declarant has
26 offered no preliminary facts as to what documents, or other physical evidence is located outside of New
27 York and/or California.  Paragraph 10 is therefore not probative of proving that transfer of the action
28 to New York will serve the convenience of the parties, and therefore irrelevant, and should be stricken.

*Santa Fe Pointe, LP, et al v. Greystone Servicing Corporation, Inc., et al.* - 2
Plaintiffs' Objections to Defendants' Evidence
Farber & Company Attorneys, P.C.

*<u>Hearsay</u>*

<u>Declaration of Erik K. Swanholt</u>

Plaintiffs object to, and move to strike Exhibit 4, attached to Defendants' Declaration of Erik K. Swanholt in support of their Motion to Transfer Venue, on the ground that it is hearsay offered for the truth of the matter. Exhibit 4 purports to be a true and correct copy of the Service of Process Transmittal from CT Corporation to Greystone with a receipt stamp of September 27, 2007. It is being offered to prove that it was received on September 27, 2004.

Hearsay evidence is inadmissible except as otherwise provided by law. Declarant has provided no evidence of preliminary facts sufficient to establish an exception to the hearsay rule for the document(s) contained in these Exhibit 4, and each must therefore be stricken.

<u>Declaration of Mathew James</u>

Plaintiffs object to, and move to strike paragraph 11 of Defendants' Declaration of Mathew James in support of their Motion to Transfer Venue, on the ground that it is hearsay offered for the truth of the matter (that Oliphant borrowed $500,000.) The proffered evidence is not only hearsay evidence that is inadmissible, but is false, and inconsistent with the loan documents provided by Defendants.

DATED: November 30, 2007         FARBER & COMPANY ATTORNEYS, PC

By *Ann McFarland Draper*
Eric J. Farber, SBN 169472
Ann McFarland Draper, SBN 065669

Attorneys for Plaintiffs

---

*Santa Fe Pointe, LP, et al v. Greystone Servicing Corporation, Inc., et al.*                                              - 3
Plaintiffs' Objections to Defendants' Evidence
Farber & Company Attorneys, P.C.

<u>PROOF OF SERVICE</u>

I, ANN McFARLAND DRAPER, declare:

1. I am an attorney at law over the age of eighteen years of age and not a party to this action. My business address is 847 Sansome St., LL, San Francisco, CA 94111.

2. On November 30, 2007, I served true and correct copies of the foregoing pleading **PLAINTIFFS' OBJECTIONS TO DEFENDANTS' EVIDENCE PROFFERRED ON MOTION TO TRANSFER CASE TO SOUTHERN DISTRICT OF NEW YORK** on the interested parties by electronically filing such documents through the CM/ECF system of United States District Court for the Northern District of California, which will send electronic notification of such filing to the following registered users:

    Mark D. Kemple    mdkemple@jonesday.com

    Erik K. Swanholt    ekswanholt@jonesday.com

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed this 30th day of November 2007, at San Francisco, California.

*Ann McFarland Draper*
Ann McFarland Draper

---

*Santa Fe Pointe, LP, et al v. Greystone Servicing Corporation, Inc., et al.*     - 4
Plaintiffs' Objections to Defendants' Evidence
Farber & Company Attorneys, P.C.