1 | Eric J. Farber, SBN 169472
eric@farberandco.com
2 | Ann McFarland Draper, SBN 065669
ann.draper@farberandco.com
3 | FARBER & COMPANY ATTORNEYS, P.C.
847 Sansome Street, Ste. LL
4 | San Francisco, California 94111
Telephone 415.434.5320
5 | Facsimile 415.434.5380

6 | Attorneys for Plaintiffs Santa Fe Pointe,
LP, Santa Fe Management, LLC,
7 | Rant, LLC, and Theotis F. Oliphant

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

**(SAN FRANCISCO DIVISION)**

| | |
|---|---|
| SANTA FE POINTE, LP, et al, | Case No.: C07-05454 JCS |
| Plaintiffs, vs. | |
| GREYSTONE SERVICING CORPORATION, INC., et al, | **Hearing**<br>Date: February 8, 2008<br>Time: 9:30 a.m.<br>Courtroom: A (15th Floor) |
| Defendants. | Judge: Hon. Joseph C. Spero |

**DECLARATION OF DONALD N. DAVID**
**IN OPPOSITION TO DEFENDANTS' MOTION**
**TO TRANSFER CASE TO SOUTHERN DISTRICT OF NEW YORK**

---

*Santa Fe Pointe, LP, et al v. Greystone Servicing Corporation, Inc., et al.*
Declaration of Donald N. David
Farber & Company Attorneys, P.C.

# DECLARATION OF DONALD N. DAVID

I, DONALD N. DAVID, declare as follows:

1.  I am a resident of the State of New York over the age of eighteen (18) years. I am not a party to this action. I am one of the attorneys who appeared specially in the New York action on behalf of the Plaintiffs herein for the limited purpose of challenging, inter alia, the sufficiency of service. I make this declaration based upon my personal knowledge, except where alleged upon information and belief, and, if called to testify, I could and would competently testify to the matters set forth herein

2.  I was admitted to practice before the courts of the State of New York in 1973. I am also admitted to practice in the Eastern and Southern District Courts of New York, the Second and Third Circuit Courts of Appeal and the Supreme Court of the United States. Additionally, I have been admitted to practice *pro hac vice* in twenty-seven separate jurisdictions, including California, where I have appeared in both state and federal courts.

3.  .I am currently a shareholder of Akerman Senterfitt, LLP, a national law firm. My area of practice is commercial litigation, with a long standing focus on real estate.

4.  During the period from 1973 to February 1983, I was first an associate and then a partner in the firm then known as Podell, Rothman David and Schechter. That firm specialized in real estate and I rose to become its head of litigation. It was located in New York City.

5.  From February 1983 until August 1996, I was head of litigation at Dreyer and Traub. Dreyer and Traub was a single office, New York firm located in New York City. Ninety percent of the litigation was real estate oriented. During the period of time I was there, Dreyer and Traub averaged between 50 and 70 attorneys, half of which were real estate transactional attorneys and 40% of which were litigators. Among our clients were Peter Kalikow, a renowned New York developer, Donald Trump and Leona Helmsley, as well as a number of REITs, banks and other institutions.

6.  In August 1996 Dreyer and Traub merged with Fischbein Badillo Wagner Harding, another mid-sized New York real estate firm, this time with an emphasis on real estate litigation,

together with transactional and banking matters. Three years after we joined FBWH, I became head of litigation.

7. In November 1996 I started to represent an estate with its major assets located in California. As a result, I interacted on virtually a constant basis with California law firms, mostly located in Los Angeles and, occasionally, in San Francisco. In some instances I merely supervised their work, in other instances I actually appeared *pro hac vice*. As a result, I became familiar with the comparative rates among New York law firms, Los Angeles law firms and San Francisco law firms.

8. In 2000 I began to represent the primary beneficiary under a trust, the main assets of which were located in California. As a result, I worked with firms located in both Los Angeles and San Francisco, but also extended my experience to San Diego. The major assets of that trust were real estate assets located within California.

9. On March 21, 2005, I joined Cozen O'Connor, a national law firm with office in San Diego, Los Angeles and San Francisco. As a result I became familiar with the rates charged in all three offices, as well as New York.

10. On July 2, 2007, I joined Akerman Senterfitt as the head of the commercial litigation team in the New York office. Akerman has an office in Los Angeles, but not in either of the other two cities.

11. My current rate is $690 per hour. For the previous two years, my rate was $640 per hour.

12. Based on my experience, it is clear that among the three cities the rates charged in the area of commercial litigation for attorneys of similar experience, background and experience are highest in New York, marginally lower in Los Angeles and significantly lower in San Francisco.

13. Thus, based upon my personal experience at Cozen and Akerman, partners in commercial litigation at my level charge between $600 to $710 per hour in New York. In Los Angeles, the charges for non-insurance matters ranged between $550 to $630. The range for partners in San Francisco for the same period, for non-insurance cases, based upon Cozen alone was $325 to $575. These rates were also confirmed based upon my dealings with local counsel.

{NY022473;1}
*Santa Fe Pointe, LP, et al v. Greystone Servicing Corporation, Inc., et al.* - 2
Declaration of Donald N. David
Farber & Company Attorneys, P.C.

14. Hourly rates for associates in San Francisco, based on the same criteria, ranged from $160 to $350 per hour. Again, this was confirmed based on my experience with local counsel. In Los Angeles the rates ranged from $200 to $425. And, in New York, the range is from $275 to $450.

15. Thus, based upon my experience, it is my opinion that there is no question but that the cost for attorneys' fees for litigating a case of similar nature and complexity, with counsel of equivalent experience, background and reputation, is significantly higher in New York than it is in San Francisco.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed this 30th day of November, 2007, at New York City, State of New York.

Donald N. David

<u>PROOF OF SERVICE</u>

I, ANN McFARLAND DRAPER, declare:

1. I am an attorney at law over the age of eighteen years of age and not a party to this action. My business address is 847 Sansome St., LL, San Francisco, CA 94111.

2. On November 30, 2007, I served true and correct copies of the foregoing pleading **DECLARATION OF DONALD N. DAVID IN OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER CASE TO SOUTHERN DISTRICT OF NEW YORK** on the interested parties by electronically filing such documents through the CM/ECF system of United States District Court for the Northern District of California, which will send electronic notification of such filing to the following registered users:

    Mark D. Kemple    mdkemple@jonesday.com

    Erik K. Swanholt    ekswanholt@jonesday.com

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed this 30th day of November 2007, at San Francisco, California.

*Ann McFarland Draper*
Ann McFarland Draper

---

*Santa Fe Pointe, LP, et al v. Greystone Servicing Corporation, Inc., et al.*
Declaration of Donald N. David
Farber & Company Attorneys, P.C.