1  Mark D. Kemple (State Bar No. 145219)
   Erik K. Swanholt (State Bar No. 198042)
2  JONES DAY
   555 South Flower Street
3  Fiftieth Floor
   Los Angeles, CA  90071-2300
4  Telephone:    (213) 489-3939
   Facsimile:    (213) 243-2539
5  Email: mkemple@jonesday.com
   Email: ekswanholt@jonesday.com
6
   Attorneys for Defendants
7  Greystone Servicing Corporation, Inc., and Greystone
   CDE, LLC
8

9                    UNITED STATES DISTRICT COURT

10                   NORTHERN DISTRICT OF CALIFORNIA

11                       (SAN FRANCISCO DIVISION)

12

| 13 | SANTA FE POINTE, LP, an Oklahoma limited partnership; SANTA FE MANAGEMENT, LLC, an Oklahoma limited liability company; RANT, LLC, a Delaware limited liability company; and THEOTIS F. OLIPHANT, an individual, | CASE NO. C 07-05454 JCS |
|---|---|---|
| | | Assigned for all purposes to the Honorable Joseph C. Spero |
| | Plaintiffs, | **DEFENDANTS' RESPONSE TO "PLAINTIFFS' OBJECTIONS TO DEFENDANTS' EVIDENCE PROFFERRED [SIC] ON MOTION TO TRANSFER CASE TO SOUTHERN DISTRICT OF NEW YORK"** |
| | v. | |
| | GREYSTONE SERVICING CORPORATION, INC., a Georgia corporation; GREYSTONE CDE, LLC, a Delaware limited liability company, and DOES 1 through 100, inclusive, | |
| | Defendants. | Date:   February 8, 2008<br>Time:   9:30 a.m.<br>Ctrm:   A (15th Floor) |

## I. INTRODUCTION

Concurrent with their opposition (doc. # 16) to Defendants' motion to transfer, Plaintiffs have filed a separate document (doc. # 17) entitled "Plaintiffs' Objections to Defendants' Evidence Proffered [sic] on Motion to Transfer Case to Southern District of New York" in which they "move to strike" portions of Defendants' supporting declarations and exhibits. Initially, it is unclear to Defendants why Plaintiffs have raised their objections in the form of an independent motion rather than in their opposition brief, as they should have, but for the fact that they could not have done so without exceeding their page limitation. Plaintiffs also fail to adequately explain on what legal basis, substantively and procedurally, they "move to strike" Defendants' declarations and exhibits, as their document does not cite a single case, statute, or rule from either the Federal Rules of Evidence or the Federal Rules of Civil Procedure.[1] As Defendants will show in this response, there is no legitimate basis to any of Plaintiffs objections, which Plaintiffs have only raised to obfuscate the relevant facts on this motion, all of which compel transfer— *e.g.*, their agreement to New York forum selection and choice of law provisions, and the pending litigation against them in the Southern District of New York for recovery of their obligation under the Bridge Loan documents.

## II. ARGUMENT

Plaintiffs contend that (1) the Service of Process Transmittal from CT Corporation to Greystone with a receipt stamp of September 27, 2007, submitted as Exhibit 4 to the Declaration of Erik K. Swanholt (doc. # 10), should not be considered because it is purportedly irrelevant hearsay; (2) paragraph 10 of the Declaration of Matthew James[2] (doc. # 10), relating to the location of sources of proof, should not be considered for lack of relevance; (3) paragraph 11 of the Declaration of Matthew James (doc. # 10), relating to the fact that Plaintiff Oliphant borrowed $500,000 from Greystone, should not be considered because it is hearsay and supposedly false; and

---

[1] A motion to strike pursuant to Rule 12(f) of the Federal Rules of Civil Procedure would not be the appropriate procedural vehicle for Plaintiffs' request here, because, by its terms, Rule 12(f) applies only to pleadings, not declarations and exhibits. *See* Fed. R. Civ. P. 12(f); *see also Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983); Charles Alan Wright & Arthur R. Miller, 5C Federal Practice & Procedure § 1380 (3d ed. 2005) (Rule 12(f) is "neither an authorized nor a proper way. . . to strike an opponent's affidavits.").

[2] For purposes of this response, all references to the declarations of Erik K. Swanholt and Matthew James refer to those declarations previously filed with Defendants' motion to transfer venue (doc. # 10).

1  (4) the Notice of Default and Notice of Acceleration letters sent by Greystone to Plaintiffs,
2  submitted as Exhibits 3I and 3J to the Declaration of Erik Swanholt (doc. # 10), should be stricken
3  due to a purported lack of personal knowledge as to the delivery method. Plaintiffs cite no
4  authority in support of their legal conclusions, nor can they, because their objections are baseless.

5       **A.**     **The Service of Process Transmittal Is Relevant and Is Not Barred by the**
6            **Hearsay Rule.**

7       Plaintiffs contend that the Service of Process Transmittal bearing a receipt stamp of
8  September 27, 2007 "is not probative of when Greystone first learned of Plaintiffs' action." *See*
9  Objections (doc. # 17) at 2. In the alternative, they claim that the Service of Process Transmittal is
10 hearsay, and should not be considered. *Id.* at 3. While taking this stance, Plaintiffs still do not
11 explain why they deliberately maintained the pendency of their action under the cloak of secrecy
12 while they and their counsel, who represent them also in this action, attempted to negotiate with
13 Greystone for forbearance on their obligation under the Bridge Loan documents. Their silence is
14 deafening and, as explained below, their evidentiary objections have no merit.

15      "'Relevant evidence' means evidence having any tendency to make the existence of any
16 fact that is of consequence to the determination of the action more probable or less probable than it
17 would be without the evidence." Fed. R. Evid. 401. Quite the contrary to Plaintiffs' contention, it
18 is difficult to come to any conclusion other than that the Service of Process Transmittal has a
19 tendency to prove when Greystone first learned of Plaintiffs' action, and is therefore relevant.

20      Acknowledging this, Plaintiffs argue that the Service of Process Transmittal is hearsay not
21 within any exception. Plaintiffs are wrong here as well. Even if regarded as hearsay, the Service
22 of Process Transmittal is well within the parameters of the hearsay exception for records of
23 regularly conducted activity, because it was "made at or near the time by, or from information
24 transmitted by, a person with knowledge, . . . kept in the course of a regularly conducted business
25 activity, and . . . it was the regular practice of [CT Corporation] to make the memorandum, report,
26 record or data compilation." *See* Fed. R. Evid. 803(6). Indeed, establishing *when* an entity has
27 been served with a summons and complaint is arguably CT Corporation's most important role.
28 Therefore, Plaintiffs' evidentiary objections aside, the Service of Process Transmittal is appropriate

evidence for the Court's consideration in deciding Defendants' motion to transfer venue.

### B. The Location of Sources of Proof Is Relevant.

Plaintiffs acknowledge that relevant documents and other physical evidence are located in New York, see Objections (doc. # 17) at 2:26-27, but contend that Defendants have not provided sufficient information for them to understand what other documents are located outside California. As explained in Defendants' motion and supported by the Declaration of Matthew James (doc. # 10), numerous parties who have performed services in connection with Oliphant's Santa Fe project are located throughout the country in locations nearer to New York than California. [See James Decl. (doc. # 10), ¶¶ 2-3, 6-10, 12-13]. The nature of the relevant documents are easily ascertained by the roles of the various individuals in the underwriting process, HUD application, "workout" negotiations, and other matters relating to the Santa Fe project. As such, it is not necessary at this stage of the proceedings to produce an exhaustive schedule of the anticipated sources of proof to quell Plaintiffs' professed curiosity concerning facts about which they are undoubtedly already aware. Therefore, paragraph 10 of the Declaration of Matthew James (doc. # 10) is relevant and appropriate for the Court's consideration in resolving Defendants' motion to transfer venue.

### C. Plaintiffs Borrowed $500,000 from Greystone and Have Defaulted on that Obligation – of This There Is No Doubt.

Plaintiffs challenge the assertion that, "[i]n December of 2005, Oliphant borrowed $500,000 in bridge financing from Greystone," claiming that this statement in the Declaration of Matthew James "is not only hearsay evidence that is inadmissible, but is false, and inconsistent with loan documents provided by Defendants." Objections (doc. # 17) at 3. As regards the supposed falsity of that statement, Plaintiffs' argument is too smart by half, having already acknowledged in their filings that the amount borrowed was indeed $500,000. It seems with their objections, Plaintiffs intend to merely clarify that Oliphant did not *directly* borrow and abscond with $500,000 in loan proceeds from Greystone, but did so *indirectly* through his special purpose Santa Fe entities— a point hardly worth mentioning, let alone a basis for an evidentiary objection raised by separate motion. Notwithstanding, Plaintiffs' sophistry does not diminish the substantial

accuracy of the statement insofar as Oliphant was undeniably the only natural person to sign the Bridge Loan documents and the beneficiary of the proceeds thereunder.

Plaintiffs' hearsay objection is equally unfounded. "'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). Plaintiffs fail to explain what aspect of the statement that "Oliphant borrowed $500,000 in bridge financing from Greystone," which was made based on the personal knowledge of Matthew James, constitutes hearsay. It is his own statement to which he would testify competently if called upon to do so. [*See* James Decl. (doc. # 10), ¶¶ 1, 10.] Moreover, to the extent that the same facts are expressed in the Bridge Loan documents, the terms therein are not hearsay by virtue of their independent legal significance. In short, there is nothing "false" or "inconsistent" about the statement that "Oliphant borrowed $500,000 in bridge financing from Greystone," it is not hearsay, and it is therefore appropriate for the Court's consideration in ruling upon Defendants' motion to transfer venue.

**D.     The Notice of Default and Notice of Acceleration Letters are Admissible.**

Finally, Plaintiffs contend that the Notice of Default and Notice of Acceleration letters sent by Greystone to Plaintiffs, attached as Exhibits 3I and 3J to the Declaration of Erik Swanholt, should be stricken because counsel lacks personal knowledge as to the method of delivery for those letters. Objection (doc. # 17) at 1-2. As indicated, those letters were exhibits to Greystone CDE, LLC's first amended complaint in the New York action. [*See* Swanholt Decl. (doc. # 10), ¶ 11-12.] Therefore, they are apt for judicial notice pursuant to Rule 201 of the Federal Rules of Evidence as matters of public record in a related proceeding. *See United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (noting that the court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.") (internal quotation and citation omitted). Moreover, it is unnecessary for counsel to have personal knowledge of the method of delivery when it is easily inferred from the face of the documents and, more importantly, *admitted in Plaintiffs' first amended complaint. See, e.g.*, Notice (doc. #1), Ex. A2 ¶¶ 45 ("The August 21 default letter was transmitted by FedEx to Oliphant at his address in California."). In sum,

1  Plaintiffs have no genuine or legitimate objection.

2  **III.  CONCLUSION**

3  After having developed the law that is noticeably absent from Plaintiffs' filing (doc. # 17), it is apparent that there is no principled basis for their evidentiary challenges, especially as they have objected in some instances to facts acknowledged by them *in their own filings*. Nevertheless, if the Court were to consider Plaintiffs' objections (doc. # 17) as a separate motion, Defendants have voiced their opposition. For all of the foregoing reasons, Plaintiffs' evidentiary objections should be overruled, and all of the evidence offered in support of Defendants' motion to transfer venue (doc. # 10) is appropriate for the Court's consideration in ruling on that motion. Defendants reserve the right to raise evidentiary objections to Plaintiffs' evidence supplied with their opposition at the hearing on the underlying motion.

Accordingly, Defendants respectfully request that this Court overrule Plaintiffs' evidentiary objections and, in consideration of the evidence, grant Defendants' motion to transfer this action to the Southern District of New York where it may be consolidated with the pending litigation concerning the obligations of Oliphant and his Santa Fe entities under the Bridge Loan documents.

Dated: December 14, 2007

JONES DAY

By: _____
Mark D. Kemple
Erik K. Swanholt

Attorneys for Defendants Greystone Servicing Corporation, Inc. and Greystone CDE, LLC

# CERTIFICATE OF SERVICE

I, Jean E. Asuncion, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 555 South Flower Street, Fiftieth Floor, Los Angeles, California 90071-2300. On December 14, 2007, I served a copy of the within document(s):

**DEFENDANTS' RESPONSE TO "PLAINTIFFS' OBJECTIONS TO DEFENDANTS' EVIDENCE PROFFERRED [SIC] ON MOTION TO TRANSFER CASE TO SOUTHERN DISTRICT OF NEW YORK"**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐ by placing the document(s) listed above in a sealed _____ envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a _____ agent for delivery.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

☒ by electronically filing such document(s) through the United States District Court for the Northern District of California CM/ECF which will send electronic notification of such filing to the following registered users:

Eric J. Farber, Esq.              *Attorneys for Plaintiffs*
Ann McFarland Draper, Esq.
FARBER & COMPANY
ATTORNEYS, LLP
847 Sansome St., Suite LL
San Francisco, CA 94111
Phone: (415) 434-5320
Fax: (415) 434-5380

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on

motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on December 14, 2007, at Los Angeles, California.

_____
Jean E. Asuncion