Mark D. Kemple (State Bar No. 145219)
Erik K. Swanholt (State Bar No. 198042)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, CA  90071-2300
Telephone:     (213) 489-3939
Facsimile:      (213) 243-2539
Email: mkemple@jonesday.com
Email: ekswanholt@jonesday.com

Attorneys for Defendants
Greystone Servicing Corporation, Inc., and Greystone
CDE, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## (SAN FRANCISCO DIVISION)

| | |
|---|---|
| SANTA FE POINTE, LP, an Oklahoma limited partnership; SANTA FE MANAGEMENT, LLC, an Oklahoma limited liability company; RANT, LLC, a Delaware limited liability company; and THEOTIS F. OLIPHANT, an individual,<br><br>        Plaintiffs,<br><br>    v.<br><br>GREYSTONE SERVICING CORPORATION, INC., a Georgia corporation; GREYSTONE CDE, LLC, a Delaware limited liability company, and DOES 1 through 100, inclusive,<br><br>        Defendants. | **CASE NO. C 07-05454 JCS**<br><br>Assigned for all purposes to the Honorable Joseph C. Spero<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION FOR ADMINISTRATIVE RELIEF RE: CONTINUANCE OF INITIAL CASE MANAGEMENT CONFERENCE; AND DECLARATION OF ERIK K. SWANHOLT**<br><br>[[Proposed] Order filed concurrently herewith]<br><br>(Submitted for immediate determination without hearing under Civil L.R. 7-11(c)) |

1    **NOTICE OF MOTION AND MOTION FOR ADMINISTRATIVE RELIEF**

2    **TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

3    **PLEASE TAKE NOTICE** that Defendants Greystone Servicing Corporation, Inc. and

4    Greystone CDE, LLC (collectively, "Defendants" or "Greystone") will, and hereby do, move the

5    Court for an order modifying the Clerk's notice regarding the hearing date (doc. # 14) so that (1)

6    the initial case management conference ("CMC") will be continued until Friday February 29, 2008

7    at 1:30 p.m. or until a date and at a time to be designated by the Court as its calendar requires and

8    (2) allowing the parties until February 22, 2008 to submit their joint case management conference

9    statement.  Counsel acknowledges that this motion for administrative relief will be deemed

10   submitted for immediate determination without hearing on December 21, 2007.  Civil L.R. 7-11(c).

11   The administrative relief sought by this motion will become moot if heard on a regular motion

12   schedule.  Otherwise, counsel requests, pursuant to Civil Local Rule 7-1(b), that the Court decide

13   this matter without oral argument.  If the Court determines that oral argument will be beneficial to

14   its consideration of this request, counsel asks that the parties be heard by telephonic conference.

15       The motion is made pursuant to Civil Local Rule 16-2(d) on the grounds that (i) the CMC

16   will be unnecessary if the Court grants Defendants' Motion to Transfer (doc. # 10), (ii) the parties

17   are engaged in another nearly identical matter in the Southern District of New York (the venue to

18   which Defendants seek to transfer this matter) and (iii) the parties will not suffer any prejudice by a

19   brief continuance as it is still very early in the proceedings of this case.  The motion is based upon:

20   this Notice; the attached Memorandum of Points and Authorities; the declaration of Erik K.

21   Swanholt; such matters which the Court may consider by way of judicial notice; the pleadings and

22   the records on file herein; and such further written and oral evidence and argument as may be

23   presented at the time of the hearing.

24   DATED: December 17, 2007                JONES DAY

25

26                                          By: /s/_____
                                                    Mark D. Kemple
27                                                  Erik K. Swanholt

28                                          Attorneys for Defendants Greystone Servicing
                                            Corporation, Inc. and Greystone CDE, LLC

1   I.      **INTRODUCTION**

2           On behalf of Defendants Greystone Servicing Corporation, Inc. and Greystone CDE, LLC

3   (collectively "Defendants" or "Greystone"), pursuant to Civil Local Rules 7-11 and 16-2(d),

4   counsel requests administrative relief from the Clerk's notice of November 14, 2007 (doc. # 14)

5   setting the date for the initial case management conference ("CMC").  Specifically, counsel

6   requests that the initial CMC, presently set for February 8, 2008, be continued until a date after

7   which the Court has ruled on Defendants' pending Motion to Transfer (doc. # 10), the hearing for

8   which is also set for February 8, 2008.

9   II.     **CIRCUMSTANCES SUPPORTING THIS REQUEST**

10          As explained more fully in Defendants' Motion to Transfer, each Plaintiff in this action

11  "irrevocably and unconditionally" agreed that if a dispute should arise between the parties pursuant

12  to certain agreements the Plaintiffs would (1) submit to personal jurisdiction in New York, (2)

13  waive any objection to the laying of venue there, and (3) have the agreements upon which this

14  action is based governed by New York law.  Mot. (doc. # 10) at 2.  Notwithstanding, Plaintiffs

15  chose to bring this action in the Superior Court of California for Alameda County.  Defendants

16  removed the action to this Court, and have moved to have it transferred to its appropriate venue in

17  the Southern District of New York where a matter involving the same parties and a material part of

18  the same subject matter is already pending.  Defendants' Motion to Transfer was originally set to

19  be heard on December 14, 2007 but was rescheduled, *sua sponte* by the Court, to February 8, 2008.

20          At the time the Court reset the hearing on Defendants' Motion to Transfer, the initial CMC

21  was set for February 1, 2008.  The Clerk of the Court thereafter consolidated the two hearings to

22  February 8, 2008.

23          Given the nature of Defendants' Motion to Transfer, it makes sense to continue the initial

24  CMC to a date by which the Court will have ruled on that Motion.  A continuance of the CMC here

25  is appropriate because (i) the CMC will be unnecessary if the Court grants Defendants' Motion to

26  Transfer, (ii) the parties are engaged in another nearly identical matter in the Southern District of

27  New York (the venue to which Defendants seek to transfer this matter) and (iii) the parties will not

28  suffer any prejudice by a brief continuance as it is still very early in the proceedings of this case.

1    Upon learning that the CMC and Motion had been rescheduled to the same date,

2    Defendants immediately contacted Plaintiffs' counsel and requested a stipulation for a short

3    continuance of the hearing for the CMC.  Sadly, and without good cause, Plaintiffs' counsel

4    rejected Defendants' request for this simple courtesy.

5    The parties initially met and conferred via telephone and then continued via e-mail.  In the

6    parties' meet and confer communications, after Plaintiffs expressed reluctance to stipulate,

7    Defendants advised that the Motion to Transfer is colorable and may result in the transfer of this

8    matter to New York.  This is true because, as stated in Defendants' Motion to Transfer, the

9    contracts at issue in this case, the convenience of the witnesses, the location of the sources of proof

10   and the lack of any connection between California and the operative facts in this matter, all support

11   transfer to New York.  Given the possibility that the Motion could be granted, Defendants

12   suggested that conducting Rule 26 efforts before the Motion is ruled upon makes no sense because,

13   if transferred, the parties would have engaged in unnecessary efforts.  Further, given that the parties

14   are engaged in a separate matter in New York where the parties will engage in that case's version

15   of a Rule 26 conference, the parties are well advised to avoid duplicating efforts and unnecessarily

16   expending resources associated with those efforts.  Further, Defendants pointed out that in the

17   event this matter is transferred, this Court will not be required to expend any resources at all in

18   receiving and reviewing the parties' Rule 26 submissions or in preparing for the parties' Rule 26

19   conference.

20   In response, and in recognition of the fact that having these hearings on the same date

21   makes little sense, Plaintiffs agreed to stipulate to move the Motion to Transfer to a date earlier

22   than the CMC.  Unfortunately, the Court had no earlier dates available for the Motion hearing.

23   Despite recognizing the need for these hearings to proceed separately, Plaintiffs continued to refuse

24   to stipulate to continuing the CMC.  In response to Plaintiffs' refusal, Defendants' counsel asked

25   Plaintiffs' counsel to identify any prejudice that might be suffered by the slight delay.  Plaintiffs

26   stated simply that they had no interest in "sit(ting) around" until the CMC because they thought it

27   was "important to get started on disclosures and discovery."  [Swanholt Decl., ¶ 5, Ex. 1.]  These

28   concerns do not constitute prejudice.  Nevertheless, Plaintiffs refusal to stipulate to the short

1    continuance requested has forced Defendants to file this motion for administrative relief.

2         Defendants therefore request that the Court enter an order modifying the Clerk's notice

3    (doc. # 14) so that (1) the initial CMC will be continued until Friday February 29, 2008 at 1:30

4    p.m. or until a date and at a time to be designated by the Court as its calendar requires and (2) the

5    parties will be allowed until February 22, 2008 to submit their joint case management conference

6    statement.

7    **III.    AFFIRMATION REGARDING EFFORTS TO MEET AND CONFER**

8         Defendants' counsel affirms that he has conferred with Plaintiffs' counsel in an effort to

9    reach an agreement about this matter, and, as discussed above, regrettably reports that Plaintiffs

10   refused to stipulate to the requested relief.  Defendants' counsel explained the reasons supporting

11   this request and asked for a stipulation from Plaintiffs' counsel in a telephone conversation on

12   November 16, 2007.  After leaving a voice message for Plaintiffs' counsel on November 19, 2007,

13   and sending an e-mail on November 24, 2007, the undersigned finally received an e-mail from

14   Plaintiffs' counsel on November 26, 2007 (1) indicating that Plaintiffs would not stipulate to a

15   continuance of the CMC, and (2) threatening that Plaintiffs "will likely cross-move for early

16   discovery and disclosures" if Defendants moved for a continuance of the CMC.  [*See* Swanholt

17   Decl. ¶¶  2-5.]

18   **IV.    PROPOSED REVISION TO CASE MANAGEMENT SCHEDULE**

19        Pursuant to Civil Local Rule 16-2(d)(3), Defendants propose that the case management

20   schedule be revised by an order modifying the Clerk's notice (doc. # 14) setting the initial CMC so

21   that the final paragraph will read as follows:

22             YOU ARE HEREBY FURTHER NOTIFIED THAT the case
             management conference, previously noticed for February 8, 2008,
23           at 1:30 p.m., has been reset ~~TO THE SAME DAY, at 9:30 a.m.,~~
             ~~preceding oral argument on the Motion to Transfer Case~~ to
24           February 29, 2008, at 1:30 p.m.  The joint case management
             conference statement shall be due by February ~~1~~ 22, 2008.  All
25           counsel and parties shall report to Courtroom A, 15th Floor, 450
             Golden Gate Avenue, San Francisco, California. Any party
26           requesting a continuance shall submit a stipulation and proposed
             order.

27

28

1  **V.    <u>CONCLUSION</u>**

2          For the foregoing reasons, Defendants respectfully ask that the Court enter an order

3  granting Defendants' motion for administrative relief and modifying the Clerk's notice regarding

4  the hearing date (doc. # 14) so that (1) the initial CMC will be continued until Friday February 29,

5  2008 at 1:30 p.m. or until a date and at a time to be designated by the Court as its calendar requires

6  and (2) allowing the parties until February 22, 2008 to submit their joint case management

7  conference statement.

8      Dated:  December 17, 2007                    JONES DAY

9

10                                                 By:  /s/
                                                        _____
11                                                       Mark D. Kemple
                                                         Erik K. Swanholt
12                                                  Attorneys for Defendants Greystone Servicing
                                                    Corporation, Inc. and Greystone CDE, LLC
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

### DECLARATION OF ERIK K. SWANHOLT

3    I, Erik K. Swanholt, declare and state as follows:

4         1.       I am an associate with the law firm of Jones Day, counsel of record for Defendants

5    Greystone Servicing Corporation, Inc. and Greystone CDE, LLC in the above-entitled matter.  I

6    have personal and first-hand knowledge of the facts set forth in this Declaration, and if called and

7    sworn as a witness, I could and would testify competently to those facts.

8         2.       On November 16, 2007, I spoke by telephone with Ann Draper, counsel for

9    Plaintiffs.  I requested that Plaintiffs stipulate to a continuance of the initial case management

10   conference until after the Court's ruling on the pending motion to transfer, so as to avoid the

11   danger of wasting the resources of the Court and the parties.  Ms. Draper asked for some time to

12   consider her response.

13        3.       On November 19, 2007, I left a voice message with Ms. Draper following up on

14   our conversation regarding the requested stipulation.

15        4.       On November 24, 2007, having heard no response from Plaintiffs' counsel, I sent

16   an e-mail to Ms. Draper following up on the prior telephone conversation and the voice message

17   regarding the requested stipulation.

18        5.       On November 26, 2007, I received an e-mail from Ms. Draper (1) indicating that

19   Plaintiffs would not stipulate to a continuance of the initial case management conference, and (2)

20   threatening that Plaintiffs "will likely cross-move for early discovery and disclosures" if

21   Defendants were to move for a continuance.  Attached hereto as Exhibit 1 is a true and correct

22   copy of the aforementioned e-mail communications between myself and Ms. Draper.

23        I declare under penalty of perjury under the laws of the United States that the foregoing is

24   true and correct, and that this declaration was executed in Los Angeles, California on December

25   17, 2007.

26                                          /s/
                                    _____
27                                          Erik K. Swanholt

28

LAI-2920927v1                          1                    Declaration of Erik K. Swanholt

C 07-05454 JCS

1  Mark D. Kemple (State Bar No. 145219)
   Erik K. Swanholt (State Bar No. 198042)
2  JONES DAY
   555 South Flower Street
3  Fiftieth Floor
   Los Angeles, CA  90071-2300
4  Telephone:    (213) 489-3939
   Facsimile:    (213) 243-2539
5  Email: mkemple@jonesday.com
   Email: ekswanholt@jonesday.com
6
   Attorneys for Defendants
7  Greystone Servicing Corporation, Inc., and Greystone
   CDE, LLC
8

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11               (SAN FRANCISCO DIVISION)

12

13 | SANTA FE POINTE, LP, and Oklahoma | CASE NO. C 07-05454 JCS
   limited partnership; SANTA FE
14 MANAGEMENT, LLC, an Oklahoma limited | **Assigned for all purposes to the**
   liability company; RANT, LLC, a Delaware | **Honorable Joseph C. Spero**
15 limited liability company; and THEOTIS F.
   OLIPHANT, an individual, | **[PROPOSED] ORDER GRANTING**
16                                             | **DEFENDANTS' MOTION FOR**
                                               | **ADMINISTRATIVE RELIEF RE:**
                    Plaintiffs,                | **CONTINUANCE OF INITIAL CASE**
17                                             | **MANAGEMENT CONFERENCE**
           v.
18                                             | **[Defendants' Notice of Motion and**
   GREYSTONE SERVICING                         | **Motion for Administrative Relief re:**
19 CORPORATION., a Georgia corporation; | **Continuance of Initial Case**
   GREYSTONE CDE, LLC, a Delaware            | **Management Conference;**
20 limited liability company; and DOES 1    | **Memorandum of Points and**
   through 100 inclusive,                    | **Authorities and Supporting**
21                                             | **Declarations Filed Concurrently**
                    Defendants.               | **Herewith]**
22

23

24

25

26

27

28

LAI-2920947v1

1      On December 17, 2007, the motion of Defendants Greystone Servicing Corporation, Inc.

2   and Greystone CDE, LLC ("Defendants") requesting administrative relief in the form of a

3   continuance of the initial case management conference was submitted to the above-entitled Court

4   before the Honorable Joseph C. Spero, United States Magistrate Judge presiding.  Pursuant to Civil

5   Local Rule 7-11(c), the Court finds the matter suitable for decision without oral argument.

6      After consideration of the moving and opposing papers, if any, filed in connection with this

7   Motion, and finding good cause therefore,

8      IT IS HEREBY ORDERED that:

9        6.      Defendants' motion for continuance of initial case management conference is

10               GRANTED;

11       7.      The Clerk's notice (doc. # 14) setting the initial case management conference is

12               modified so that the final paragraph will read as follows:

13               YOU ARE HEREBY FURTHER NOTIFIED THAT the case
                 management conference, previously noticed for February 8, 2008,
14               at 1:30 p.m., has been reset ~~TO THE SAME DAY, at 9:30 a.m.,~~
                 ~~preceding oral argument on the Motion to Transfer Case~~ to
15               February 29, 2008, at 1:30 p.m.  The joint case management
                 conference statement shall be due by February ~~1~~ 22, 2008.  All
16               counsel and parties shall report to Courtroom A, 15th Floor, 450
                 Golden Gate Avenue, San Francisco, California. Any party
17               requesting a continuance shall submit a stipulation and proposed
                 order.
18

19
    DATED:      _____, 2007
20

21                                                    _____
                                                      Honorable Joseph C. Spero
22                                                    United States District Court,
                                                      Northern District of California
23

24

25

26

27

28