Eric J. Farber, SBN 169472
Ann McFarland Draper, SBN 065669
FARBER & COMPANY ATTORNEYS, P.C.
847 Sansome Street, Ste. LL
San Francisco, California 94111
Telephone: 415.434.5320
Facsimile: 415.434.5380
Email: eric@farberandco.com
Email: ann.draper@farberandco.com

Attorneys for Plaintiffs Santa Fe Pointe,
LP, Santa Fe Management, LLC,
Rant, LLC, and Theotis F. Oliphant

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA**

**(SAN FRANCISCO DIVISION)**

| | |
|---|---|
| SANTA FE POINTE, LP, et al,<br><br>Plaintiffs,<br><br>vs.<br><br>GREYSTONE SERVICING CORPORATION, INC., et al,<br><br>Defendants. | Case No.: C07-05454 JCS<br><br>**PLAINTIFFS' <u>OPPOSITION</u> TO DEFENDANTS' MOTION TO DELAY CASE MANAGEMENT CONFERENCE; AND <u>CROSS-MOTION</u> TO ADVANCE THE HEARING ON DEFENDANTS' MOTION TO TRANSFER AND ALLOW DISCOVERY**<br><br>No Hearing Scheduled [Civil L.R. 7-11(c)] |

Putting aside Defendants' inappropriate attempt to reargue (in this application) the merits of their motion to transfer – a motion which Plaintiffs vigorously dispute – Defendants' application for administrative relief boils down to a request to delay the Initial Case Management Conference ("Initial CMC") until after this Court has ruled on Defendants' motion to transfer this case to New York.

The real reason Defendants want to delay the Initial CMC is to help move their later-filed New York case further along while delaying the onset of discovery in this action – all for the purpose of bolstering Defendants' claim that the entire matter should be transferred to New York. The interests of justice are hardly served by such machinations.

A delay of Initial CMC is prejudicial to Plaintiffs because it delays the Rule 26(f) conference and puts disclosure and discovery in this case on hold. Plaintiffs commenced this action on September 7, 2007, and should not have to wait five (5) months to begin discovery. Plaintiffs are ready to start

---

*Santa Fe Pointe, LP, et al v. Greystone Servicing Corporation, Inc., et al.*  - 1
Plaintiffs' Opposition to Application to Delay Initial CMC; and Cross-Motion
Farber & Company Attorneys, P.C.

disclosure and discovery so that they can develop and prepare their case for trial. Delay in the Initial CMC not only places this action on hold until February, but facilitates Defendants' forum shopping strategy by allowing them to push the later-filed New York case on a rocket docket. This Court should not only deny Defendants' application, but should instead grant Plaintiffs' cross-motion to (A) advance the hearing date on the motion to transfer rather than delaying the Initial CMC beyond February 8, 2008, (B) order the parties to make their Initial Disclosures within two (2) weeks, and (C) allow the parties to commence discovery in this case forthwith.

Plaintiffs ask that the Court consider the following facts and circumstances in ruling on Defendants' application and Plaintiffs' cross-motion.

1.  Plaintiffs began attempting to schedule the Rule 26(f) conference in this case on November 2, but Greystone's California counsel declined those requests. Draper Declaration, ¶6. This case was commenced on September 7, 2007 in Alameda County Superior Court. Had the case remained in state court, discovery would be well underway; because of Defendants' removal (and the subsequent change in the scheduling order), Plaintiffs are still not able to get started with their discovery and factual development of their case. The delay in the Initial CMC requested by Defendants only exacerbates this situation.

2.  The interests of justice are best served by allowing Plaintiffs to begin discovery and the factual development of their case. The motion to transfer relates only to where the case will be venued, not to what claims will be considered. The parties will need to confer regarding a discovery plan and the matters set forth in Rule 26(f) regardless of where the case is venued. The discovery plan and Rule 26(f) report that results from a "meet and confer" conducted in this case in this district will be equally useful in the (unlikely) event the case is transferred to the Southern District of New York.

3.  Defendants' argument as to why the Initial CMC should be delayed only makes sense if the Court ultimately grants their motion to transfer this case to the Southern District of New York. If the case remains in this Court, then there is no reason to delay the Initial CMC or the Rule 26(f) conference and doing so only serves to delay the ultimate resolution of this action.

---

*Santa Fe Pointe, LP, et al v. Greystone Servicing Corporation, Inc., et al.* - 2
Plaintiffs' Opposition to Application to Delay Initial CMC; and Cross-Motion
Farber & Company Attorneys, P.C.

4.      Any perceived inconvenience arising from the parties conducting a Rule 26(f) conference in this district before the Court rules on the motion for transfer can be obviated by advancing the hearing on the motion to transfer (rather than delaying the Initial CMC).

5.      Plaintiffs believe the motion to transfer is not likely to be granted.[1]  The California and New York cases are *not* the same.  The forum selection clauses paraded by Defendants are merely permissive, not mandatory, and are invalid and unenforceable as adhesion provision (for the reasons set forth in Plaintiffs' opposition to Defendants' motion to transfer).

      A.      The New York action is a subset of the legal and factual issues in the California action.  The California action arises out of an Engagement Agreement wherein Defendant Greystone *Servicing*[2] became Plaintiffs' fiduciary and HUD-approved underwriter to serve as Plaintiffs' exclusive agent to process Plaintiffs' HUD application.  The New York action is an attempt to collect the bridge loan (made by *Servicing*'s affiliate Greystone CDE) that was not originally contemplated but became necessary as a result of *Servicing*'s delays.

      B.      Defendants have not met their burden of showing that the New York forum is more convenient than the California forum chosen by Plaintiffs.  The motion to transfer is based, in large part, on forum selection clauses that Plaintiffs claim are invalid and unenforceable.

      C.      The cited forum selection provisions are merely permissive, not mandatory.  For example, the pertinent language from the guarantee reads: "[T]he guarantor irrevocably agrees (a) that the Lender *may* bring suit, action or other legal proceedings arising out of this guaranty in the courts of the State of New York . . ."  See Draper declaration (emphasis added).

      C.      The cited forum selection provisions are contained *only* in some of the bridge loan documents, but are *not* anywhere in the Engagement Agreement that is the focal point of *this* action.

---

[1] Defendants have used this application as a vehicle to reargue the merits of their motion to transfer this case to the Southern District of New York.  Plaintiffs will not reargue the issues here, but must point out some of erroneous arguments repeated by Defendants in this application.

[2] Defendant Greystone Servicing Corporation, Inc., hereinafter referred to as "Servicing."

*Santa Fe Pointe, LP, et al v. Greystone Servicing Corporation, Inc., et al*                                             - 3
Plaintiffs' Opposition to Application to Delay Initial CMC; and Cross-Motion
Farber & Company Attorneys, P.C.

D. The cited forum selection provisions are narrowly drawn and are limited to the specific agreements in which they appear. For example, the pertinent language from the guarantee reads: "[T]he guarantor irrevocably agrees (a) that the Lender may bring suit, action or other legal proceedings ***arising out of this guaranty*** in the courts of the State of New York … ." See Draper declaration, ¶5 (emphasis added). Thus, the cited provisions can have no application to Plaintiffs' claims in this action, which arise out of a different agreement and are stated principally against Greystone ***Servicing***.

E. Plaintiffs have challenged the validity and enforceability of the forum selection clauses, both in the Complaint and in their opposition to the motion to transfer.[3] Plaintiffs have alleged (in their complaint) and provided evidence (in their opposition to the motion to transfer): (A) that the Greystone Defendants engaged in a "bait and switch" scheme as to the terms of the bridge loan, (B) that Defendants gained Plaintiffs' signatures on the bridge loan documents through economic duress that renders the agreements unenforceable, and (C) that the timing of the draft and final versions of the bridge loan documents shows that the forum selection provisions were adhesive and not negotiated.

F. Even if the forum selections clauses were applicable in scope (which they are not), it would be premature for this Court to insist upon those permissive provisions prior to having a full plenary hearing on issues central to Plaintiffs' claims.

G. Plaintiffs filed this action before Greystone CDE filed its action in New York. Plaintiffs are entitled to the benefits of the "first to file" rule, and the interests of federal comity favor the retention of this case in this court.

6. Plaintiffs were unwilling to agree to delay the Initial CMC due to the prejudice that would result from putting this case on hold for an additional month or longer. Instead, counsel for Plaintiffs proposed that Defendants request that the hearing on their motion to transfer be advanced.

---

[3] See Section II.B of *Plaintiffs' Opposition to Defendants' Motion to Transfer Case to New York.*

*Santa Fe Pointe, LP, et al v. Greystone Servicing Corporation, Inc., et al.*    - 4
Plaintiffs' Opposition to Application to Delay Initial CMC; and Cross-Motion
Farber & Company Attorneys, P.C.

7. Counsel for Defendants have declined to confer regarding a discovery plan or to participate in a Rule 26(f) conference until after the court rules on their motion to transfer this case to New York.

8. The motion to transfer is fully briefed and is ready to be worked up and set for hearing.

Plaintiffs believe that further delay of the Initial CMC is unnecessary and prejudicial, and that the interests of justice are not served by facilitating Defendants' forum shopping strategy. Plaintiffs should be allowed to commence discovery. Accordingly, Plaintiffs respectfully request that this court deny Defendants application for administrative relief and leave the Initial CMC on February 8, as currently set.

In the event that the Court feels it is beneficial to rule on Defendants' motion to transfer prior to conducting the Initial CMC, then Plaintiffs request that this Court advance the hearing on Defendants' motion to transfer, to the earliest December or January date convenient for the Court's calendar.

For the reasons stated above, Plaintiffs also request that the court order the parties to make their Initial Disclosures within two (2) weeks and allow the parties to commence discovery in this case forthwith.

DATED: December 19, 2007                          FARBER & COMPANY ATTORNEYS, PC
                                                  Attorneys for Plaintiffs


                                                  By *Ann McFarland Draper*
                                                     Eric J. Farber, SBN 169472
                                                     Ann McFarland Draper, SBN 065669

---

*Santa Fe Pointe, LP, et al v. Greystone Servicing Corporation, Inc., et al.*                                      - 5
Plaintiffs' Opposition to Application to Delay Initial CMC; and Cross-Motion
Farber & Company Attorneys, P.C.

## DECLARATION OF ANN McFARLAND DRAPER

I, ANN McFARLAND DRAPER, declare:

1. I am a resident of the State of California over the age of eighteen (18) years, and I am not a party to the above-entitled action. I am one of the attorneys for the Plaintiffs herein. I make this declaration based upon my personal knowledge, except where alleged upon information and belief, and, if called to testify, I could and would competently testify to the matters set forth herein.

2. It is my opinion that a delay of the Initial Case Management Conference in this case is prejudicial to Plaintiffs because it delays the Rule 26(f) conference and puts disclosure and discovery in this case on hold. Plaintiffs commenced this action on September 7, 2007, and are ready and desirous of starting disclosure and discovery so that they can develop and prepare their case for trial.

3. It is my opinion that a delay of the Initial Case Management Conference in this case is further prejudicial to Plaintiffs because it facilitates Defendants' forum shopping strategy by allowing them to push the later-filed New York case while this case is effectively placed on hold until February 8 or later.

4. It is my opinion that the parties must confer regarding a discovery plan and conducting the Rule 26(f) conference regardless of where the case is venued and that the results of this conference will be useful regardless of the ultimate disposition of Defendants' motion to transfer.

5. The forum selection language in the guarantee as signed reads, in pertinent part, as follows:

> The guarantor irrevocably agrees (a) that the Lender may bring suit, action or other legal proceedings arising out of this guaranty in the courts of the State of New York or the courts of the United States located in New York; (b) consents to the jurisdiction of each such court in any such suit, action or proceeding....

6. On November 2, 2007, I had a telephone conversation with Eric Swanholt, one of the attorneys for Defendants herein. In that conversation, I stated our desire to schedule a time for the Rule 26(f) conference. I have repeated my request in several emails to Mr. Swanholt and the other attorney, Mark Kemple. Counsel for Defendants declined to confer before the Court rules on their motion to transfer this case to New York.

---

*Santa Fe Pointe, LP, et al v. Greystone Servicing Corporation, Inc., et al.* - 6
Plaintiffs' Opposition to Application to Delay Initial CMC; and Cross-Motion
Farber & Company Attorneys, P.C.

7. A scheduling order was entered in the New York action which contains expedited dates. Plaintiffs have not yet generally appeared in the New York action. The scheduling order was made before Plaintiffs answer or response to the complaint was due in the New York action, and Plaintiffs were not present or represented at the conference at which this schedule order was made.

8. The motion to transfer is fully briefed and is ready to be worked up and set for hearing.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed this 19th day of December 2007, at San Francisco, California.

*Ann McFarland Draper*
Ann McFarland Draper

---

*Santa Fe Pointe, LP, et al v. Greystone Servicing Corporation, Inc., et al.* - 7
Plaintiffs' Opposition to Application to Delay Initial CMC; and Cross-Motion
Farber & Company Attorneys, P.C.

**PROOF OF SERVICE**

I, ANN McFARLAND DRAPER, declare:

1. I am an attorney at law over the age of eighteen years of age and not a party to this action. My business address is 847 Sansome St., LL, San Francisco, CA 94111.

2. On December 19, 2007, I served true and correct copies of the foregoing pleading **PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DELAY CASE MANAGEMENT CONFERENCE; AND CROSS-MOTION TO ADVANCE THE HEARING ON DEFENDANTS' MOTION TO TRANSFER AND ALLOW DISCOVERY** on the interested parties by electronically filing such documents through the CM/ECF system of United States District Court for the Northern District of California, which will send electronic notification of such filing to the following registered users:

> Mark D. Kemple        mdkemple@jonesday.com
>
> Erik K. Swanholt      ekswanholt@jonesday.com

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed this 19th day of December 2007, at San Francisco, California.

*Ann McFarland Draper*
Ann McFarland Draper

---

*Santa Fe Pointe, LP, et al v. Greystone Servicing Corporation, Inc., et al.*                                                              - 8
Plaintiffs' Opposition to Application to Delay Initial CMC; and Cross-Motion
Farber & Company Attorneys, P.C.