1  Mark D. Kemple (State Bar No. 145219)
   Erik K. Swanholt (State Bar No. 198042)
2  JONES DAY
   555 South Flower Street
3  Fiftieth Floor
   Los Angeles, CA  90071-2300
4  Telephone:     (213) 489-3939
   Facsimile:     (213) 243-2539
5  Email: mkemple@jonesday.com
   Email: ekswanholt@jonesday.com
6
7  Attorneys for Defendants
   Greystone Servicing Corporation, Inc., and Greystone
8  CDE, LLC

9                          **UNITED STATES DISTRICT COURT**

10                         **NORTHERN DISTRICT OF CALIFORNIA**

11                              **(SAN FRANCISCO DIVISION)**

12

13  SANTA FE POINTE, LP, an Oklahoma          | **CASE NO. C 07-05454 JCS**
    limited partnership; SANTA FE
14  MANAGEMENT, LLC, an Oklahoma limited     | Assigned for all purposes to the
    liability company; RANT, LLC, a Delaware   | Honorable Joseph C. Spero
15  limited liability company; and THEOTIS F.
    OLIPHANT, an individual,
16                                             | **DEFENDANTS' REPLY IN SUPPORT
                 Plaintiffs,                   | OF ITS MOTION (OR MOTION FOR
17                                             | ADMINISTRATIVE RELIEF) RE:
         v.                                    | CONTINUANCE OF INITIAL CASE
18                                             | MANAGEMENT CONFERENCE;
    GREYSTONE SERVICING                        | AND OPPOSITION TO PLAINTIFFS'
19  CORPORATION, INC., a Georgia              | REQUEST TO DEPART FROM THE
    corporation; GREYSTONE CDE, LLC, a         | FEDERAL RULES OF CIVIL
20  Delaware limited liability company, and   | PROCEDURE**
    DOES 1 through 100, inclusive,
21
                 Defendants.
22                                             | (Submitted for immediate determination
                                               | without hearing under Civil L.R. 7-11(c))
23

24

25

26

27

28

## I. ALL PARTIES AGREE THAT DEFENDANTS' MOTION TO TRANSFER THIS ACTION SHOULD BE HEARD BEFORE THE INITIAL CMC.

All parties agree that Defendants' Motion to Transfer this action should be heard before the parties and Court are put to the tasks and expense of a Rule 16 case management conference ("CMC"). The question before the Court is whether to advance the hearing on the Motion to Transfer, or postpone the initial CMC until after it has ruled on the Motion to Transfer. Defendants are amenable to either approach.[1] The reason both parties agree that the Motion to Transfer should be heard first is simple. It would make no sense to engage in duplicative Rule 26 meetings and Rule 16 conferences on two coasts, with different sets of counsel representing each party on each coast, if this case is to be transferred to New York where the parallel action is already moving forward.[2] For the same reason, it would also make no sense to begin discovery in this action if it is to be transferred to the Southern District of New York. There is no reason, for example, why party and third-party witnesses should be deposed twice. *Significantly, there is no claim by Plaintiffs in their oppositions (doc. ## 16, 25) to either the Motion to Transfer or this motion that they need any discovery to oppose the Motion to Transfer.*

## II. PLAINTIFFS FAIL TO IDENTIFY ANY PREJUDICE THAT WOULD ARISE FROM A BRIEF CONTINUANCE OF THE INITIAL CMC.

Plaintiffs' only basis for opposing Defendants' simple request to briefly postpone the initial CMC until after the Motion to Transfer has been resolved (rather than accelerate it in the face of the Court's already busy calendar), is a wholly undefined and unsupported assertion of "prejudice." No "prejudice" is articulated; nor could it be. For these reasons, Defendants' simple and, we believe, axiomatic request to briefly postpone the initial CMC until after the Court decides whether to transfer this matter to the Southern District of New York, should be granted.

## III. THERE IS NO BASIS FOR IMMEDIATE DISCOVERY IN THIS MATTER.

Next, having conceded that the Motion to Transfer should be heard before the initial CMC,

---

[1] Before filing the instant motion, Defendants had contacted the Court to see if there was available an earlier hearing date for their Motion to Transfer, and were advised that there was none.

[2] Judge Patterson of the Southern District of New York has rejected, and the defendants there (Plaintiffs here) have dropped, their challenges to service in that action. In addition, Judge Patterson has ordered them to respond to that pleading, and has set a schedule of dates in that matter, including a discovery cut-off date and trial date.

1  Plaintiffs make an odd and contradictory request to dispense with the Rules of Civil Procedure and
2  commence discovery *now* (in disregard of Rules 26(d) and 26(f) and the very points made above),
3  and require initial disclosure prior to an early meeting of counsel (again, in disregard of Rule 26(a)
4  and the points made above).  *Plaintiffs provide no reason or need for this request.*  As noted above,
5  there is no claim by Plaintiffs in their oppositions to either the Motion to Transfer or this motion
6  that they need any discovery to oppose the Motion to Transfer.  And as all parties agree, and for
7  reasons that seem obvious, the Court should resolve whether this action will remain here before
8  any Rule 26 conference and all attendant effort.  Unanswered by Plaintiffs is why – particularly in
9  this circumstance – the Court should depart from the Federal Rules of Civil Procedure?  The only
10 "reason" hinted at by Plaintiffs is their contention that they "should not have to wait five (5)
11 months to begin discovery."  That's it.  And that "reason" is based, apparently, on a premise that
12 the mere filing of an action in federal court entitles a party to immediate discovery, even without
13 serving the pleading, and despite the clear procedures set forth in the Federal Rules of Civil
14 Procedure.  That premise is mistaken.  And to be clear, Plaintiffs first asked to schedule a Rule 26
15 conference on November 2, not "five (5) months" ago.[3]  Absolutely no prejudice is articulated by
16 Plaintiffs to warrant departure from the Federal Rules of Civil Procedure.  Accordingly, Plaintiffs'
17 improper request for immediate discovery should therefore be denied.

18 **IV.    CONCLUSION**

19     All agree that the Motion to Transfer should be heard before the initial CMC.  All agree that
20 no discovery is needed to resolve that motion.  All agree that it would make no sense to engage in
21 discovery proceedings in this action in the event it is transferred to New York.  Accordingly,
22 Defendants respectfully request that their motion to continue the initial CMC (doc. # 24) be
23 granted, and that Plaintiffs' request for immediate discovery be denied.

24     Dated:  December 19, 2007          JONES DAY

25
                                          By:  /s/
26                                            Mark D. Kemple
                                          Attorneys for Defendants Greystone Servicing
27                                        Corporation, Inc. and Greystone CDE, LLC

28 _____
   [3] Plaintiffs had no concern with discovery delay when they failed to serve this action for 3 weeks.