Eric J. Farber, SBN 169472
Ann McFarland Draper, SBN 065669
FARBER & COMPANY ATTORNEYS, P.C.
847 Sansome Street, Ste. LL
San Francisco, California 94111
Telephone: 415.434.5320
Facsimile: 415.434.5380
Email: eric@farberandco.com
Email: ann.draper@farberandco.com

Attorneys for Plaintiffs Santa Fe Pointe,
LP, Santa Fe Management, LLC,
Rant, LLC, and Theotis F. Oliphant

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

**(SAN FRANCISCO DIVISION)**

| | |
|---|---|
| SANTA FE POINTE, LP, et al, <br><br> Plaintiffs, <br> vs. <br> GREYSTONE SERVICING CORPORATION, INC., et al, <br><br> Defendants. | Case No.: C07-05454 JCS <br><br> **PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO CROSS-MOTION (AND RESPONSE TO DEFENDANTS' REPLY RE MOTION TO DELAY CASE MANAGEMENT CONFERENCE)** <br><br> No Hearing Scheduled [Civil L.R. 7-11(c)] |

Plaintiffs make this brief reply to correct new matter raised in Defendants' combined brief in opposition (to Plaintiffs' cross-motion to advance the hearing date and allow early discovery) and in reply (to the opposition on Defendants' motion to delay the Initial Case Management Conference).

    1.    Defendants' statement (Reply, p.1, fn. 2) that the New York court has "rejected" Defendants' challenges to service is blatantly inaccurate. To the contrary, the district court in the New York action, in a published opinion, took Greystone CDE (the New York Plaintiff) to task for failing to follow the contractually provided method for service and directed that it do so. *Greystone CDE, LLC v. Sante Fe Pointe L.P.*, 2007 U.S. Dist. LEXIS 88029 (D.N.Y. 2007).[1]

---

[1] A copy of the opinion and order is also attached as Exhibit "D" to the *Declaration of Ann McFarland Draper in Opposition to Defendants' Motion to Transfer Case to Southern District of New York* (filed herein on December 2, 2007).

*Santa Fe Pointe, LP, et al v. Greystone Servicing Corporation, Inc., et al.*    - 1
Plaintiffs' Reply to Defendants' Opposition to Cross-Motion
Farber & Company Attorneys, P.C.

2. Plaintiffs here have not yet entered a general appearance in the New York action. In a proceeding at which Plaintiffs here were not present, the court directed an answer, but only after being advised by counsel for Greystone CDE that it had properly effected service. Plaintiffs here do not intend to challenge the manner of service, but do not agree that the New York forum may exercise personal jurisdiction over them on the matters sued upon. Contrary to Defendants' inference (Reply, p.1, fn. 2), Plaintiffs most certainly have not "dropped" their jurisdictional challenges in the New York action.

3. Plaintiffs do not "agree" that it is necessary to hear Defendants' motion to transfer on a date prior to the Initial Case Management Conference, and have not "conceded" that it should (Reply, 1:2.5-4.5 and 1:24).

4. Public policy favor prompt disposition of lawsuits, the discovery is essential an essential part of this process. Absent a court order (or stipulation), the parties may not commence discovery before the Rule 26(f) conference. The rule requires that the parties "confer *as soon as practicable*." FRCP Rule 26(f)(1) (emphasis added). There is no good reason to delay the Rule 26(f) conference until the last day allowed under the rule.

5. Plaintiffs are prejudiced by any defense maneuver which effectively puts this case on hold until after the motion to transfer is determined – in part because it delays Plaintiffs ability to prosecute this case and in part because it plays into Defendants' forum shopping strategy (of delaying the California case while pressing forward in New York).

6. By asking this court to allow discovery to commence, Plaintiffs seek to mitigate the effect of the delay caused by Defendants' removal and motion to transfer by allowing discovery to commence. Plaintiffs do not even have copies of documents executed by them; these documents are in the possession of the Greystone defendants (and to some extent, third parties). There is no good reason to delay Plaintiffs' access to transaction and other documents.

7. Plaintiffs believe the motion to transfer will not be granted. Even if it is, however, there would be no duplication because discovery in this action can be used in either venue, whether by stipulation or by court order. (Plaintiffs are willing to stipulate that any discovery conducted in this

*Santa Fe Pointe, LP, et al v. Greystone Servicing Corporation, Inc., et al.* - 2
Plaintiffs' Reply to Defendants' Opposition to Cross-Motion
Farber & Company Attorneys, P.C.

1  action can be used regardless of where this case is ultimately venued, and the court can so provide in
2  any order.

4  Plaintiffs respectfully request that this Court allow Plaintiffs to commence discovery (with or
5  without a Rule 26(f) conference or initial disclosures).
6  Plaintiffs also respectfully request that this court <u>deny</u> Defendants application for administrative
7  relief and leave the Initial CMC on February 8, as currently set.  If (but only if) the court determines it
8  would be preferable to rule on Defendants' motion to transfer prior to conducting the Initial CMC,
9  then Plaintiffs request that this Court advance the hearing on Defendants' motion to transfer, to the
10 earliest December or January date convenient for the Court's calendar.

12 DATED:  December 20, 2007            FARBER & COMPANY ATTORNEYS, PC
                                       Attorneys for Plaintiffs

                                       By *Ann McFarland Draper*
                                         Eric J. Farber, SBN 169472
                                         Ann McFarland Draper, SBN 065669

---

*Santa Fe Pointe, LP, et al v. Greystone Servicing Corporation, Inc., et al.*                           - 3
Plaintiffs' Reply to Defendants' Opposition to Cross-Motion
Farber & Company Attorneys, P.C.

**PROOF OF SERVICE**

I, ANN McFARLAND DRAPER, declare:

1. I am an attorney at law over the age of eighteen years of age and not a party to this action. My business address is 847 Sansome St., LL, San Francisco, CA 94111.

2. On December 20, 2007, I served true and correct copies of the foregoing pleading **PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO CROSS-MOTION (AND RESPONSE TO DEFENDANTS' REPLY RE MOTION TO DELAY CASE MANAGEMENT CONFERENCE)** on the interested parties by electronically filing such documents through the CM/ECF system of United States District Court for the Northern District of California, which will send electronic notification of such filing to the following registered users:

        Mark D. Kemple       mdkemple@jonesday.com

        Erik K. Swanholt      ekswanholt@jonesday.com

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed this 20th day of December 2007, at San Francisco, California.


                                Ann McFarland Draper

---

*Santa Fe Pointe, LP, et al v. Greystone Servicing Corporation, Inc., et al.*      - 4
Plaintiffs' Reply to Defendants' Opposition to Cross-Motion
Farber & Company Attorneys, P.C.