1  Eric J. Farber, SBN 169472
   eric@farberandco.com
2  William W. Schofield, SBN 062674
   william.schofield@farberandco.com
3  FARBER & COMPANY ATTORNEYS, P.C.
   847 Sansome Street, Ste. LL
4  San Francisco, CA 94111
   Telephone:    (415) 434-5320
5  Facsimile:    (415) 434-5380

6  Attorneys for Plaintiffs

7  Mark D. Kemple (State Bar No. 145219)
   mkemple@jonesday.com
8  Erik K. Swanholt (State Bar No. 198042)
   ekswanholt@jonesday.com
9  JONES DAY
   555 South Flower Street
10 Fiftieth Floor
   Los Angeles, CA 90071-2300
11 Telephone:    (213) 489-3939
   Facsimile:    (213) 243-2539
12
   Attorneys for Defendants
13 GREYSTONE SERVICING CORPORATION, INC.
   AND GREYSTONE CDE, LLC
14

15              UNITED STATES DISTRICT COURT

16             NORTHERN DISTRICT OF CALIFORNIA

17               (SAN FRANCISCO DIVISION)

18

| 19 | **SANTA FE POINTE, LP, et al.,** | **Case No. C07-05454 JCS** |
|---|---|---|
| 20 | **Plaintiffs,** | **JOINT CASE MANAGEMENT STATEMENT** |
| 21 | **v.** | **Date:      February 8, 2008** |
| 22 | **GREYSTONE SERVICING CORPORATION, INC., et al.,** | **Time:      9:30 a.m.** |
| 23 | | **Court:     A (15th Floor)** |
| 24 | **Defendants.** | |

25

26     Plaintiffs Santa Fe Pointe, LP, Santa Fe Management, LLC, Theotis F. Oliphant, and

27 Rant, LLC and Defendants Greystone Servicing Corporation, Inc. and Greystone CDE, LLC

28 jointly submit this Case Management Statement under Civil Local Rule 16-9.

LA1-2928187v2

*Santa Fe Pointe, LP, et al v. Greystone Servicing Corporation, Inc., et al.*
Joint Case Management Statement
C07-05454 JCS

1        1.      Jurisdiction and Service:

2        Plaintiffs filed this case in state court (Alameda County) on September 7, 2007, and

3  Defendants removed it to this Court on October 25, 2007 based on diversity jurisdiction, 28

4  U.S.C. § 1332.  Plaintiffs concede diversity jurisdiction and Defendants, who have answered,

5  concede personal jurisdiction.

6        Defendants have moved to transfer venue to the Southern District of New York under 28

7  U.S.C. § 1404(a) (convenience of parties/witnesses and interests of justice).  That motion is

8  scheduled for hearing on the morning of February 8, 2008 after the Case Management

9  Conference.

10        2.      Facts:

11      Plaintiffs' Statement.  Plaintiffs allege torts and breaches of contract arising out of

12  Plaintiffs' project to acquire and rehabilitate an apartment building in Oklahoma City as low

13  income housing special funding insured by the FHA's Office of Housing and Urban Development

14  ("HUD").  The Complaint alleges that Defendant Greystone Servicing Corporation, Inc. (a HUD-

15  approved underwriter) was a fiduciary that mishandled the Plaintiffs' HUD application,

16  unilaterally and wrongfully withdrew it from HUD consideration, and sabotaged the project.

17  Moreover, that Greystone Servicing forced Plaintiffs into accepting a bridge loan from an

18  affiliated Greystone entity (Defendant Greystone CDE, LLC) in an inadequate amount and on

19  vastly different (and inferior) terms than initially promised and later wrongly declared the loan in

20  default.

21        Theotis F. Oliphant resides in Contra Costa County, California and is the managing agent

22  of Rant, LLC, which operates out of Contra Costa County.  In August 2006, Oliphant undertook

23  to acquire and rehabilitate a 224-unit apartment building in Oklahoma City (the "Santa Fe Pointe

24  Project") as a developer under HUD's Low Income Housing program.  The Federal Government

25  encourages private developers, through federally-insured loan incentives, to renovate and

26  maintain housing for low income tenants.  This was to be such a project.  Oliphant formed Santa

27  Fe Pointe, LP, an Oklahoma limited partnership, as the entity that would acquire the apartment

28  complex, rehabilitate it, and be the borrower on the HUD-insured loan.

*Santa Fe Pointe, LP, et al v. Greystone Servicing Corporation, Inc., et al.*
Joint Case Management Statement
C07-05454 JCS

LAI-2928187v2                    - 2 -

1    HUD does not interact directly with the developer under the Low Income Housing

2    program. Rather, it requires the developer to retain a HUD-approved underwriter, a financial

3    entity that acts as the sole intermediary between the developer and HUD, preparing the HUD

4    application materials, commissioning any third party reports needed to support the underwriting

5    analysis, and facilitating the timely approval of application and financing. In early September

6    2006, Oliphant retained Greystone Servicing, through a written agreement, to act in that capacity,

7    as a fiduciary who would serve as Oliphant's exclusive agent in the HUD application process.

8    Aside from the HUD-insured loan, financing for the Santa Fe Pointe project would come

9    in part in the form of tax-exempt bonds issued by Oklahoma local or state agencies. At about the

10    same time Oliphant engaged Greystone Servicing, he also engaged an investment bank

11    underwriter to sell tax exempt bonds. The bond financing was required to close by December 20,

12    2006 or the tax-exempt bond allocation awarded for the Santa Fe Pointe Project would expire, so

13    the HUD application had to be completed by November 2006.

14    By late October 2006, however, it was apparent that Greystone Servicing was behind

15    schedule and would be unable timely to complete the HUD application. To protect the project,

16    Greystone Servicing agreed—through a written term sheet—to extend a non-recourse bridge loan

17    of more than $4 million to be used by Oliphant (a) to purchase the real estate at the Santa Fe

18    Pointe Project and (b) to pay for timely issuance of the tax-exempt bonds. The loan would be

19    placed through Defendant Greystone CDE.

20    The loan actually extended, however, was quite different. Shortly before the

21    December 20 tax-exempt bond issue deadline, Greystone presented Oliphant with loan documents

22    for only a $500,000 maximum bridge loan, which would allow Oliphant to cover the bond

23    issuance fees but not allow him to purchase the Santa Fe Pointe Project property. Moreover, the

24    loan documents also required Oliphant and his wife to personally guarantee the bridge loan, even

25    though the term sheet said financing would be non-recourse. Oliphant had no choice but to

26    accept and sign the loan documents as presented on a "take it or leave it" basis. When he was

27    presented with the documents, more than $250,000 in bond issuance costs had already been

28    incurred because the tax-exempt bonds had been sold.

*Santa Fe Pointe, LP, et al v. Greystone Servicing Corporation, Inc., et al.*
Joint Case Management Statement
C07-05454 JCS

1    For reasons to be developed in discovery, Greystone Servicing waited to submit

2    Oliphant's application to HUD for yet another three months to mid-March 2007. Oliphant claims

3    numerous acts of misconduct by Greystone Servicing that placed the HUD application in

4    jeopardy.  On August 9, 2007, Greystone Servicing unilaterally—without prior notice to or

5    approval from Oliphant—withdrew the HUD loan application.  This placed at risk over $7 million

6    in tax exempt bond proceeds, and caused the seller of the underlying property to terminate

7    negotiations with Oliphant about extending the close date for purchasing that property.

8    In late August 2007, Greystone told Oliphant it was declaring the bridge loan in default,

9    even though no financial default existed.  It demanded that Oliphant allow a third party to take

10   over the entire Project on unfavorable terms and that Oliphant sign a covenant not to sue.

11   Oliphant declined and filed suit in Alameda County Superior Court on September 7, 2007.

12   <u>Defendants' Statement</u>.   This matter arises out of Plaintiff Theotis F. Oliphant's

13   ("Oliphant") failed pursuit of the development of a multi-million dollar Low Income Housing Tax

14   Credit project (the "Santa Fe project") located in Oklahoma City, for which Plaintiffs obtained

15   $500,000 in bridge financing from Greystone.

16   Greystone CDE LLC was engaged by Plaintiffs to assist in obtaining financing through

17   various government entities, including the U.S. Department of Housing and Urban Development

18   ("HUD"), for the Santa Fe project.  On or about December 20, 2006, Plaintiffs borrowed

19   $500,000 in bridge financing from Greystone Servicing Corporation, Inc., to pay for the issuance

20   of the bonds required to finance the project (the "Bridge Loan").  Plaintiffs and Greystone

21   Servicing entered into certain Bridge Loan agreements which were signed by Oliphant in his

22   individual capacity as well as in his representative capacity on behalf of his Santa Fe project-

23   related entities (the "Bridge Loan documents").  The Bridge Loan documents contain choice-of-

24   law and forum selection provisions selecting New York as the governing law and forum for

25   actions relating to the Bridge Loan documents.  Thus, in executing those agreements, every

26   Plaintiff in this action submitted to personal jurisdiction in New York and expressly waived any

27   objection to the laying of venue there.

28   After closing the Bridge Loans and missed payments by Plaintiffs, it soon became clear

*Santa Fe Pointe, LP, et al v. Greystone Servicing Corporation, Inc., et al.*
Joint Case Management Statement
C07-05454 JCS

LAI-2928187v2                    - 4 -

1    that Plaintiffs would not be able to perform their obligations under their agreements with

2    Greystone.  On August 21, 2007, Greystone sent Plaintiffs a Notice of Default letter.

3         In response, and anticipation of litigation concerning their inability to perform the Bridge

4    Loan documents, on September 7, 2007 Plaintiffs filed an action in the Superior Court of

5    California for the County of Alameda in plain contravention of the forum selection clause in each

6    of the agreements.  Plaintiff served their First Amended Complaint (they never served their

7    original complaint) on Greystone's registered agent for service of process on September 25, 2007.

8    Greystone first learned of the existence of Plaintiffs' action on September 27, 2007.  On

9    September 26, 2007, pursuant to the parties' agreements and unaware of Plaintiffs' filing of this

10   action, Greystone filed its action against Oliphant and the Santa Fe entities relating to the Bridge

11   Loan documents in the Southern District of New York, where the matter is now pending before

12   Judge Patterson.

13        Plaintiffs' new allegation, not included in their complaint, that Oliphant was coerced into

14   executing the Bridge Loan documents by "economic duress" does not stand up to scrutiny.  First,

15   there is no such legal doctrine as "economic duress" and the cases cited in Plaintiffs' Opposition

16   to Defendants' transfer motion do not hold otherwise.  Indeed, Plaintiffs adduced no legal support

17   for their claim of duress.

18        Second, even if such a doctrine did exist, Plaintiffs cannot adduce any factual support for

19   their claims of duress.  Indeed, the facts of this case make clear that Plaintiffs were fully informed

20   of the terms of the bridge loan well in advance of executing the Bridge Loan documents.  In

21   November of 2006, Oliphant approached Greystone to request $4.3 million in bridge financing

22   (approximately 85% of the acquisition price) so he could close on the subject property before the

23   expiration of his purchase contract and bond allocation.  On November 16, 2006, Greystone

24   supplied Oliphant with a proposal for a non-recourse loan secured by the subject property.

25   Unwilling to contribute any of his own money or produce other financing for the remaining 15%

26   of the purchase price, Oliphant rejected this proposal.  Instead, Oliphant asked for a bridge loan to

27   fund the issuance of his OHFA bond allocation into escrow, even though he had not yet

28   purchased the subject property, arranged a viable transaction, or provided documents necessary

*Santa Fe Pointe, LP, et al v. Greystone Servicing Corporation, Inc., et al.*
Joint Case Management Statement
C07-05454 JCS

1    for submission of the HUD application.  On or about December 4, 2006, Oliphant signed

2    Greystone's predevelopment loan term sheet (the "December Proposal"), which provided for a

3    full recourse $500,000 note backed by Oliphant's personal guaranty.  Plaintiffs neglected to

4    mention these facts, at all, in their Opposition to Defendants' transfer motion.

5         Clearly then there was no "surprise" to this sophisticated, highly educated, and

6    experienced lawyer when he signed the Bridge Loan documents, let alone such to form a basis to

7    simply toss the parties' agreements in this regard.  Given these unassailable facts (all of which are

8    well supported in Defendants' reply papers supporting their transfer motion), Plaintiffs' claim of

9    having been surprised by the $500,000 loan, and associated terms, on December 17, 2006, is

10   simply false.

11        3.    Legal Issues:

12        Plaintiffs' Statement.  The Complaint alleges that Greystone Servicing failed to timely

13   present and pursue the HUD application on Plaintiffs' behalf, undetermined their ability to

14   succeed with the Santa Fe Pointe Project, improperly saddled Plaintiffs with an inadequate loan,

15   and wrongfully declared default on the loan.  The Complaint alleges causes of action for (a)

16   negligence, (b) breach of fiduciary duty, (c) intentional interference with prospective economic

17   advantage, (d) negligent interference with prospective economic advantage, (e) anticipatory

18   breach, and (f) breach of the covenant of good faith and fair dealing.  Plaintiffs also seek

19   declaratory relief concerning the rights and obligations of the parties under the bridge loans and

20   personal guarantees.

21        Plaintiffs contend that California law applies to Plaintiffs' tort claims.  The elements of

22   those claims are relatively straightforward.  Plaintiffs' case is largely fact driven.

23        Defendants' Statement.

24        Defendants dispute each of Plaintiffs' claims and assert each and every affirmative

25   defense set forth in their Answer filed on October 25, 2007.  In addition, Defendants submit that

26   the plain language in the agreements, including the Bridge Loan documents, between the parties

27   clearly requires that New York law and venue apply to all claims relating to the transactions at

28   issue in this case.  Defendants reserve the right to raise additional legal issues as the case

*Santa Fe Pointe, LP, et al v. Greystone Servicing Corporation, Inc., et al.*
Joint Case Management Statement
C07-05454 JCS

1    progresses.

2        4.    Motions:

3        Defendants' motion to transfer venue is scheduled for hearing on February 8, 2008.

4        Defendants moved on December 17, 2007 to reschedule the Case Management

5    Conference to February 28, 2007; Plaintiffs cross-moved on December 19, 2007 to advance the

6    hearing on the venue transfer motion and to allow discovery to start.  The Court denied both

7    motions by order dated December 19, 2007.

8        The parties presently do not anticipate discovery motions.  Dispositive motions may be

9    filed, depending on facts developed in discovery.  If the matter is not transferred, Defendants

10    anticipate filing dispositive motions at the appropriate time(s).

11        5.    Amendment of Pleadings:

12        Defendants have stipulated that Plaintiffs may file a Second Amended Complaint, which

13    will be filed before the Case Management Conference.  Defendants will thereafter respond to the

14    Second Amended Complaint pursuant to code.  Plaintiffs have no present intention of amending

15    further.

16        6.    Evidence Preservation:

17        Both sides have taken steps to preserve hard copy files and electronically-recorded

18    material.

19        7.    Disclosures:

20        Counsel have concluded their Rule 26 conference.  Initial disclosures under Federal Rule

21    26 are to be made on February 1, 2008, concurrent with the service and filing of this Joint Case

22    Management Conference Statement.

23        8.    Discovery:

24        The parties have deferred discovery pending the Case Management Conference and

25    Defendants' motion to transfer venue.  The parties do not presently believe it is necessary to

26    deviate from the deposition and interrogatory limitations of Federal Rules of Civil Procedure

27    30(d)(2) (each deposition limited to one day of seven hours), 30(a)(2)(A) (each side limited to ten

28    depositions), and 33(a) (interrogatories limited to 25 in number).

*Santa Fe Pointe, LP, et al v. Greystone Servicing Corporation, Inc., et al.*
Joint Case Management Statement
C07-05454 JCS

LAI-2928187v2                                    - 7 -

1    The parties believe discovery will consist initially of interrogatories and document

2    productions by both sides, followed by depositions of party and non-party witnesses. Plaintiffs

3    have presently identified four (and possibly six) employees of Defendants and six non-party

4    witnesses who would have relevant testimony. Defendants will depose, among others, Plaintiffs

5    and other individuals identified by Plaintiffs in their initial disclosures.

6        9.    Class Actions:

7    Not applicable.

8        10.    Related Cases:

9    Defendant Greystone CDE, Inc. filed suit in the Southern District of New York on

10   September 26, 2007 to collect on the loan guaranties of the Plaintiffs. Defendant Greystone

11   Servicing Corp., Inc. is not a party to that action. On January 7, 2008 Plaintiffs filed a motion in

12   that Court asking for a stay of that action pending resolution of this Court's change venue ruling,

13   or alternatively for a stay of all proceedings there indefinitely, until final resolution of this action.

14   That motion has not been set for hearing.

15   Defendants' addendum: In opposing Defendants' transfer motion in this action, Plaintiffs

16   spent more than a page arguing that the California and New York Actions were disparate and thus

17   transfer to New York inappropriate. [Oliphant's Opp. to Transfer Mot. p. 4-5.] They argued the

18   opposite in their motion and reply in the New York Action, where they admitted that "the

19   California and New York Actions share a common nucleus of facts" and thus "[d]uplication

20   would be virtually guaranteed if discovery proceeds" in both actions. [Oliphant's New York

21   Motion, p. 9; Reply, p. 4.]

22       11.    Relief:

23   Plaintiffs will seek the economic value of the lost business opportunity, which will be

24   subject to expert analysis and proof. Plaintiffs also seek a declaration that Defendants wrongfully

25   declared default of the bridge loan. Defendants submit that Plaintiffs are not entitled to any relief

26   by this action and that Defendants are entitled to the relief sought by them in New York court,

27   including repayment of all outstanding loan balances owed by Plaintiffs to Defendants.

28

*Santa Fe Pointe, LP, et al v. Greystone Servicing Corporation, Inc., et al.*
Joint Case Management Statement
C07-05454 JCS

1    12.    Settlement and ADR:

2    Plaintiffs are willing to engage in mediation now (ADR L.R. 6).  Defendants believe

3    mediation is premature until proper venue has been determined and discovery has progressed.

4    The parties filed a "Notice of Need for ADR Phone Conference" on January 18, 2008.

5    13.    Consent to Magistrate Judge for All Purposes:

6    The Parties have filed written consents (Plaintiffs on November 1, 2007; Defendants on

7    November 8, 2007) to have a Magistrate Judge Spero conduct all further proceedings including

8    trial and entry of judgment.

9    14.    Other References:

10    The matter is not suitable for reference to binding arbitration, a special master, or the

11    Judicial Panel on Multidistrict Litigation.

12    15.    Narrowing of Issues:

13    The parties believe agreement can be reached as to the authenticity of the underlying

14    contracts.  Discovery may develop other areas where issues can be narrowed.

15    16.    Expedited Schedule:

16    The parties do not believe expedited scheduling is appropriate.

17    17.    Scheduling:

18    The parties propose the following discovery cut-off, expert disclosure and deposition,

19    dispositive motion, Pre-Trial Conference, and trial dates.

20          October 31, 2008:        Discovery cut-off.

21          November 10, 2008:       Expert witness disclosures.

22          November 17, 2008:       Start expert witness depositions.

23          January 9, 2009:         Dispositive motions filed.

24          February 13, 2009:       Hearing on dispositive motions.

25          February 27, 2009:       Pre-trial Conference.

26          March 9, 2009:           Trial commences.

27    18.    Trial:

28    Plaintiffs have demanded a jury.  The parties contemplate 10-15 trial days.

*Santa Fe Pointe, LP, et al v. Greystone Servicing Corporation, Inc., et al.*
Joint Case Management Statement
C07-05454 JCS

1   19. <u>Disclosure of Non-party Interested Entities or Persons:</u>

2   <u>Plaintiffs' Disclosure.</u>  Plaintiffs have filed a "Certification of Interested Entities or

3 Persons" under Civil L.R. 3-16 certifying that, other than the named parties, there is no such

4 interest to report.

5   <u>Defendants' Disclosure.</u>

6   Defendants filed a "Certificate of Interested Entities or Persons" under Civil L.R. 3-16

7 certifying that Greystone Select Holdings LLC is the parent corporation of Greystone Funding

8 Corporation and Defendant Greystone Servicing Corporation, Inc.; Greystone Development

9 Corporation is a member of Defendant Greystone CDE, LLC; and Greystone Funding

10 Corporation is a member of Defendant Greystone CDE, LLC.

11   20. <u>Other Matters:</u>

12   Not applicable.

13

14 Dated: February 1, 2008   FARBER & COMPANY ATTORNEYS, P.C.

15

16       By: /s/ William W. Schofield
        Eric J. Farber

17        William W. Schofield

18       Attorneys for Plaintiff

19 Dated: February 1, 2008   JONES DAY

20

21       By: /s/ Erik K. Swanholt

22        Mark D. Kemple
        Erik K. Swanholt

23       Attorneys for Defendants

24       Greystone Servicing Corporation, Inc. and
       Greystone CDE, LLC

25

26

27

28

*Santa Fe Pointe, LP, et al v. Greystone Servicing Corporation, Inc., et al.*
Joint Case Management Statement
C07-05454 JCS

LAI-2928187v2  - 10 -