Eric J. Farber, SBN 169472
eric@farberandco.com
William W. Schofield, SBN 062674
william.schofield@farberandco.com
FARBER & COMPANY ATTORNEYS, P.C.
847 Sansome Street, Ste. LL
San Francisco, California 94111
Telephone 415.434.5320
Facsimile 415.434.5380

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

## (SAN FRANCISCO DIVISION)

| | |
|---|---|
| SANTA FE POINTE, LP, et al, <br><br> Plaintiffs, <br> vs. <br> GREYSTONE SERVICING CORPORATION, INC., et al, <br><br> Defendants. | Case No.: C07-05454 JCS <br><br> **PLAINTIFFS' OBJECTIONS TO SECOND DECLARATION OF MATT JAMES SUBMITTED IN SUPPORT OF MOTION TO TRANSFER VENUE** <br><br> Date: February 8, 2008 <br> Time: 9:30 a.m. <br> Courtroom: A (15th Floor) <br> Judge: Hon. Joseph C. Spero |

Plaintiffs Santa Fe Pointe, LP, Santa Fe Management, LLC, Rant, LLC, and Theotis F. Oliphant hereby object to the following portions of the <u>Declaration of Matt James</u> dated December 14, 2007 submitted by Defendants in support with their Reply Brief in support of their motion to transfer this case to the Southern District of New York, and move to strike that evidence, as set forth below.

<u>Declaration Para. 1</u>: Lack of foundation; lack of personal knowledge; hearsay. Mr. James does not identify the specific records reviewed that allegedly support his Declaration and therefore the entirety of his testimony lacks foundation and fails to display personal knowledge. FRE 602. Moreover, to the extent his testimony is based upon "review of Company records," Mr. James's failure to identify the records and their manner of preparation renders them inadmissible hearsay.

---

FRE 801(c); 802; 803(6).  To the extent his testimony is based "upon information and belief" (1:7-8) it is inadmissible hearsay.  FRE 801(c); 802.

<u>Declaration Para. 7</u>:  Lack of foundation; lack of personal knowledge.  Mr. James does not identify the source of the information contained in this paragraph or establish personal knowledge.  FRE 602.

<u>Declaration Para. 9</u>:  Lack of foundation; lack of personal knowledge; hearsay.  Mr. James does not explain what supports his statement that "OHFA rejected ORO's involvement as the non-profit development group" (2:5-6) or that "National Equity Fund became unable to participate in the Santa Fe project due to a liquidity crisis" (2:8-9) and this testimony therefore lacks foundation, is not shown to be based on personal knowledge (FRE 602) and must necessarily have come from documents that have not been identified, much less shown to fall within an exception to the hearsay rule.  FRE 801(c); 802; 803(6).  Mr. James's vague generalization that "Oliphant had consistently failed to meet Greystone's numerous requests to provide information and materials necessary for completion of the underwriting process" (2:10-12) is unhelpful testimony and does not specify what information or materials were lacking, must less establish Mr. James's personal knowledge on the subject.  FRE 602.

<u>Declaration Para. 13</u>:  Hearsay.  The entire paragraph, presumably reciting Mr. James's out of court statements, is inadmissible hearsay.  FRE 801(c); 802.

<u>Declaration Para. 15</u>:  Lack of personal knowledge; hearsay; improper opinion testimony.  Mr. James's statement that the December Proposal resulted from "Oliphant's request" (3:8) lacks foundation, is not shown to be based on personal knowledge (FRE 602) and appears to be based on inadmissible hearsay.  FRE 801(c); 802; 803(6).  More importantly, Mr. James has mischaracterized the December Proposal as containing provision that the bridge loan was to be "backed by Oliphant's personal guaranty" (3:10-11).  Nowhere in the December Proposal is there

any mention whatsoever of a personal guaranty from Mr. Oliphant.  The loan was to be recourse to the borrower, which was Santa Fe Pointe, L.P., not Mr. Oliphant.  The collateral for the loan is stated to be a pledge of personal property in the Project, not a guaranty from Mr. Oliphant.  The only mention of a guaranty was a "limited recourse guaranty," which (as evidenced by the "Developer Limited Guaranty" ultimately given by Rant LLC) was meant to oblige the guarantor only to the extent of the underlying collateral, i.e., the personal property in the Project.  Mr. James's statement concerning a personal guaranty from Mr. Oliphant is incorrect, and is improper opinion testimony by a lay witness.  FRE 701.

Declaration Para. 18:  Improper opinion testimony.  Mr. James's legal conclusions that the loan documents "reflect[ed] the same terms as those acknowledged by [Oliphant] in his acceptance of the December Proposal" (3:21-23) is improper opinion testimony by a lay witness.  FRE 701.  It is also incorrect for any number of reasons, including the significant facts that (a) the December Proposal contemplated a one-year loan term, whereas the Bridge Loan Agreement provided for less than one-half year, (b) the December Proposal stated the collateral to be a pledge of the personal property in the Project whereas the Bridge Loan Agreement stated the collateral to be such a pledge and much more, including a variety of guaranties nowhere mentioned in the December Proposal, and (c) the only guaranty referenced in the December Proposal was to a "limited recourse guaranty," which (as evidenced by the "Developer Limited Guaranty" ultimately given by Rant LLC) was meant to oblige the guarantor only to the extent of the underlying collateral, i.e., the personal property in the Project.

Declaration Para. 19:  Lack of personal knowledge; hearsay.  Mr. James can only state that Mr. Oliphant did not object to him; as to others Mr. James lacks personal knowledge (FRE 602) and is reciting inadmissible hearsay.  FRE 801(c); 802.

1       <u>Declaration Para. 20</u>: Lack of personal knowledge; hearsay. Mr. James can only state what Mr. Oliphant indicated to him, which is not the testimony. As to others Mr. James lacks personal knowledge (FRE 602) and is reciting inadmissible hearsay. FRE 801(c); 802.

<u>Declaration Para. 23</u>: Lack of personal knowledge. Mr. James can only state that Mr. Oliphant did not object to him; as to others Mr. James lacks personal knowledge (FRE 602) and is reciting inadmissible hearsay. FRE 801(c); 802.

<u>Declaration Para. 25</u>: Improper opinion testimony. Mr. James's legal conclusions that the letter "endors[ed] the validity and enforceability of the Bridge Loan documents" (4:18-19) mischaracterizes the letter and is improper opinion testimony by a lay witness. FRE 701.

<u>Declaration Para. 26</u>: Lack of foundation; lack of personal knowledge; hearsay. Mr. James's statement concerning Mr. Oliphant's receipt of a letter of intent (4:24-26) lacks foundation, does not display personal knowledge of the declarant (FRE 602), and is inadmissible hearsay to prove its contents. FRE 801(c); 802.

<u>Declaration Para. 28</u>: Hearsay. Mr. James's statement that "the Richman Group backed out" (5:4) is inadmissible hearsay. FRE 801(c); 802.

<u>Declaration Para. 30</u>: Lack of personal knowledge. Mr. James can only state that Mr. Oliphant did not object or seek modification as to him; as to others Mr. James lacks personal knowledge (FRE 602) and is reciting inadmissible hearsay. FRE 801(c); 802.

<u>Declaration Para. 31</u>: Improper opinion testimony. Mr. James's legal conclusion that any meeting between Mr. Oliphant and HUD was "contrary to [Oliphant's] agreement with Greystone" (5:16-17) mischaracterizes the terms of Greystone Servicing Engagement Letter and is improper opinion testimony by a lay witness. FRE 701.

---

*Santa Fe Pointe, LP, et al v. Greystone Servicing Corporation, Inc., et al.*                     - 4
Plaintiffs' Objections to Second Matt James Declaration
Farber & Company Attorneys, P.C.

<u>Declaration Para. 32</u>:  Lack of foundation; lack of personal knowledge; hearsay.  Mr. James's statement concerning HUD informing Mr. Oliphant of an application rejection and the reason for such a rejection lacks foundation, does not display personal knowledge of the declarant (FRE 602), and is inadmissible hearsay.  FRE 801(c); 802.

<u>Declaration Para. 33</u>:  Hearsay.  Mr. James's out of court conversations with co-worker Betsy Vartanian are inadmissible hearsay.  FRE 801(c); 802.

<u>Declaration Para. 33</u>:  Hearsay.  Mr. James's "informed belief" as to Ms. Vartanian's out of court statements to HUD, presumably obtained by reviewing documents that are unidentified and for which no foundation has been laid as admissibility, is double hearsay and inadmissible.  FRE 801(c); 802; 803(6).

<u>Declaration Para. 36</u>:  Improper opinion testimony; lack of personal knowledge.  Mr. James's legal conclusion that Oliphant's "purchase contract had expired" (6:3) is incorrect and improper opinion testimony by a lay witness.  FRE 701.  His statement that Mr. Oliphant "lacked the additional financing needed to acquire the real property" (6:4-5) does not establish personal knowledge of that testimony.  FRE 602.

<u>Declaration Para. 37</u>:  Lack of personal knowledge.  Mr. James's vague generalization that Mr. Oliphant "again failed to provide Greystone with the information and materials necessary for completion of the underwriting process" (6:7-8) is unhelpful testimony and does not specify what information or materials were lacking, must less establish Mr. James's personal knowledge on the subject.  FRE 602.

<u>Declaration Para. 39</u>:  Lack of personal knowledge; improper opinion testimony.  The statement that "Greystone avoided an inevitable second rejection by HUD" (6:12-13) lacks personal

---

1  knowledge by Mr. James as to what HUD may or may not have done (FRE 602) and is improper

2  opinion by a lay witness on the subject.  FRE 701.

4          <u>Declaration Para. 41</u>:  Hearsay.  Mr. James's recounting of conversations with a third party,

5  David Henry, is inadmissible hearsay.  FRE 801(c); 802.

7          <u>Declaration Para. 42</u>:  Hearsay.  Mr. James's recounting of conversations with a third party,

8  David Henry, is inadmissible hearsay.  FRE 801(c); 802.

10         <u>Declaration Para. 43</u>:  Hearsay; improper opinion testimony.  Mr. James's "informed belief"

11 is inadmissible hearsay, as are his conversations with co-worker Thom Ruffin, as are his reviews of

12 unidentified documents.  FRE 801(c); 802; 803(6).  His conclusory statement that "[i]t was clear

13 that Oliphant did not have a viable project" (7:6) is improper opinion by a lay witness.  FRE 701.

14 Mr. James nowhere explains his background or why he might be qualified to give opinions on the

15 viability of projects such as this one.

17 DATED:  February 1, 2008.                    FARBER & COMPANY ATTORNEYS, PC

19                                              By  /s/ William W. Schofield
20                                                  Eric J. Farber
                                                    William W. Schofield
                                                    Attorneys for Plaintiffs

_Santa Fe Pointe, LP, et al v. Greystone Servicing Corporation, Inc., et al._                                              - 6
Plaintiffs' Objections to Second Matt James Declaration
Farber & Company Attorneys, P.C.

# PROOF OF SERVICE

I, ERIC J. FARBER, declare:

1. I am an attorney at law over the age of eighteen years of age and not a party to this action. My business address is 847 Sansome St., LL, San Francisco, CA 94111.

2. On February 1, 2008, I served true and correct copies of the foregoing pleading **PLAINTIFFS' OBJECTIONS TO SECOND DECLARATION OF MATT JAMES SUBMITTED IN SUPPORT OF MOTION TO TRANSFER VENUE** on the interested parties by electronically filing such documents through the CM/ECF system of United States District Court for the Northern District of California, which will send electronic notification of such filing to the following registered users:

        Mark D. Kemple        mdkemple@jonesday.com

        Erik K. Swanholt        ekswanholt@jonesday.com

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed this 1st day of February, 2008, at San Francisco, California.

                                          */s/ Eric J. Farber*
                                          Eric J. Farber