1  Mark D. Kemple (State Bar No. 145219)
   Erik K. Swanholt (State Bar No. 198042)
2  JONES DAY
   555 South Flower Street
3  Fiftieth Floor
   Los Angeles, CA 90071-2300
4  Telephone:   (213) 489-3939
   Facsimile:   (213) 243-2539
5  Email: mkemple@jonesday.com
   Email: ekswanholt@jonesday.com
6
   Attorneys for Defendants
7  Greystone Servicing Corporation, Inc., and Greystone
   CDE, LLC
8

9              UNITED STATES DISTRICT COURT

10             NORTHERN DISTRICT OF CALIFORNIA

11                 (SAN FRANCISCO DIVISION)

12

13 | SANTA FE POINTE, LP, an Oklahoma          | CASE NO. C 07-05454 JCS
   | limited partnership; SANTA FE
14 | MANAGEMENT, LLC, an Oklahoma limited      | NOTICE OF MOTION AND
   | liability company; RANT, LLC, a Delaware  | MOTION TO DISMISS PURSUANT
15 | limited liability company; and THEOTIS F. | TO RULES 8(a), 12(b)(6), AND 17(b),
   | OLIPHANT, an individual,                  | IN WHOLE OR IN PART,
16 |                                           | PLAINTIFFS' SECOND AMENDED
   |                 Plaintiffs,               | COMPLAINT; AND
17 |
   |          v.                               |
18 |                                           | MEMORANDUM OF POINTS AND
   | GREYSTONE SERVICING                       | AUTHORITIES IN SUPPORT
19 | CORPORATION, INC., a Georgia              | THEREOF; DECLARATION OF
   | corporation; GREYSTONE CDE, LLC, a        | ERIK K. SWANHOLT
20 | Delaware limited liability company, and
   | DOES 1 through 100, inclusive,            | [PROPOSED] ORDER FILED
21 |                                           | CONCURRENTLY HEREWITH
   |                 Defendants.
22
23                                             Date:    April 18, 2008
                                               Time:    9:30 a.m.
24                                             Ctrm:    A (15th Floor)
                                               Before:  Hon. Joseph C. Spero
25
26
27
28

LAI-2934644v1                                              Defendants' Motion to Dismiss
                                                                        C 07-05454 JCS

## NOTICE OF MOTION AND MOTION

### TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that Defendants Greystone Servicing Corporation, Inc. and Greystone CDE, LLC (collectively, "Defendants") will, and hereby do, move the Court, pursuant to Rules 8(a), 12(b)(6), and 17(b) of the Federal Rules of Civil Procedure, for an order dismissing, in whole or in part, Plaintiffs' Second Amended Complaint. The motion will come before the Court on April 18, 2008 at 9:30 a.m., or as soon thereafter as the parties may be heard in Courtroom A (15th Floor) of the above-entitled Court located at 450 Golden Gate Avenue, San Francisco, California 94102. The motion is based on the grounds that:

A. Every cause of action must be dismissed with prejudice and without leave to amend as to Plaintiffs Santa Fe Pointe, LP, Santa Fe Management, LLC and Rant LLC (the "Entity Plaintiffs"), because the Second Amended Complaint does not allege facts demonstrating that the Entity Plaintiffs have registered in California such that they may maintain this action;

B. Plaintiffs' claims for negligence (first cause of action), breach of fiduciary duty (second cause of action), and negligent interference with prospective economic advantage (fourth cause of action) must be dismissed without leave to amend, because the allegations fail to establish any facts plausibly suggesting (1) that Defendant Greystone Servicing Corporation, Inc. owed any duty to Plaintiffs Rant, LLC, Santa Fe Management, LLC, and Theotis F. Oliphant or (2) that Defendant Greystone CDE, LLC owed any duty to any of the Plaintiffs.

C. Plaintiffs' claims for anticipatory repudiation (fifth cause of action) and breach of the implied covenant of good faith and fair dealing (sixth cause of action) impermissibly combine agreements and parties, and fail to satisfy the requirements of Rule 8(a).

DATED: March 4, 2008

JONES DAY

By: *[signature]*
Mark D. Kemple
Erik K. Swanholt

Attorneys for Defendants Greystone Servicing Corporation, Inc. and Greystone CDE, LLC

# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE GREYSTONE DEFENDANTS' MOTION TO DISMISS

## I. INTRODUCTION

This matter arises out of Plaintiff Theotis F. Oliphant's ("Oliphant") failed pursuit of the development of a multi-million dollar Low Income Housing Tax Credit project (the "Santa Fe project") for the Federal Housing Authority's ("FHA") Office of Housing and Urban Development ("HUD"). Each of the parties, all four Plaintiffs and both Defendants, played different roles, many of which were defined by different agreements, in the Santa Fe project. By order (doc. # 44) entered February 13, 2008, the Court granted the parties' stipulation for leave allowing Plaintiffs to file their Second Amended Complaint (doc. # 41). For the reasons explained below, Plaintiffs' Second Amended Complaint must be dismissed for (i) failure to allege the capacity of the Entity Plaintiffs to maintain this action pursuant to California law as made applicable by Rule 17(b); (ii) failure to state a claim pursuant to Rule 12(b)(6); and (iii) failure to satisfy the notice pleading requirements of Rule 8(a).

## II. ARGUMENT

A complaint may be dismissed for failure to state a claim for which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(b)(6). The pleadings must contain factual allegations "plausibly suggesting (not merely consistent with)" a right to relief, and that are definite enough to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombley*, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007) (observing that this requirement is consistent with Fed. R. Civ. P. 8(a)(2)). "Conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996). Furthermore, courts should not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

### A. THE SECOND AMENDED COMPLAINT DOES NOT ALLEGE THAT THE ENTITY PLAINTIFFS HAVE CAPACITY TO SUE IN CALIFORNIA.

Under the Federal Rules of Civil Procedure, "[t]he capacity of a corporation to sue or be

sued shall be determined by the law under which it was organized. *In all other cases capacity to sue or be sued shall be determined by the law of the state in which the district court is held*[.]" Fed. R. Civ. P. 17(b) (emphasis added). Because none of the Entity Plaintiffs[1] in this case are corporations, their capacity to sue must be determined according to California law. *See id.*

Here, Plaintiffs Rant, LLC ("Rant"), Santa Fe Management, LLC ("Santa Fe Management"), and Santa Fe Pointe, LP ("Santa Fe Pointe") are foreign entities organized under the laws of Oklahoma and, in the case of Rant, Delaware. Second Am. Compl. ("SAC") ¶¶ 2-4. Under California law, foreign limited liability companies and limited partnerships *must be registered in California* to maintain an action. Cal. Corp. Code § 17456(a) ("A foreign limited liability company transacting intrastate business in [California] *shall not maintain any action, suit, or proceeding* ... until it has registered in this state.") (emphasis added); § 15697(a) (same with respect to foreign limited partnerships). Therefore, because the Second Amended Complaint does not allege that any of the Entity Plaintiffs have registered in California, *see* SAC (doc. # 41) ¶¶ 2-4, all of their claims must be dismissed for lack of capacity to maintain this action.[2] Moreover, Defendants are informed and believe that Plaintiff Santa Fe Pointe, LP is not registered in California, and thus cannot amend the Second Amended Complaint to allege otherwise. [Declaration of Erik K. Swanholt ("Swanholt Decl."), ¶ 2, Ex. 1.] Defendants are uncertain as to whether the Santa Fe Management entity that is registered with the state is the same entity as Plaintiff Santa Fe Management, LLC, but contend, given the date of registration (1995), that it is not. [*Id.*, Ex. 2.]

**B.   PLAINTIFFS HAVE FAILED TO ALLEGE FACTS SUFFICIENT TO ESTABLISH THAT ANY LEGAL DUTY WAS OWED TO THEM.**

In their Second Amended Complaint, all four Plaintiffs assert claims for negligence (first cause of action), breach of fiduciary duty (second cause of action), and negligent interference with prospective economic advantage (fourth cause of action) against both Defendants. SAC

---

[1] For purposes of this motion, the "Entity Plaintiffs" are Santa Fe Pointe, LP, Santa Fe Management, LLC, and Rant LLC.

[2] Although Plaintiffs' Second Amended Complaint alleges that Rant (and only Rant) was "qualified to do business as a foreign corporation in the State of California," it does not allege that Rant ever registered with the state. *See* SAC (doc. # 41) ¶¶ 2-4.

(doc. # 41) ¶¶ 59-65, 66-77, 93-101. The sole basis for the alleged duty underlying these claims is the "business relationship" established through the Engagement Agreement. *Id.* ¶¶ 60-62, 67-68, 95. However, only one Plaintiff, Santa Fe Pointe, LP, and one Defendant, Greystone Servicing Corporation, are parties to the Engagement Agreement. Thus, the three remaining Plaintiffs, Rant, Santa Fe Management, and Theotis Oliphant, are not parties to the Engagement Agreement and were not owed any duties relating thereto.[3] Accordingly, each of those Plaintiffs' claims in the first, second and fourth causes of action should be dismissed.

Furthermore, Plaintiffs allege that Defendant Greystone CDE owes a duty to each of them based upon the Engagement Agreement. Because Greystone CDE is not a party to the Engagement Agreement, it cannot owe any duties to any Plaintiffs under that Agreement and the claims relating thereto should be dismissed.

### 1. Plaintiffs' Allegations Fail to Establish Any Basis for a Legal Duty Owed to Plaintiffs Rant, Santa Fe Management, and Oliphant.

The Engagement Agreement was entered into by and between Greystone Servicing Corporation and "Theo Oliphant *on behalf of an entity to be created* ('Applicant')," and sets forth the terms and conditions for Greystone Servicing's duties, if any, to the Applicant regarding the processing of the HUD loan application for the Santa Fe project. SAC (doc. # 41), Ex. A at 1-2 (emphasis added).[4] Although it is not alleged, it is undisputed that the "Applicant" is Plaintiff Santa Fe Pointe, LP. *See* SAC (doc. # 41) ¶ 2; SAC (doc. # 41), Ex. B at 2. Thus, by the terms of the Engagement Agreement, which Plaintiffs allege is the sole basis for the duties underlying their first, second, and fourth causes of action, there can be no duty owed by Greystone Servicing (a party to that Agreement) to Plaintiffs Rant, Santa Fe Management, or Oliphant in his individual capacity, none of which is a party to that Agreement.

---

[3] Moreover, Plaintiffs' conclusory allegations offer no support for their legal conclusion that, by virtue of the Engagement Agreement, "[e]ach of the Greystone Defendants owed Plaintiffs and each of them" any duty or "stands in a confidential and fiduciary relationship with Plaintiffs and each of them." *Id.* ¶¶ 60-62, 67, 69, 95 (emphasis added).

[4] The Court "may consider material which is properly submitted as part of the complaint on a motion to dismiss without converting the motion to dismiss into a motion for summary judgment." *Gordon v. Impulse Mktg. Group, Inc.*, 375 F. Supp. 2d 1040, 1044 (E.D. Wash. 2005) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001)).

Accordingly, because each of Plaintiffs' claims for negligence, breach of fiduciary duty, and negligent interference with prospective economic advantage require the presence of a duty owed by Defendants to Plaintiffs, each should be dismissed with respect to Plaintiffs Rant, Santa Fe Management, and Oliphant because no such duty exists.

### 2. Plaintiffs' Allegations Fail to Establish Any Basis for a Legal Duty Owed by Greystone CDE, LLC.

Greystone CDE, LLC is not a party to the Engagement Agreement. *See* SAC (doc. # 41), Ex. A at 1-2. Although Greystone CDE, LLC was a party to the bridge loan transaction, Plaintiffs have already argued and the Court has held that Plaintiffs' claims in this action "do not arise from the duties and obligations contained in the guaranties that were signed in support of the bridge loan." Order (doc. # 37) at 9. Because Plaintiffs' claims, as alleged, depend on a duty arising solely from the "business relationship established through the Engagement Agreement" and the role of *Greystone Servicing Corporation* as underwriter for the HUD loan application for the Santa Fe project, there is no factual support for Plaintiffs' legal conclusion that Greystone CDE, LLC owed any duty to any of them. *See Id.* ¶¶ 60-62, 67-68, 95. Therefore, Plaintiffs' claims for negligence, breach of fiduciary duty, and negligent interference with prospective economic advantage should be dismissed as against Defendant Greystone CDE, LLC because Greystone CDE did not owe any duties under the Engagement Agreement to any of the Plaintiffs.

### C. PLAINTIFFS' CLAIMS FOR ANTICIPATORY REPUDIATION AND BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING IMPERMISSIBLY COMBINE AGREEMENTS AND PARTIES.

All four Plaintiffs also assert claims for anticipatory repudiation (fifth cause of action) and breach of the implied covenant of good faith and fair dealing (sixth cause of action) against both Defendants. SAC (doc. # 41) ¶¶ 102-10. According to Plaintiffs, these claims arise from "a series of written agreements," which they allege in each instance have not been honored in some fashion by "the Greystone Defendants, *and each of them*." *Id.* ¶¶ 103-04, 108-09 (emphasis added). For reasons similar to those discussed in Part II.B., *supra*, it cannot be that both claims encompass a legitimate dispute among each and all of the parties on both sides of this action.

Plaintiffs' allegations exceed the bounds of notice pleading because they fail to apprise the

1  Defendants of the nature and extent of the claims asserted against them, and prevent the
2  narrowing of issues that would promote efficient case management. *See* Fed. R. Civ. P. 8(a)(2);
3  *see also Arikat v. JP Morgan Chase & Co.*, 430 F. Supp. 2d 1013, 1020 (N.D. Cal. 2006)
4  (allegations "ascribed to defendants collectively rather than to individual defendants" are
5  insufficient); *Gauvin v. Trombatore*, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988) (where
6  allegations are made against multiple defendants, "plaintiff must allege the basis of his claim
7  against each defendant to satisfy [Rule] 8(a)(2) . . . .").

8  To the extent that Plaintiffs' fifth and sixth causes of action for anticipatory repudiation
9  and breach of the implied covenant of good faith and fair dealing pertain to the bridge loan
10 transaction, Defendant Greystone Servicing Corporation is not a party to any of the bridge loan
11 documents and thus cannot be legally responsible for any alleged breach relating thereto. And, to
12 the extent that those claims pertain to the Engagement Agreement, Greystone CDE, LLC is not a
13 party thereto and likewise cannot be liable for any alleged breach relating thereto. Moreover,
14 given the preliminary questions of choice of law that will arise under any action "relating to" the
15 bridge loan documents, it is imperative that Plaintiffs plead these matters with clarity so the issues
16 may be framed according to California or New York law as appropriate. Accordingly, Plaintiffs'
17 claims for anticipatory repudiation and breach of the implied covenant of good faith and fair
18 dealing should be dismissed for failure to satisfy the notice pleading requirements of Rule 8(a).

## III.  CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court grant Defendant's motion to dismiss Plaintiffs' Second Amended Complaint.

Dated: March 4, 2008

JONES DAY

By: _____
Mark D. Kemple
Erik K. Swanholt

Attorneys for Defendants Greystone Servicing Corporation, Inc. and Greystone CDE, LLC

# DECLARATION OF ERIK K. SWANHOLT

I, Erik K. Swanholt, declare and state as follows:

1. I am an associate with the law firm of Jones Day, counsel of record for Defendants Greystone Servicing Corporation and Greystone CDE, LLC in the above-entitled matter. I have personal and first-hand knowledge of the facts set forth in this Declaration, and if called and sworn as a witness, I could and would testify competently to those facts.

2. On March 4, 2008, I accessed the California Secretary of State's website to determine whether any of the Entity Plaintiffs had registered with the state of California. I am informed and believe that all foreign entities registered with the state of California can be found through this website, with certain lag time required for entities registered within the preceding five (5) days. The website address is http://kepler.sos.ca.gov/list.html. At the site, I entered the names of each of the Entity Plaintiffs. The attached exhibits reflect that the information displayed as a result of the searches I conducted is current as of February 29, 2008. A search for Santa Fe Pointe, LP returned no results. A true and correct copy of the webpage relating to same is attached hereto as Exhibit 1. A search for Santa Fe Management, LLC returned results showing an agent for service in Carlsbad, California. I have no information as to whether this entity is the same as or different from the Plaintiff Santa Fe Management, LLC in this action, however, given the registration year (1995), I do not believe that the registered entity is the Plaintiff in this action. A true and correct copy of the webpage relating to same is attached hereto as Exhibit 2. A search for Rant LLC returned results showing

///
///
///
///
///

1  Theotis F. Oliphant as the registered agent for service.  A true and correct copy of
2  the webpage relating to same is attached hereto as Exhibit 3.
3       I declare under penalty of perjury under the laws of the United States of
4  America that the foregoing is true and correct and that this declaration was executed
5  this ___4th___ day of March 2008, at Los Angeles, California.

                                            _____
                                                    Erik K. Swanholt

# EXHIBIT 1

# California Business Portal

**Secretary of State DEBRA BOWEN**

| SECRETARY OF STATE | ELECTIONS & VOTER INFO | POLITICAL REFORM | CA BUSINESS PORTAL | ARCHIVES & MUSEUM | OTHER SERVICES |

**Business Search LP/LLC**

- New Search
- Search Tips
- Field Definitions
- Status Definitions
- LLC Name Availability
- LP Name Availability
- Business Entities Records Order Form
  - Certificates
  - Copies
  - Status Reports
- LLC FAQS
- LP FAQS
- LLC Main Page
- LP Main Page
- Site Search

## Limited Partnerships/Limited Liability Companies — LP/LLC

The information displayed here is current as of "Feb 29, 2008" and is updated weekly. It is not a complete or certified record of the Limited Partnership or Limited Liability Company.

If you are unable to locate a record, you may request a more extensive search by ordering a status report. Fees and instructions for ordering a status report are included on the **Business Entities Records Order Form**. Certificates and/or certified copies can also be requested using the order form.

**No results matched the search term : "Santa Fe Pointe, LP"**

**Need help with your search?**

Copyright ©2001 California Secretary of State. **Privacy Statement.**

EXHIBIT 2

# California Business Portal

**Secretary of State DEBRA BOWEN**

**DISCLAIMER:** The information displayed here is current as of Feb 29, 2008 and is updated weekly. It is not a complete or certified record of the Limited Partnership or Limited Liability Company.

| LP/LLC | | |
|---|---|---|
| SANTA FE MANAGEMENT, LLC | | |
| **Number:** 199506810004 | **Date Filed:** 3/9/1995 | **Status:** active |
| **Jurisdiction:** CALIFORNIA | | |
| Address | | |
| Agent for Service of Process | | |
| ERIC M. SPECTOR | | |
| 6349 PALOMAR OAKS CENTER | | |
| CARLSBAD, CA 92008 | | |

Blank fields indicate the information is not contained in the computer file.

If the agent for service of process is a corporation, the address of the agent may be requested by ordering a status report. Fees and instructions for ordering a status report are included on the Business Entities Records Order Form.

# EXHIBIT 3



## California Business Portal
### Secretary of State DEBRA BOWEN

**DISCLAIMER:** The information displayed here is current as of Feb 29, 2008 and is updated weekly. It is not a complete or certified record of the Limited Partnership or Limited Liability Company.

| LP/LLC | | |
|---|---|---|
| RANT, LLC | | |
| **Number:** 200629810102 | **Date Filed:** 10/25/2006 | **Status:** active |
| **Jurisdiction:** DELAWARE | | |
| Address | | |
| 113 CARMEL AVENUE | | |
| EL CERRITO, CA 94530 | | |
| Agent for Service of Process | | |
| THEO F. OLIPHANT | | |
| 300 FRANK H. OGAWA PLAZA, STE. 345 | | |
| OAKLAND, CA 94530 | | |

Blank fields indicate the information is not contained in the computer file.

If the agent for service of process is a corporation, the address of the agent may be requested by ordering a status report. Fees and instructions for ordering a status report are included on the Business Entities Records Order Form.