## JONES DAY

555 SOUTH FLOWER STREET • FIFTIETH FLOOR • LOS ANGELES, CALIFORNIA 90071-2300
TELEPHONE: 213-489-3939 • FACSIMILE: 213-243-2539

Direct Number: (213) 243-2195
mkemple@jonesday.com

JP002175
585449-605001

March 27, 2008

Magistrate Judge Joseph C. Spero
United States District Court for the Northern District of California
450 Golden Gate Ave.
Courtroom A, 15th Floor
San Francisco, CA 94102

Re: Santa Fe Pointe, L.P. v. Greystone Servicing Corp., Inc.
Case No. C07-05454 JCS

Dear Judge Spero:

We are in receipt of Plaintiffs' 58-page submission to your attention of today's date, in response to Defendants' motion for leave to reconsider. Defendants request that Plaintiffs' submission be disregarded and stricken by the Court, as a violation of Local Rule 7-9(d).

If the Court is going to consider Plaintiffs' improper submission, and permit such briefing, Defendants offer the following three points in rebuttal to that improper submission:

First, Defendants do not "hide" anything. The Oliphant Parties' Motion to Transfer filed in New York is the central evidence cited by Defendants in their motion (and attached thereto) as inescapably evidencing changed conditions which warrant transfer of this action to New York. Nothing was "hidden," as Plaintiffs' fabricate as an excuse to get before this Court.

Second, the Oliphant Parties' pending Motion in the New York case notwithstanding, Judge Patterson in New York already *has* ruled on the merit of Plaintiffs' argument that New York is not the proper forum for this dispute – indeed *rejected* that very argument, in writing:

> More importantly, Plaintiff (Greystone) selected this forum based on the forum selection clauses of the loan guaranties, which each Defendant (Oliphant Parties) executed in favor of Greystone CDE.... Subsequent to signing the loan and guaranty agreements, Defendant Oliphant's law office rendered a legal opinion as to the validity and enforceability of the bridge loan agreement and the partners' guaranties thereof. **Having previously agreed to litigate this case in New York should Plaintiff institute an action here, Defendants cannot now claim that their burden in doing so outweighs the interest of Plaintiff in proceeding with this action.**

LAI-2939813v1
ATLANTA • BEIJING • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • FRANKFURT • HONG KONG • HOUSTON
IRVINE • LONDON • LOS ANGELES • MADRID • MILAN • MOSCOW • MUNICH • NEW DELHI • NEW YORK • PARIS • PITTSBURGH
SAN DIEGO • SAN FRANCISCO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

JONES DAY

William W. Schofield
March 27, 2008
Page 2

Swanholt Decl. to Request, Ex. 4 (Order of Feb. 20, 2008 in the New York action) at 4 (emph. added). We repeat again that to which the Oliphant Parties take (through improper submission) exception: "[N]o claim realistically can be made that New York is not the appropriate forum." Mot. 5:22-23. Their New York motion does not become "realistic" by their decision to ignore that prior, written ruling of the New York Court.

Third, and on a related point, Plaintiffs' contention that because they have affirmatively elected to bring all their claims as against all parties in New York, New York is a *less* desirable forum than it was when Judge Patterson made the statement quoted above, is simply preposterous. In Plaintiffs' profoundly odd view, because **all parties have now elected to pursue all their claims in the one venue in which all parties agreed would not be challenged – New York – New York is now a *less* desirable forum.** We say again, "no claim realistically can be made that New York is not the appropriate forum." Mot. 5:22-23.

Simply, there is no basis to delay Defendants' request to reconsider. All of the California claims against all parties (and more) are being litigated in New York (and sooner) – the one venue to which the parties "irrevocably and unconditionally" consented they could be brought, and the one venue the parties "irrevocably and unconditionally" consented they would not challenge. There no longer are any countervailing arguments to transfer of this action to New York. Indeed, that is why Plaintiffs' want this Court's ruling "delayed." Defendants respectfully request that they be given leave now to seek reconsideration or dismissal or transfer of this action to the Southern District of New York.

Respectfully submitted,

Mark D. Kemple

LAI-2939813v1