Eric J. Farber (SBN: 169472)
efarber@pinnaclelawgroup.com
William W. Schofield (SBN: 062674)
wschofield@pinnaclelawgroup.com
Kevin F. Rooney (SBN: 184096)
krooney@pinnaclelawgroup.com
Pinnacle Law Group LLP
425 California Street, Suite 1800
San Francisco, California 94104
Telephone: (415) 394-5700
Facsimile: (415) 394-5003

Attorneys for Plaintiffs SANTA FE POINTE, LP,
SANTA FE MANAGEMENT, LLC, RANT, LLC,
and THEOTIS OLIPHANT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

(SAN FRANCISCO DIVISION)

| | |
|---|---|
| SANTA FE POINTE, LP, et al.<br><br>                    Plaintiffs,<br>    vs.<br><br>GREYSTONE SERVICING<br>CORPORATION, INC., et al.,<br><br>                    Defendants. | Case No.: C07-05454 JCS<br><br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO RECONSIDER**<br><br>Date:   May 9, 2008<br>Time:  9:30 a.m.<br>Ctrm:  A (15th Flr.)<br>Before: Hon. Joseph C. Spero |

## I.    INTRODUCTION

The Greystone Defendants persist in making this litigation as costly as possible for Mr. Oliphant and the entity Plaintiffs (collectively "the Oliphant Parties") by continually making and renewing procedural challenges that do nothing to advance this litigation. At some point this all has to stop.

Greystone's present motion asks the Court to reconsider its denial of a prior transfer-venue motion that was extensively briefed at considerable expense. The only basis for the present motion is that the Oliphant Parties have filed a protective counterclaim in the New York action, as

required to place the issues there in proper perspective should that litigation proceed. But the filing of that counterclaim does nothing to change the Court's reasoning in denying Greystone's previous transfer-venue motion. The Court denied that motion based on the deference rightly afforded the Oliphant Parties in choosing where to sue. Greystone had not, and could not, display the convenience of parties and witnesses or the interests of justice mandated a change of forum. The Court's reasoning applies with equal force now, as explained below. The Oliphant Parties' protective counterclaim in the New York action does not mean they forfeit their right to be plaintiffs here.

Moreover, Greystone misleads the Court into believing the New York action is more mature and will proceed faster than this case. Not so. It is here, not New York, where the parties have exchanged information about witnesses and documents, where the parties have engaged in extensive discovery, and where the parties are scheduled to mediate their claims. None of this has happened in New York. Indeed, the Oliphant Parties have moved the New York court to transfer that case to the Northern District of California, and that motion is presently pending (a fact Greystone fails to reveal to this Court).

The motion to reconsider should be denied.

## II.     ARGUMENT

### A.     Greystone Misstates the Basis for the Court's Earlier Ruling

Greystone starts its brief by mischaracterizing the Court's February 4, 2008 Order Denying Greystone's Motion to Transfer Venue ("Order").[1] According to Greystone the basis of the Order was that (a) the claims in this case were different from the claims in New York, (b) only one of the Greystone parties sued here was a plaintiff in New York, (c) New York had not established jurisdiction, and (d) a question was presented as to whether the New York venue selection provisions were unenforceable. Greystone Br., 1:2-12.

---

[1] Indeed, Greystone does not even attach the February 4, 2008 Order to its motion to reconsider. The Order is attached to the Declaration of William W. Schofield in Opposition to Motion to Reconsider ("Schofield Decl.") as Exhibit A.

In fact, however, the existence of the New York action had little, if any, bearing on the Court's Order. Rather, the Court's logic—as explained in the "Analysis" portion of the Order (Order, at 8:23-10:19)—was as follows.

Greystone's motion was premised on 28 U.S.C. §1404(a), which allows a district court to transfer venue to another district where the claim could have been brought for the "convenience of witnesses and parties" and in the "interests of justice." The Court rightly pointed out that to prevail on such a motion, a party seeking transfer must make "a strong showing . . .to warrant upsetting the plaintiff's choice of forum." (Order, at 8:24-28, citing, Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986).)

The Greystone defendants had urged that the forum selection clauses contained in the bridge loan guaranties mandated that this action be prosecuted in New York. The Court made two responses to this argument. First, the language of the forum selection clauses was permissive only and did not purport to make the New York courts the exclusive jurisdiction in which the claims could be litigated. (Order, at 9:18-20.) Second, the claims being asserted by the Oliphant Parties in this litigation "do not arise from the duties and obligations contained in the guaranties" that contained the forum selection clauses. (Order, at 9:20-23.) Therefore, the Oliphant Parties were entitled to the deference that is generally afforded a plaintiff's choice of forum. (Order, at 9:23-25.[2])

Nothing has changed to alter this reasoning.

The forum selection clauses still remain permissive. The issues of negligence and breach of fiduciary duty in the handling of the HUD application, raised by the Oliphant Parties' complaint here, do not involve the guaranties in which the forum selection clauses are contained. In sum, the reasons that favored the Court deferring to the Oliphant Parties' choice of this district to litigate remain the same.

---

[2] Moreover, the factors underlying convenience of parties and witnesses did not strongly support venuing the matter in New York, as they must if the Court was to disturb the Oliphant Parties' choice of forum. Order, at 10:6-17.

That the Oliphant Parties filed a protective counterclaim in the New York action does not change the rationale for allowing this action to proceed here. Under Greystone's reasoning, the Oliphant Parties would forfeit their right to proceed as plaintiffs here by the mere act of filing a protective counterclaim in New York. In other words, the Oliphant Parties can litigate only as defendants in a forum they did not select, not as plaintiffs here. There is no authority for such a bizarre concept.

### B. Greystone Misstates the Procedural Posture of the Two Cases and Ignores the Motion To Transfer Venue That Is Pending in New York

Greystone at several points in its brief makes the unsupported, and wildly overstated, claim that the New York action will proceed first and is proceeding "faster" than this case:

- "Beyond question, the New York action will proceed (by contractual agreement of the parties), and is proceeding faster." (Greystone Br., 2:19-20.)
- "[T]he fact remains that no claim realistically can be made that New York is not the appropriate forum; all of these claims will proceed in New York, and sooner." (Greystone Br., 5:22-23.)
- "[T]he fact remains that no claim realistically can be made that New York is not the appropriate forum, or that the claims now tendered by all parties in New York should be transferred to California, or anywhere else. All of these claims will proceed in New York, and sooner." (Greystone Br., 8:10-13; emphasis in original.)

These misstatements ignore two important facts. First, it is this case, not the New York action, that is proceeding apace. In response to the Court's order—entered at the February 8, 2008 Case Management Conference—that mediation be completed by the end of May 2008, the parties have engaged in active discovery here. They exchanged F.R.C.P. Rule 26(f) initial disclosures of witnesses and documents two-and-one half months ago, propounded and responded to interrogatories in February and March 2008, propounded and responded to Requests for Production of Documents in February and March 2008, and the Oliphant Parties responded to far-reaching Requests for Admissions in March. (Declaration of William W. Schofield in Opposition to Motion for Reconderation ("Schofield Decl."), ¶4.) The parties have also agreed to Court-

---

sponsored mediation, have conferred with the appointed mediator, and have a full-day mediation scheduled for May 22, 2008. (Id. at ¶¶5-6.) By contrast, no discovery has been undertaken in the New York action; indeed, the parties have yet to make the F.R.C.P. Rule 26(f) initial disclosures in that case. (Id. at ¶8.)

Second, Greystone fails to explain that the Oliphant Parties have a pending motion before the Honorable Robert P. Patterson of the Southern District of New York to transfer venue of that case to this Court. The Oliphant Parties' moving papers are attached as Exhibit 1 to the Declaration of Erik K. Swanholt accompanying the Motion for Reconsideration. The Greystone opposition (dated March 8, 2008) and the Oliphant reply papers (dated March 24, 2008) are attached to the accompanying Declaration of William W. Schofield as Exhibits B and C to allow the Court to fully review the materials Judge Patterson is presently considering.

Greystone's motion not only fails to mention that **the transfer venue motion is pending and has not been ruled on**, it leaves the incorrect impression that the motion has been denied.

Judge Patterson presently has the motion under consideration. As demonstrated in the moving papers supporting that motion, the matter should be transferred to California where (a) this Court has already ruled on the 28 U.S.C. §1404(a) convenience of witnesses and interests of justice issues, (b) discovery has been conducted, and (c) mediation is scheduled for next month.

Greystone further confuses the issue by citing to portions of Judge Patterson's denial of a motion to stay (Exhibit 4 to Declaration of Erik J. Swanholt) that was heard in February 2008. That motion was heard, however, before the Oliphant Parties filed their Counterclaim in that action, which changed the issues before Judge Patterson, as the Oliphant Parties fully explain in the transfer-venue motion pending in New York.

### III.     CONCLUSION

The Oliphant Parties want only to litigate their claims on the merits, not to respond to Greystone's persistent and costly procedural maneuvers. Greystone has had its day in court on the section 1404(a) issues, fully aired the issues then, and lost. The case is proceeding through discovery and mediation and should not be disrupted. At the very least, consideration of

Greystone's present motion to reconsider is premature until Judge Patterson acts on the transfer-venue motion pending before him.

Dated:  April 18, 2008.                    PINNACLE LAW GROUP, LLP
                                           Attorneys for Plaintiffs


                                           By /s/ *William W. Schofield*
                                               William W. Schofield

---

1. **DECLARATION OF ERIC J. FARBER REGARDING NON-ECF USER'S SIGNATURE**
2. I, Eric J. Farber, declare:
3. William W. Schofield, a signatory to this document, is not an ECF User.
4. I am a registered ECF User and hereby attest that concurrence in the filing of the
5. document has been obtained from the other signatory, William W. Schofield, which shall serve in
6. lieu of his signature on the document. I maintain records to support this concurrence for
7. subsequent production for the court if so ordered or for inspection upon request by a party until
8. one year after final resolution of the action (including appeal, if any).
9. I declare under penalty of perjury under the laws of the United States of America that the
10. foregoing is true and correct and that this declaration was executed this 18th day of April 2008, at
11. San Francisco, California.

                                                /s/    *Eric J. Farber*
                                                        Eric J. Farber

## PROOF OF SERVICE

I, Eric J. Farber, declare:

1. I am an attorney at law over the age of eighteen years of age and not a party to this action. My business address is 425 California Street, #1800, San Francisco, CA 94104.

2. On April 18, 2008, I served true and correct copies of the foregoing pleading: **PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORIES IN OPPOSITION TO MOTION TO RECONSIDER** on the interested parties by electronically filing such documents through the CM/ECF system of the United States District Court for the Northern District of California, which will send electronic notification of such filing to the following registered users:

    Mark D. Kemple        mdkemple@jonesday.com

    Erik K. Swanholt      ekswanholt@jonesday.com

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed this 18th day of April 2008, at San Francisco, California.

                                                   /s/    *Eric J. Farber*
                                                        Eric J. Farber