# JONES DAY

555 SOUTH FLOWER STREET • FIFTIETH FLOOR • LOS ANGELES, CALIFORNIA 90071-2300
TELEPHONE: 213-489-3939 • FACSIMILE: 213-243-2539

Direct Number: (213) 243-2195
mkemple@jonesday.com

JP002175
585449-605001

April 25, 2008

Magistrate Judge Joseph C. Spero
United States District Court for the Northern District of California
450 Golden Gate Ave., Courtroom A, 15th Floor
San Francisco, CA 94102

Re:   Santa Fe Pointe, L.P. v. Greystone Servicing Corp., Inc., C07-05454 JCS

Dear Judge Spero:

We are in receipt of the Court's April 24, 2008 Order continuing the hearing on Defendants' motion for reconsideration to July 25, 2008. We note that this was issued in response to Plaintiffs' ("Oliphant Parties") opposition, but prior to Defendants' Reply. The Oliphant Plaintiffs requested in opposition, and this Court appears to have determined, that this Court's resolution of whether California is a proper forum should await the New York Court's decision on a like request there. Though we disagree with that ordering, and would have so stated in Reply, we write to gain clarification that **all proceedings in this matter are stayed** until this Court rules upon Defendants' motion. Though we believe that this is implicit in the Court's Order, it is not express. Indeed, the one thing that all parties agree on (and have voiced in their competing motions to transfer) is that duplicative litigation and discovery must be avoided. Simply, three points support the stand-still instruction implicit in this Court's order:

(1)   The parties now agree that duplicative and costly litigation of nearly identical actions on opposite coasts is wasteful and unnecessary. Yet that is exactly what will occur in this matter if a stay of these proceedings is not ordered;

(2)   Judge Patterson has already rejected the arguments made by the Oliphant parties' in support of their pending motion to transfer the New York matter to California;

(3)   The Oliphant Parties' **"irrevocable and unconditional"** consent to the New York venue – the only venue in which **all** claims by **all** parties is pending – renders New York alone the venue that all parties agree all claims by and between all parties **can** and **will** be heard. There is nothing permissive about the Oliphant's waiver of any ability to transfer an action in New York once brought there.

First, staying all proceedings in this matter until the Court rules on Defendants' motion for reconsideration is appropriate because it is consistent with both parties' wishes and this Court's implicit ruling that duplicative litigation in these matters must be avoided. If a stay is not put in place, witnesses, including third parties, may be subject to duplicative and unnecessary discovery, all before this Court rules on Defendants' motion in July, thus defeating one of the primary purposes of consolidation of these cases – avoiding duplicative and wasteful efforts in

LAI-2945765v1

ATLANTA • BEIJING • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • FRANKFURT • HONG KONG • HOUSTON
IRVINE • LONDON • LOS ANGELES • MADRID • MILAN • MOSCOW • MUNICH • NEW DELHI • NEW YORK • PARIS • PITTSBURGH
SAN DIEGO • SAN FRANCISCO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

JONES DAY

Magistrate Judge Joseph C. Spero
April 25, 2008
Page 2

matters pending on opposite coasts. Of course, the parties remain free to engage in discovery in New York – the venue to which the Oliphant Parties have given their "irrevocable and unconditional" consent.

Moreover, the Oliphant Parties have claimed that the Greystone Defendants, by their motion, seek nothing more than to make "this litigation as costly as possible for Mr. Oliphant and the entity Plaintiffs." Opp'n, 1:22-23. Defendants dispute the Oliphant Parties' charge and indeed have sought, on multiple occasions, to avoid the unnecessary expenditure of resources in this matter when it was appropriate to do so. Here, Defendants again make a similar request and provide an opportunity for Plaintiffs to avoid the unnecessary expenditure of resources by staying all proceedings in this matter, including discovery and mediation, until the Court rules on Defendants' motion to transfer. If the Oliphant Parties are truly interested in keeping costs down, they will gladly support Defendants' request.

Second, and more specifically, the Oliphant Parties' pending Motion to Transfer in the New York case notwithstanding, Judge Patterson in New York already *has* ruled on the merit of the Oliphant Parties' argument that New York is not the proper forum for this dispute – indeed *rejected* that very argument, in writing:

> More importantly, Plaintiff [Greystone] selected this forum based on the forum selection clauses of the loan guaranties, which each Defendant [Oliphant Parties] executed in favor of Greystone CDE.... Subsequent to signing the loan and guaranty agreements, Defendant Oliphant's law office rendered a legal opinion as to the validity and enforceability of the bridge loan agreement and the partners' guaranties thereof. **Having previously agreed to litigate this case in New York should Plaintiff institute an action here, Defendants cannot now claim that their burden in doing so outweighs the interest of Plaintiff in proceeding with this action**.

Swanholt Decl. to Motion for Reconsideration ("Swanholt"), Ex. 4, at 4. No claim realistically can be made that New York is not the appropriate forum. The Oliphant Parties' New York motion does not become "realistic" by their decision to ignore this prior Order.

Third, it is simply beyond reasonable debate, given the new facts that have led to this Court's reconsideration, that Judge Patterson's ruling is correct. Three key (and new) facts are not contested and are dispositive:

(1)  All parties agree that this matter must be litigated in only one venue – not concurrently in two venues on opposite coasts.[1]

---

[1] As the Oliphant Parties concede, "the interest of justice mandates against the parties litigating identical issues in two fora." *See* Swanholt, Ex. 1 at 1.

LAI-2945765v1

JONES DAY

Magistrate Judge Joseph C. Spero
April 25, 2008
Page 3

    (2)    Of the two venues, only New York has before it all claims by all parties. The California action is but a subset of the New York action.[2]

    (3)    The Oliphant Parties "unconditionally and irrevocably" consented in writing that New York was a proper venue, and that they would not challenge New York as a proper venue.[3] There is nothing "permissive" about their agreement.

These three key points end all reasonable debate; New York is the only proper venue. Were more needed, and though the Oliphant Parties feign otherwise, it is also undisputable that:

    (4)    the New York action – with a current trial date of May 2008 and motions for partial adjudication pending – is far more advanced than this action.[4]

With this, and even putting reason aside, only the *most* intractable advocate could continue to argue that the larger New York action should be sent to the smaller California action, based on a motion brought in express breach of the parties' written, express "unconditional and irrevocable" consent to New York venue. Patently, the more narrow California claims – already subsumed in the New York action – should be resolved in New York where they will be resolved in all events.

    Based upon the foregoing, staying all proceedings in this matter until this Court has ruled upon Defendants' motion for reconsideration saves the resources of the parties and the Court, and the witnesses who might otherwise be deposed twice. Given the recent substantive changes in the posture of the two matters at issue and the likelihood that this Court will grant Defendants' motion to transfer this matter to New York, allowing the parties to proceed with written discovery, document production, depositions, etc. in California makes little sense. Defendants, request this Court to stay all proceedings until the Court rules on the transfer motion.

Respectfully submitted,

Mark D. Kemple
Counsel for Defendants

cc: William Schofield, Esq.

---

[2] Unlike New York, the claims of Greystone CDE, LLC are not asserted in California.

[3] "Pledgors hereby **irrevocably and unconditionally**:... (ii) consent that any such action or proceeding may be brought in such [New York] courts, and waives any objection that it may now or hereafter have to the venue of any such action or proceeding in any such court or that such action or proceeding was brought in an inconvenient court and agree not to plead or claim the same." Swanholt, Ex. 2 at 1, 15-16.

[4] In contrast, Defendants are not obliged even to *answer* the California pleading until August 2008.

LAI-2945765v1