United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTA FE POINTE, LP, ET AL., | Case No. C-07-05454 JCS |
| Plaintiffs, | |
| v. | **ORDER DENYING MOTION FOR RECONSIDERATION [Docket No. 50]** |
| GREYSTONE SERVICING CORP., INC., ET AL., | |
| Defendants. | |

On February 4, 2008, the Court denied Defendants' motion to transfer this action to the Southern District of New York. On March 26, 2008, Defendants filed a motion for leave to file a motion for reconsideration. The Court granted that motion on April 3, 2008 and set a hearing on the Motion for Reconsideration for May 9, 2008. In the meantime, a motion to transfer to this Court was taken under submission in the United States District Court for the Southern District of New York in *Greystone CDE, LLC v. Santa Fe Pointe, LP*, Case No. 07-8377 ("the New York Action"). In order to give the New York Court the opportunity to rule on that motion, the Court continued the hearing on the Motion for Reconsideration to July 25, 2008 at 9:30 a.m. Subsequently, however, both Plaintiffs and Defendants sent letters to the Court (docket numbers 59 & 60) addressing the implications of the Court's continuance for settlement and discovery.

Having carefully considered the issues raised in the parties' letters and in the briefs on the Motion for Reconsideration, the Court is now persuaded that it should not defer ruling on the Motion for Reconsideration. Further, the Court finds that a hearing on the Motion for Reconsideration is not required and therefore vacates the July 25, 2008 hearing pursuant to Civil Local Rule 7-1(b). The Motion for Reconsideration is DENIED.

Pursuant to Civil Local Rule 7-9(b)(2), a party may bring a motion to reconsider on the basis of "new material facts." Defendants argue that this standard is met because Plaintiff has filed counterclaims in the New York Action and it is now undisputed that the issues and parties in the two actions are identical. According to Defendants, "*all* of [the] salient facts have changed since the entry of this Court's February 4 Order" and therefore, the Court should transfer the action to the Southern District of New York. The Court disagrees.

In its February 4 Order, the Court considered numerous factors in determining that a transfer under 28 U.S.C. § 1404(a) was not warranted. These included where the relevant agreements were negotiated and were to be performed, the contacts of parties and witnesses to the two fora and which states' law would likely be applied. The Court also based its decision on the conclusion that the forum selection clause cited by Defendants was permissive. These considerations remain unchanged, notwithstanding the fact that the New York Action now mirrors this action. Nor is the Court persuaded that the case management challenges posed by the dual actions justify a reversal by this Court of its earlier decision denying Defendants' motion to transfer. Accordingly, the Motion for Reconsideration is DENIED.

IT IS SO ORDERED.

Dated: May 5, 2008

JOSEPH C. SPERO
United States Magistrate Judge

2