Mark D. Kemple (State Bar No. 145219)
Erik K. Swanholt (State Bar No. 198042)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, CA 90071-2300
Telephone:    (213) 489-3939
Facsimile:    (213) 243-2539
Email: mkemple@jonesday.com
Email: ekswanholt@jonesday.com

Attorneys for Defendants
Greystone Servicing Corporation, Inc., and Greystone CDE, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**(SAN FRANCISCO DIVISION)**

| | |
|---|---|
| SANTA FE POINTE, LP, an Oklahoma limited partnership; SANTA FE MANAGEMENT, LLC, an Oklahoma limited liability company; RANT, LLC, a Delaware limited liability company; and THEOTIS F. OLIPHANT, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>GREYSTONE SERVICING CORPORATION, INC., a Georgia corporation; GREYSTONE CDE, LLC, a Delaware limited liability company, and DOES 1 through 100, inclusive,<br><br>Defendants. | **CASE NO. C 07-05454 JCS**<br><br>**NOTICE OF MOTION AND SECOND MOTION TO DISMISS PURSUANT TO RULES 8(a) AND 12(b)(6), IN WHOLE OR IN PART, PLAINTIFFS' SECOND AMENDED COMPLAINT; AND**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**[PROPOSED] ORDER FILED CONCURRENTLY HEREWITH**<br><br>Date:    July 11, 2008<br>Time:   9:30 a.m.<br>Ctrm:   A (15th Floor)<br>Before: Hon. Joseph C. Spero |

# NOTICE OF MOTION AND MOTION

## TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that Defendants Greystone Servicing Corporation, Inc. ("Greystone Servicing") and Greystone CDE, LLC ("Greystone CDE" and collectively, with Greystone Servicing, "Defendants" or the "Greystone Defendants") will, and hereby do, move the Court, pursuant to Rules 8(a) and 12(b)(6) of the Federal Rules of Civil Procedure, for an order dismissing, in whole or in part, Plaintiffs' Second Amended Complaint. The motion will come before the Court on July 11, 2008 at 9:30 a.m., or as soon thereafter as the parties may be heard in Courtroom A (15th Floor) of the above-entitled Court located at 450 Golden Gate Avenue, San Francisco, California 94102. The motion is based on the grounds that:

A. Plaintiffs' claims for negligence (first cause of action), breach of fiduciary duty (second cause of action), and negligent interference with prospective economic advantage (fourth cause of action) must be dismissed without leave to amend, because the pleading fails to allege (1) a duty owed by Defendant Greystone Servicing to Plaintiffs Rant, LLC ("Rant"), Santa Fe Management, LLC ("Santa Fe Management"), and Theotis F. Oliphant ("Oliphant") or (2) a duty owed by Defendant Greystone CDE to any of the Plaintiffs.

B. Plaintiffs' claims for anticipatory repudiation (fifth cause of action) and breach of the implied covenant of good faith and fair dealing (sixth cause of action) impermissibly combine agreements and parties, and fail to satisfy the requirements of Rule 8(a).

DATED: May 19, 2008                                JONES DAY

                                                   By:_____
                                                         Mark D. Kemple
                                                         Erik K. Swanholt

                                                   Attorneys for Defendants Greystone
                                                   Servicing Corporation, Inc. and Greystone
                                                   CDE, LLC

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF THE GREYSTONE DEFENDANTS' SECOND MOTION TO DISMISS**

## I.     INTRODUCTION

This matter arises out of Plaintiff Oliphant's failed pursuit of the development of a multi-million dollar Low Income Housing Tax Credit project (the "Santa Fe project") to have been financed, in part, with a mortgage loan insured by the Federal Housing Authority's ("FHA") Office of Housing and Urban Development ("HUD").  Each of the parties, all four Plaintiffs and both Defendants, played different roles, which were defined by different agreements in the Santa Fe project.  By order (doc. # 44) entered February 13, 2008, the Court granted the parties' stipulation for leave allowing Plaintiffs to file their Second Amended Complaint (doc. # 41).  Thereafter, Defendants filed a motion to dismiss the Second Amended Complaint, which the Court denied without prejudice on April 3, 2008 pending its decision on Defendants' motion to reconsider.  That motion having now been decided, Defendants renew their motion to dismiss. For the reasons explained below, Plaintiffs' Second Amended Complaint must be dismissed for (i) failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure; and (ii) failure to satisfy the notice pleading requirements of Rule 8(a).

## II.     ARGUMENT

A complaint may be dismissed for failure to state a claim for which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  The pleadings must contain factual allegations "plausibly suggesting (not merely consistent with)" a right to relief, and that are definite enough to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombley*, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007) (observing that this requirement is consistent with Fed. R. Civ. P. 8(a)(2)).  "Conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996).  Furthermore, courts should not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

### A. PLAINTIFFS HAVE FAILED TO ALLEGE FACTS SUFFICIENT TO ESTABLISH THAT ANY LEGAL DUTY WAS OWED TO THEM.

In their Second Amended Complaint, all four Plaintiffs assert claims for negligence (first cause of action), breach of fiduciary duty (second cause of action), and negligent interference with prospective economic advantage (fourth cause of action) against both Defendants. Second Am. Compl. (doc. # 41) ("SAC") ¶¶ 59-65, 66-77, 93-101. The sole basis for the alleged duty underlying these claims is the "business relationship" established through the Engagement Agreement. *Id.* ¶¶ 60-62, 67-68, 95. However, only one Plaintiff, Santa Fe Pointe, LP, and one Defendant, Greystone Servicing, are parties to the Engagement Agreement. The three remaining Plaintiffs – Rant, Santa Fe Management, and Oliphant – are not parties to the Engagement Agreement and were not owed duties relating thereto.[1] Accordingly, these Plaintiffs' first, second and fourth causes of action each fail to allege an essential element, the existence of any duty, and should be dismissed.

Furthermore, Plaintiffs allege that Defendant Greystone CDE owes a duty to each of them based upon the Engagement Agreement. *See id.* Yet there is no allegation, and can be no allegation, that Greystone CDE is a party to the Engagement Agreement, because it is not. As such, because no duty to any Plaintiffs under that Agreement has been alleged relating to Greystone CDE, the claims relating thereto should be dismissed.

#### 1. Plaintiffs' Allegations Fail to Establish Any Basis for a Legal Duty Owed to Plaintiffs Rant, Santa Fe Management, and Oliphant.

The Engagement Agreement was entered into by and between Greystone Servicing and "Theo Oliphant *on behalf of an entity to be created* ('Applicant')," and sets forth the terms and conditions for Greystone Servicing's duties, if any, to the Applicant regarding the processing of

---

[1] Moreover, Plaintiffs' conclusory allegations offer no support for their legal conclusion that, by virtue of the Engagement Agreement, "[e]ach of the Greystone Defendants owed Plaintiffs and each of them" a duty or "stands in a confidential and fiduciary relationship with Plaintiffs and each of them." *Id.* ¶¶ 60-62, 67, 69, 95 (emphasis added).

the HUD loan application for the Santa Fe project. SAC, Ex. A at 1-2 (emphasis added).[2]
Although it is not alleged, it is undisputed that the "Applicant" is Plaintiff Santa Fe Pointe, LP.
*See* SAC ¶ 2; SAC, Ex. B at 2. Thus, by the terms of the Engagement Agreement, which
Plaintiffs allege is the sole basis for the purported duties underlying their first, second, and fourth
causes of action, there can be no duty owed by Greystone Servicing (a party to that Agreement) to
Plaintiffs Rant, Santa Fe Management, or Oliphant in his individual capacity, because none of
those Plaintiffs is a party to that Agreement.

Accordingly, because each of Plaintiffs' claims for negligence, breach of fiduciary duty,
and negligent interference with prospective economic advantage requires the presence of a duty
owed by Defendants to Plaintiffs – and because Plaintiffs have alleged that this duty arises solely
from the Engagement Agreement – each of those claims should be dismissed with respect to
Plaintiffs Rant, Santa Fe Management, and Oliphant, as no such duty can be owed to persons who
were not parties to the Agreement.

**2.   Plaintiffs' Allegations Fail to Establish Any Basis for a Legal Duty Owed by Greystone CDE.**

Greystone CDE is not a party to the Engagement Agreement. *See* SAC, Ex. A at 1-2.
Indeed, the only relationship that Plaintiffs have with Defendant Greystone CDE is by way of
Plaintiffs' bridge loan obligations to Greystone CDE on which Plaintiffs have defaulted. Of
course, Plaintiffs cannot credibly contend that the bridge loan provides any basis whatsoever for
their tort claims in this action – a position against which they had argued vigorously before this
Court and which this Court has already accepted in its findings. *See* Order (doc. # 37) at 9:21-23
("The claims that Plaintiffs assert in their First Amended Complaint do not arise from the duties
and obligations contained in the guaranties that were signed in support of the bridge loan.").

---

[2] The Court "may consider material which is properly submitted as part of the complaint on a motion to dismiss without converting the motion to dismiss into a motion for summary judgment." *Gordon v. Impulse Mktg. Group, Inc.*, 375 F. Supp. 2d 1040, 1044 (E.D. Wash. 2005) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001)).

Although Plaintiffs argued the opposite position to the New York court (*i.e.*, that their claims do arise out of the bridge loan documents), and will surely attempt to do so to avoid dismissal here, Plaintiffs cannot continue to blithely vacillate between contradictory characterizations of their own claims. *See Jackson v. County of Los Angeles*, 60 Cal. App. 4th 171, 181 (1997) ("Judicial estoppel prevents a party from asserting a position in a legal proceeding that is contrary to a position previously taken in the same or some earlier proceeding. The doctrine serves a clear purpose: to protect the integrity of the judicial process. . . . Judicial estoppel is intended to protect against a litigant playing fast and loose with the courts. It seems patently wrong to allow a person to abuse the judicial process by first [advocating] one position, and later, if it becomes beneficial, to assert the opposite.") (internal quotations and citations omitted); *see also Lamonds v. Gen. Motors Corp.*, 34 F. Supp. 2d 391, 395 (W.D. Va. 1999) (litigation positions can also have a "binding effect on parties and preclude conduct that is inconsistent with the prior statements").

Because Plaintiffs' claims, as alleged, depend on a duty arising solely from the "business relationship established through the Engagement Agreement" and the role of *Greystone Servicing* as underwriter for the HUD loan application for the Santa Fe project, there is no factual support for Plaintiffs' legal conclusion that Greystone CDE owed any duty to any of them. *See id.* ¶¶ 60-62, 67-68, 95. Indeed, given that Plaintiffs have already acknowledged that Greystone CDE was *not* their purported fiduciary for purposes of underwriting the HUD loan application, there is no tenable basis for their claims against Greystone CDE for damages relating to the HUD loan. *See also* Opp'n to Mot. to Transfer (doc. # 16) at 1:9-10 (identifying Defendants as "Plaintiffs' fiduciary (HUD-approved underwriter) and an affiliated entity that made a bridge loan," referring to Greystone Servicing and Greystone CDE, respectively). Therefore, Plaintiffs' claims for negligence, breach of fiduciary duty, and negligent interference with prospective economic advantage should be dismissed as against Defendant Greystone CDE because Greystone CDE did not owe any duties under the Engagement Agreement to any of the Plaintiffs.

**B.     PLAINTIFFS' CLAIMS FOR ANTICIPATORY REPUDIATION AND BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING IMPERMISSIBLY COMBINE AGREEMENTS AND PARTIES.**

All four Plaintiffs also assert claims for anticipatory repudiation (fifth cause of action) and breach of the implied covenant of good faith and fair dealing (sixth cause of action) against both Defendants. SAC ¶¶ 102-10. According to Plaintiffs, these claims arise from "a series of written agreements," which they allege in each instance have not been honored in some fashion by "the Greystone Defendants, *and each of them*." *Id.* ¶¶ 103-04, 108-09 (emphasis added). For reasons similar to those discussed in Part II.A., *supra*, it cannot be that both claims encompass a legitimate dispute among each and all of the parties on both sides of this action.

Plaintiffs' allegations exceed the bounds of notice pleading because they fail to apprise the Defendants of the nature and extent of the claims asserted against them, and prevent the narrowing of issues that would promote efficient case management. *See* Fed. R. Civ. P. 8(a)(2); *see also Arikat v. JP Morgan Chase & Co.*, 430 F. Supp. 2d 1013, 1020 (N.D. Cal. 2006) (allegations "ascribed to defendants collectively rather than to individual defendants" are insufficient); *Gauvin v. Trombatore*, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988) (where allegations are made against multiple defendants, "plaintiff must allege the basis of his claim against each defendant to satisfy [Rule] 8(a)(2) . . . .").

To the extent that Plaintiffs' fifth and sixth causes of action for anticipatory repudiation and breach of the implied covenant of good faith and fair dealing pertain to the bridge loan transaction, Defendant Greystone Servicing is not a party to any of the bridge loan documents and thus cannot be legally responsible for any alleged breach relating thereto. And, to the extent that those claims pertain to the Engagement Agreement, Greystone CDE is not a party thereto and likewise cannot be liable for any alleged breach relating thereto. Indeed, Plaintiffs' combination of conduct and claims relating to both the Engagement Agreement and bridge loan documents is particularly perplexing given Plaintiffs' many assertions that the two agreements are "entirely separate transaction[s]" and that the provisions of each "do not apply" to the other. *See* Opp'n to Mot. to Transfer (doc. # 16), 7:18-27. Moreover, given the preliminary choice of law questions applicable to the claims under the bridge loan documents, it is imperative that Plaintiffs plead

these matters with clarity so the issues may be framed according to California or New York law as appropriate. Accordingly, Plaintiffs' claims for anticipatory repudiation and breach of the implied covenant of good faith and fair dealing should be dismissed for failure to satisfy the notice pleading requirements of Rule 8(a).

Finally, if Plaintiffs' claims seek damages for alleged non-performance under the bridge loan documents, then, at the very least, Plaintiffs' fifth and sixth causes of action for anticipatory repudiation and breach of the implied covenant of good faith and fair dealing should be dismissed with respect to Defendant Greystone Servicing, which was not a party to any of those agreements.

## III.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court grant Defendants' second motion to dismiss Plaintiffs' Second Amended Complaint.

Dated: May 19, 2008                                JONES DAY

By: /s/
    Mark D. Kemple
    Erik K. Swanholt

Attorneys for Defendants Greystone Servicing Corporation, Inc. and Greystone CDE, LLC