1  Eric J. Farber (SBN: 169472)
   efarber@pinnaclelawgroup.com
2  William W. Schofield (SBN: 062674)
   wschofield@pinnaclelawgroup.com
3  Kevin F. Rooney (SBN: 184096)
   krooney@pinnaclelawgroup.com
4  Pinnacle Law Group LLP
   425 California Street, Suite 1800
5  San Francisco, California 94104
   Telephone: (415) 394-5700
6  Facsimile: (415) 394-5003

7  Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

(SAN FRANCISCO DIVISION)

| SANTA FE POINTE, LP, et al. | Case No.: C07-05454 JCS |
|---|---|
| Plaintiffs, | **NOTICE OF RELATED CASES** |
| vs. | **(Civ. L.R. 3-12)** |
| GREYSTONE SERVICING CORPORATION, INC., et al., | |
| Defendants. | |

**TO THIS COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Plaintiffs Santa Fe Pointe, LP, Santa Fe Management, LLC, Rant, LLC, and Theotis Oliphant file this Notice of Related Cases under Civil L.R. 3-12 to inform the Court that the present case is related to the following case presently pended before the Honorable James Larson:

**Greystone CDE, LLC, Plaintiff/Counterclaim Defendant v. Santa Fe Pointe LP, et al., Defendants/Counterclaimants (C08-02756 JL).**

---

*Santa Fe Pointe, LP, et al v. Greystone Servicing Corp., et al.* (C07-05454 JCS)        - 1
Notice of Related Cases

Civ. L.R. 3-12(a) provides that cases are considered related when the "actions concern substantially the same parties, property, transaction and event" and "it appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges."

### 1. **The Present Action**

Plaintiffs (collectively the "Oliphant Parties") initially filed this action on September 7, 2007 in Alameda County Superior Court against Greystone CDE, LLC and an affiliated entity, Greystone Servicing Corporation, Inc. The Complaint alleged torts and breaches of contract arising out of the Oliphant Parties' project to acquire and rehabilitate an apartment building in Oklahoma City as low income housing special funding insured by the FHA's Office of Housing and Urban Development ("HUD"). The Complaint alleged that Greystone Servicing (a HUD-approved underwriter) was a fiduciary that negligently mishandled the Oliphant Parties' HUD application and unilaterally and wrongfully withdrew it from HUD consideration, sabotaging the project.

Further, that through a "bait and switch" Greystone Servicing forced the Oliphant Parties into accepting a bridge loan from Greystone CDE that required Mr. Oliphant's personal guaranty. The Complaint also sought a declaration of the parties' rights and obligations under those guaranties.

Both Greystone entities answered the Complaint on October 25, 2007, removed it to this district on the same date, and filed a motion to transfer venue under 28 U.S.C. §1404(a) to the Southern District of New York (convenience of parties and witnesses). This Court denied that motion on February 4, 2008 as well as a subsequent motion for reconsideration.

### 2. **The Action Pending Before Judge Larson**

The action pending before Judge Larson was originally filed in the Southern District of New York by Greystone CDE on September 7, 2008 against the Oliphant Parties seeking to collect on the bridge loan. The Oliphant Parties answered the Complaint and filed a Counterclaim against Greytone CDE and Greystone Servicing. The Counterclaim raises the very exact issues, states the same causes of action, and seeks identical relief to that sought in the Second Amended

1  Complaint in the present action. Because of that, the Oliphant Parties moved in the Southern
2  District of New York under 28 U.S.C. §1404(a) to have that action transferred to this district.
3  That motion was granted on May18, 2008 by the Honorable Robert P. Patterson, Jr. (Order
4  attached as Exhibit A), and the New York action was transferred to this district early this month
5  and assigned to Judge Larson as Action No. 08-02756 JL.
6      On June 10, 2008, the Oliphant Parties filed a Notice of Related Cases in Action No. 08-
7  02756 JL (Exhibit B) and also filed there on the same day a Notice of Consent to have United
8  States Magistrate Judge Joseph J. Spero conduct any and all further proceedings in the case,
9  including trial, and order for entry of a final judgment (Exhibit C).

10

11  Dated: June 12, 2008.                    PINNACLE LAW GROUP, LLP
                                             Attorneys for Plaintiffs
12

13                                           By /s/ *William W. Schofield*
                                                William W. Schofield
14

EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

GREYSTONE CDE, LLC,

                Plaintiff,

        - against -

SANTE FE POINTE L.P.,
SANTE FE POINTE MANAGEMENT, LLC,
RANT LLC, and
THEOTIS F. OLIPHANT,

                Defendants.
-------------------------------------------------------------X

07 CV. 8377 (RPP)

**ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/20/08

**ROBERT P. PATTERSON, JR., U.S.D.J.**

    On May 13, 2008, the Court held oral argument on Defendants' motion to transfer venue pursuant to 28 U.S.C. § 1404 (Document No. 47), and Plaintiff's cross-motions to dismiss or for a more definite statement (Document No. 55), and for summary judgment (Document No. 57). At the conclusion of the arguments, the Court made oral rulings which are clarified in this Order.

    After hearing argument on Plaintiff's motions, the Court ruled first to deny the motion to dismiss for failure to properly serve because, based on the facts and circumstances presented, the person who accepted the service had been specifically delegated to accept service and was reasonably believed by Defendants to be authorized to accept service. (Oral Argument Tr. at 44:8-16.)

    The Court also denied Plaintiff's motion to dismiss for failure to obtain leave to file counterclaims against Greystone Servicing. Leave was not required under Rules 19

EXHIBIT A

and 13 of the Federal Rules of Civil Procedure because the counterclaims arose out of the same transactions. (Id. at 44:18-22.)

The Court also denied Plaintiff's motion for a more definite statement with respect to whether Defendants' counterclaims against Greystone CDE, LLC, and Greystone Servicing Corporation were based on an alter ego theory or a joint action theory. (Id. at 44:23-24.) The Court noted that while it is preferable for Defendants to state the name of each party that performed the various acts and whether the party was liable jointly or as an alter ego, these matters could be dealt with in discovery. (Id. at 44-24-45:7.)

The Court also denied Plaintiff's motion for summary judgment without prejudice. With respect to the adequacy of Plaintiff's Local Civil Rule 56.1 statement of material facts, the Court noted that the statement was appropriate in citing to exhibits attached to the amended complaint and that Plaintiff was entitled to rely on facts cited in the Rule 56.1 statement concerning Plaintiff's state of incorporation and place of doing business, which Defendants admitted were not at issue. (Id. at 94:7-23.) The Court noted that the most serious procedural defect was that Plaintiff's 56.1 statement contained no allegations of material fact relating to the events of default, including the fact that Defendants had not obtained an extension of the purchase contract on or before July 31, 2007, as required by the bridge loan agreement. (Id. at 95:3-11.) Instead the Court was required to draw out the specifics of the bridge loan default from both parties at great length during oral argument. It noted that Defendants did not raise again the issue of duress in their papers opposing Plaintiff's motion for summary judgment. (Id. at 95:18-19.)

EXHIBIT A

In denying the motion for summary judgment without prejudice, the Court also noted that the facts appeared to weigh heavily in Plaintiff's favor because the acts of Greystone Servicing that Defendant complained of occurred after July 31, 2007, and "the contract was in default on July 31st, evidently, since [Defendants] admit that addendum no. 3 [extending the purchase contract] was executed on September 10th of 2007, a good 40 days [after the extension to July 31, 2007 expired]." (Id. at 95:13-16.) The Court further noted that even though Plaintiff used the letterhead of Greystone Servicing in notifying Defendants of their default in August 2007, "it is clear that the notice [of default] came from Greystone CDE, because they sent a letter signed that way, and obviously they are the party that was party to the bridge loan." (Id. at 95:25-96:3.)

Finally, the Court granted Defendants' motion to transfer to the United States District Court for the Northern District of California in the interests of justice, as it is unwise for two courts to be engaged in the same litigation with the possibility of jury trials in both cases reaching contrary results. (Id. at 96:6-10.) The Court noted that in bringing the motion to transfer under 28 U.S.C. § 1404(a) based on the interests of justice, Defendants did not appear to violate the explicit terms of the multiple venue clauses in the agreements which they signed. (Id. at 96:11-16.)

The Clerk is ordered to transfer this case to the United States District Court for the Northern District of California.

IT IS SO ORDERED.

Dated: New York, New York
May 19, 2008

*[signature]*
Robert P. Patterson, Jr.
U.S.D.J.

EXHIBIT A

# EXHIBIT B

Eric J. Farber (SBN: 169472)
efarber@pinnaclelawgroup.com
William W. Schofield (SBN: 062674)
wschofield@pinnaclelawgroup.com
Kevin F. Rooney (SBN: 184096)
krooney@pinnaclelawgroup.com
Pinnacle Law Group, LLP
425 California Street, Suite 1800
San Francisco, California 94104
Telephone: (415) 394-5700
Facsimile: (415) 394-5003

Attorneys for Defendants-Counterclaimants
Santa Fe Pointe, LP, Santa Fe Management, LLC,
Rant, LLC, and Theotis Oliphant

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

(SAN FRANCISCO DIVISION)

| | |
|---|---|
| GREYSTONE CDE, LLC,<br><br>          Plaintiff-Counterclaim<br>          Defendant<br><br>     vs.<br><br>SANTA FE POINTE LP, et al.,<br><br>          Defendants-<br>          Counterclaimants. | Case No.: C08-02756 JL<br><br>**NOTICE OF RELATED CASES**<br>**(Civ. L.R. 3-12)** |

**TO THIS COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Defendants-Counterclaimants Santa Fe Pointe, LP, Santa Fe Management, LLC, Rant, LLC, and Theotis Oliphant file this Notice of Related Cases under Civil L.R. 3-12 to inform the Court that the present case is related to the following case presently pended before the Honorable Joseph C. Spero: **Santa Fe Pointe, LP, et al v. Greystone Servicing Corp., et al. (C07-05454 JCS)**

The present case was originally filed in the Southern District of New York and ordered transferred to this district under 28 U.S.C. §1404(a) by the Honorable Robert P. Patterson, Jr. on May 18, 2008. A copy of the Order granting the transfer motion is attached as Exhibit A. The

---

*Greystone CDE, LLC v. Santa Fe Pointe, LP, et al.* (C08-02756 JL)                                                                                         - 1
Notice of Related Cases

EXHIBIT B

basis for the transfer was that this action and the case presently pending before Judge Spero raised identical issues and was being litigated between the same parties, and that the interests of justice dictated that the cases be litigated together.

Civ. L.R. 3-12(a) provides that cases are considered related when the "actions concern substantially the same parties, property, transaction and event" and "it appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges."

### 1. **The Action Pending Before Judge Spero**

The action pending before Judge Spero was initially filed by the Defendants and Counterclaimants here (collectively the "Oliphant Parties") on September 7, 2007 in Alameda County Superior Court against Greystone CDE, LLC (Plaintiff here) and an affiliated entity, Greystone Servicing Corporation, Inc. The Complaint alleged torts and breaches of contract arising out of the Oliphant Parties' project to acquire and rehabilitate an apartment building in Oklahoma City as low income housing special funding insured by the FHA's Office of Housing and Urban Development ("HUD"). The Complaint alleged that Greystone Servicing (a HUD-approved underwriter) was a fiduciary that negligently mishandled the Oliphant Parties' HUD application, unilaterally and wrongfully withdrew it from HUD consideration, and sabotaged the project.

Moreover, that through a "bait and switch" operation, Greystone Servicing forced the Oliphant Parties into accepting a bridge loan from Greystone CDE that required Mr. Oliphant's personal guaranty. The Complaint also sought a declaration of the parties' rights and obligations under those guaranties.

Both Greystone entities answered the Complaint on October 25, 2007, removed it to this district on the same date, and filed a motion to transfer venue under 28 U.S.C. §1404(a) to the Southern District of New York (convenience of parties and witnesses). That motion was denied by Judge Spero on February 4, 2008.

---

*Greystone CDE, LLC v. Santa Fe Pointe, LP, et al.* (C08-02756 JL)   - 2
Notice of Related Cases

EXHIBIT B

### 2. Genesis of This Action

Greystone CDE filed the present case in the Southern District of New York on September 7, 2008 against the Oliphant Parties seeking to collect on the bridge loan. The Oliphant Parties answered the Complaint and filed a Counterclaim against Greytone CDE and Greystone Servicing. The Counterclaim raises the very exact issues, states the same causes of action, and seeks identical relief to that sought in the case presently pending before Judge Spero.

Dated: June 10, 2008.                    PINNACLE LAW GROUP, LLP
                                         Attorneys for Defendants-Counterclaimants

                                         By /s/ *William W. Schofield*
                                             William W. Schofield

---

*Greystone CDE, LLC v. Santa Fe Pointe, LP, et al.* (C08-02756 JL)                              - 3
Notice of Related Cases

EXHIBIT B

# EXHIBIT C

Eric J. Farber (SBN: 169472)
efarber@pinnaclelawgroup.com
William W. Schofield (SBN: 062674)
wschofield@pinnaclelawgroup.com
Kevin F. Rooney (SBN: 184096)
krooney@pinnaclelawgroup.com
Pinnacle Law Group, LLP
425 California Street, Suite 1800
San Francisco, California 94104
Telephone: (415) 394-5700
Facsimile: (415) 394-5003

Attorneys for Defendants-Counterclaimants
Santa Fe Pointe, LP, Santa Fe Management, LLC,
Rant, LLC, and Theotis Oliphant

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

(SAN FRANCISCO DIVISION)

| | |
|---|---|
| GREYSTONE CDE, LLC,<br><br>    Plaintiff-Counterclaim Defendant<br><br>vs.<br><br>SANTA FE POINTE LP, et al.,<br><br>    Defendants-Counterclaimants. | Case No.: C08-02756 JL<br><br>**DEFENDANTS/COUNTERCLAIMANTS' CONSENT TO PROCEED BEFORE A UNITED STATES MAGISTRATE JUDGE** |

In accordance with the provisions of 18 U.S.C. Section 636(c) Defendants-Counterclaimants Santa Fe Pointe, LP, Santa Fe Management, LLC, Rant, LLC, and Theotis Oliphant hereby consent to have United States Magistrate Judge Joseph J. Spero conduct any and all further proceedings in the case, including trial, and order for entry of a final judgment, and voluntarily waive the right to proceed before a United States District Judge.

Dated:  June 10, 2008.                    PINNACLE LAW GROUP, LLP
                                          Attorneys for Defendants-Counterclaimants


                                          By /s/ *William W. Schofield*
                                              William W. Schofield

---

*Greystone CDE, LLC v. Santa Fe Pointe, LP, et al.* (C08-02756 JL)                                          - 1
Consent To Proceed Before Magistrate

EXHIBIT C

**CERTIFICATE OF SERVICE**

I am a resident of the State of California, over the age of 18 and not a party to the within action. My business address is 425 California Street, Suite 1800, San Francisco, California 94104.

On June 12, 2008, I served true and correct copies of the document(s) described as:

**NOTICE OF RELATED CASES**

[X]     BY E-MAIL: Service was accomplished by electronically filing such documents through the CM/ECF system of the United States District Court for the Northern District of California, which will send electronic notification of such filing to the following registered users:

*Attorneys for Defendants*:

    Erik Christian Swanholt
    Email: ekswanholt@jonesday.com

    Mark David Kemple
    Email: mkemple@jonesday.com

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on June 12, 2008, at San Francisco, California.

                                                          /s/ Mike Terry
                                                            MIKE TERRY