United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTA FE POINTE, LP, et al., | No. C-07-5454 MMC |
| Plaintiffs, | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS** |
| v. | |
| GREYSTONE SERVICING CORPORATION, INC., et al., | |
| Defendants | |

Before the Court is defendants Greystone Servicing Corporation, Inc. ("Greystone Servicing") and Greystone CDE, LLC's ("Greystone CDE") "Motion to Dismiss Pursuant to Rules 8(A) and 12(B)(6), in Whole or in Part, Plaintiffs' Second Amended Complaint," filed May 19, 2008 and renoticed June 26, 2008. Plaintiffs Santa Fe Pointe, LP ("SFP"), Santa Fe Management, LLC ("SFM"), Rant, LLC ("Rant"), and Theotis F. Oliphant ("Oliphant") have filed opposition, to which defendants have replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows:[1]

1. The First Cause of Action, by which plaintiffs allege a claim for negligence, is, for the reasons stated by defendants, subject to dismissal to the extent it is brought on behalf of SFM, Rant, and Oliphant against any defendant, and to the extent it is brought on behalf

---

[1] By order filed July 30, 2008, the Court took the matter under submission.

of SFP against Greystone CDE.  Specifically, because plaintiffs allege such claim is based on the breach of duties arising "by virtue of the business relationship established through the Engagement Agreement," an agreement between SFP and Greystone Servicing, (see Second Amended and Supp. Compl. ("SASC") ¶¶ 22, 60, 63; Ex. A), the only proper parties to such claim are SFP and Greystone Servicing.  Further, each specific act identified by plaintiffs as a breach was allegedly committed by Greystone Servicing.  (See id. ¶ 63.)  In sum, the First Cause of Action is properly limited to a claim brought on behalf of SFP against Greystone Servicing.

2. The Second Cause of Action, by which plaintiffs allege a claim for breach of fiduciary duty, is, for the reasons stated by defendants, subject to dismissal to the extent it is brought on behalf of SFM, Rant, and Oliphant against any defendant, and to the extent it is brought on behalf of SFP against Greystone CDE.  Plaintiffs have previously limited their claim for breach of fiduciary duty to a claim based on fiduciary duties allegedly owed by Greystone Servicing by reason of the Engagement Agreement.  (See Pl.'s Opp. to Mot. to Transfer, filed December 2, 2007, at 1:9-15, 7:27.)  Even if such limitation were not binding, plaintiffs fail to allege any facts to support a finding that Greystone CDE, by agreeing to loan funds to SFP, assumed fiduciary duties to any plaintiff.  In sum, the Second Cause of Action is properly limited to a claim brought on behalf of SFP against Greystone Servicing.

3. Defendants do not seek dismissal of the Third Cause of Action, by which plaintiffs allege a claim for intentional interference with prospective economic advantage, and, accordingly, the Court takes no action with respect to such claim.

4. Contrary to defendants' argument, the Fourth Cause of Action, by which plaintiffs allege a claim for negligent interference with prospective economic advantage, is not limited to a claim by SFP against Greystone Servicing.  Rather, the Fourth Cause of Action is also based on a theory that Greystone CDE engaged in acts that interfered with SFP's "existing business relationship with the seller of [certain real property in Oklahoma] and with the HUD office in Oklahoma City."  (See Second Amended and Supp. Compl.

¶¶ 44-52, 93-94, 97.)  Further, contrary to defendants' argument, plaintiffs did not, in opposing defendants' previously-filed motion to transfer, limit the scope of the Fourth Cause of Action to a claim based solely on duties arising from the Engagement Agreement between SFP and Greystone Servicing.[2]  The Fourth Cause of Action, however, is, for the reasons stated by defendants, subject to dismissal to the extent it is brought on behalf of SFM, Rant, and Oliphant, because plaintiffs fail to allege that any of those three plaintiffs had an "existing business relationship" with a third party that was disrupted by any defendant.  (See id. ¶¶ 22 (identifying SFP as entity formed to acquire subject real property and to enter into agreement with HUD).)  In sum, the Fourth Cause of Action is properly limited to a claim brought on behalf of SFP against both defendants.

     5.  Contrary to defendants' argument, the Fifth Cause of Action, by which plaintiffs allege a claim for "anticipatory breach," is not subject to dismissal in its entirety, pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, for failure to provide fair notice of the basis for such claim.  Plaintiffs have alleged facts sufficient to provide fair notice of SFP's claim against both Greystone Servicing (see Second Amended and Supp. Compl. ¶¶ 42, 102-03), and Greystone CDE, (see id. ¶¶ 45, 50, 52, 102-04).  To the extent the claim is brought on behalf of any other plaintiff, however, plaintiffs have, for the reasons stated by defendants, failed to comply with Rule 8(a).  Indeed, the only plaintiff who is alleged to be a party to the subject agreements is SFP.  In sum, the Fifth Cause of Action is properly limited to a claim brought on behalf of SFP against both defendants.

     6.  Contrary to defendants' argument, the Sixth Cause of Action, by which plaintiffs allege a claim for breach of the implied covenant of good faith and fair dealing, is not subject to dismissal in its entirety under Rule 8(a).  Plaintiffs have alleged facts that give fair notice of the basis of the claim to the extent it is brought on behalf of SFP against both

---

[2]Plaintiffs' opposition to the motion to transfer does disclaim any claim arising from the loan guarantees executed by Oliphant, in his personal capacity, (see Pl.'s Opp. to Defs.' Mot. to Transfer, filed December 2, 2007, at 8:1-4, 23:15-16), and Magistrate Judge Spero, who heard the motion to transfer and denied it, expressly stated he understood plaintiffs to have limited their claims in such manner, (see Order, filed February 4, 2008, at 9:20-25).

3

Greystone Servicing, (see id. ¶¶ 42, 53-57, 107-09), and Greystone CDE, (see id. ¶¶ 45, 49-52, 107-09). To the extent the claim is brought on behalf of any other plaintiff, however, plaintiffs have, for the reasons stated by defendants, failed to comply with Rule 8(a), and, as noted, SFP is the only plaintiff alleged to be a party to the agreements. See Kim v. Regents of Univ. of California, 80 Cal. App. 4th 160, 164 (2000) (holding "good faith covenant" is "implied term" of contract and, consequently, existence of contractual relationship is prerequisite for action for breach of covenant of good faith and fair dealing). In sum, the Fifth Cause of Action is properly limited to a claim brought by SFP against both defendants.

## CONCLUSION

For the reasons stated above, defendants' motion to dismiss is hereby GRANTED in part and DENIED in part, as follows:

1. To the extent the First and Second Causes of Action are brought on behalf of SFM, Rant, and Oliphant against any defendant, and on behalf of SFP against Greystone CDE, the motion is hereby GRANTED.

2. To the extent the Fourth, Fifth and Sixth Causes of Action are brought on behalf of SFM, Rant, and Oliphant against any defendant, the motion is hereby GRANTED.

3. In all other respects, the motion is hereby DENIED.

**IT IS SO ORDERED.**

Dated: August 1, 2008

MAXINE M. CHESNEY
United States District Judge