1  Mark D. Kemple (State Bar No. 145219)
   Erik K. Swanholt (State Bar No. 198042)
2  JONES DAY
   555 South Flower Street
3  Fiftieth Floor
   Los Angeles, CA 90071-2300
4  Telephone:   (213) 489-3939
   Facsimile:    (213) 243-2539
5  Email: mkemple@jonesday.com
   Email: ekswanholt@jonesday.com
6
   Attorneys for Defendants
7  Greystone Servicing Corporation, Inc., and Greystone
   CDE, LLC
8

9                  **UNITED STATES DISTRICT COURT**

10              **NORTHERN DISTRICT OF CALIFORNIA**

11                   **(SAN FRANCISCO DIVISION)**

12

13  SANTA FE POINTE, LP, an Oklahoma              **CASE NO. C 07-05454 MMC**
    limited partnership; SANTA FE
14  MANAGEMENT, LLC, an Oklahoma limited          **OPPOSITION TO PLAINTIFFS'**
    liability company; RANT, LLC, a Delaware      **"REQUEST FOR CLARIFICATION**
15  limited liability company; and THEOTIS F.     **OF RULING ON MOTION TO**
    OLIPHANT, an individual,                      **DISMISS; REQUEST FOR LEAVE**
16                                                **TO AMEND"**
                     Plaintiffs,
17
          v.
18                                                Ctrm:        7 (19th Floor)
    GREYSTONE SERVICING                           Before:    Hon. Maxine M. Chesney
19  CORPORATION, INC., a Georgia
    corporation; GREYSTONE CDE, LLC, a
20  Delaware limited liability company, and
    DOES 1 through 100, inclusive,
21
                     Defendants.
22

23       Plaintiffs' "Request for Clarification of Ruling on Motion to Dismiss; Request for Leave to

24  Amend" (doc. no. 83) is both procedurally and substantively deficient and should be denied.

25       **Procedure.** Plaintiffs' "Request" is not consistent with any procedural vehicle of which

26  Defendants are aware. Is it a motion? Is it an *ex parte* application to shorten time to brief and hear

27  a motion? In all events, Defendants were given no notice and Plaintiffs made no effort to meet and

28  confer with Defendants prior to their filing.

LAI-2967004v1                          1          **OPPOSITION TO PLAINTIFFS' "REQUEST"**

                                                  C 07-05454 MMC

1    **Substance.** Though it is unclear what standard for relief Plaintiffs seek to invoke, their

2  request appears to be either a procedurally defective motion for leave to amend, or procedurally

3  defective motion to reconsider.  Procedure aside, each is substantively deficient.

4        To the extent that this is a motion for leave to amend, it fails to set forth with particularity

5  (or at all) the grounds for the amendment and the proposed amended language as required by Rules

6  15(a)(2), 7(b)(1).  Moreover, leave cannot be granted where the Court concludes that amendment

7  cannot cure the defects in the pleading.[1]  Here, the Court has issued a substantive ruling on the

8  legal bases of Plaintiffs' claims that precludes Plaintiffs from amending the pleading in any manner

9  that could overcome the Court's conclusions.  For example, an amended complaint cannot change

10 the named parties to the Engagement Agreement such that duties would now be owed where none

11 had existed before (as the Court concluded in ruling on Defendants' motion (doc. no. 82)).  Leave

12 to amend what is already the *Second* Amended Complaint (their third pleading) would be futile.[2]

13 For each of these reasons, this unnoticed and improper request, even were it a proper motion, fails.

14        To the extent that Plaintiffs' "Request" seeks supposed "clarification" of the Court's Order,

15 it is nothing but a (unnoticed) motion to reconsider, made without even a pretense of new law or

16 fact.  Simply, there is nothing to "clarify" in the Court's Order.  If a Rule 12(b)(6) motion to

17 dismiss for failure to state a claim is granted, it is *with prejudice* unless the court's order

18 specifically provides otherwise.  *Carter v. Norfolk Comm. Hosp. Ass'n, Inc.,* 761 F.2d 970, 974 (4th

19 Cir. 1985) ("A district court's dismissal under Rule 12(b)(6) is, of course, with prejudice unless it

20 specifically orders dismissal without prejudice.").[3]  Here, the Court's Order *does not* provide

---

[1] *Thinket Ink Info. Resources, Inc. v. Sun Microsystems, Inc.,* 368 F.3d 1053, 1061 (9th Cir. 2004) ("[a] district court does not err in denying leave to amend where the amendment would be futile.").

[2] We further note that Plaintiffs' improper "Request" is a request to change their story *again*, as they have throughout this litigation.  As this Court has noted, Plaintiffs have taken different positions before different courts (and, as we note, different positions day to day in the same court).

[3] *See MRM Security Systems, Inc. v. Citibank, N.A.*, 1997 WL 198074, fn. 6 (S.D.N.Y. 1997) ("the default rule for a 12(b)(6) motion is that if granted, a court dismisses the claim with prejudice unless a court states otherwise.") *citing Stern v. General Electric Co.,* 924 F.2d 472, 477, fn. 7 (2d. Cir. 1991) ("Because the district court did not state that the dismissal was without prejudice, we assume that a dismissal with prejudice was intended.")  *See also Arrowsmith v. United Press Int'l,* 320 F.2d 219, 221 (2d. Cir. 1963) (en banc) ("a dismissal for failure to state a claim upon which relief can be granted is with prejudice.")

LAI-2967004v1                          2                     **OPPOSITION TO PLAINTIFFS' "REQUEST"**

1   Plaintiffs with leave to amend.  (doc. no. 82).  It is clear.  As such, this "Request" is at best an

2   (improper) motion to reconsider, made without even a pretense of new law or facts.

3          For all of the foregoing reasons, Plaintiffs' "Request" should be denied.

4                                                   Respectfully submitted,

5   Dated:  August 6, 2008                          JONES DAY

6

7                                                   By:___/s/_____
                                                           Mark D. Kemple
                                                           Erik K. Swanholt
8

9                                                   Attorneys for Defendants Greystone
                                                    Servicing Corporation, Inc. and Greystone
                                                    CDE, LLC
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28