Mark D. Kemple (State Bar No. 145219)
Erik K. Swanholt (State Bar No. 198042)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, CA  90071-2300
Telephone:    (213) 489-3939
Facsimile:    (213) 243-2539
Email: mkemple@jonesday.com
Email: ekswanholt@jonesday.com

Attorneys for Defendants
Greystone Servicing Corporation, Inc., and Greystone CDE, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**(SAN FRANCISCO DIVISION)**

| | |
|---|---|
| SANTA FE POINTE, LP, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>GREYSTONE SERVICING CORPORATION, INC., et al.,<br><br>    Defendants. | **CASE NO. C 07-05454 MMC**<br><br>**ANSWER OF DEFENDANTS GREYSTONE SERVICING CORPORATION, INC. AND GREYSTONE CDE, LLC TO PLAINTIFFS' SECOND AMENDED COMPLAINT** |

Defendants Greystone Servicing Corporation, Inc. ("Greystone Servicing") and Greystone CDE, LLC ("Greystone CDE") hereby respond to Plaintiffs' Second Amended Complaint ("Complaint") filed in the above-entitled action, as modified by the Court's Order (doc. # 82) on Defendants' Motion to Dismiss (doc. # 62), as follows:

## ANSWER

1. Defendants admit that Plaintiffs purport to assert claims in this action for damages, declaratory relief and accounting arising out of the Defendants' alleged conduct with respect to Plaintiffs' efforts to acquire and rehabilitate a 224-unit apartment building in Oklahoma City (the "Project"), but deny that Plaintiffs have stated such claims. Defendants are not required to admit or deny the remaining allegations.

2. Defendants admit that Plaintiff Santa Fe Pointe, LP ("SFP") is an Oklahoma limited partnership. Except as expressly admitted, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 2 of the Complaint and on that basis deny them.

3. Defendants admit that Plaintiff Santa Fe Management, LLC ("SFM") is an Oklahoma limited liability company. Except as expressly admitted, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 3 of the Complaint and on that basis deny them.

4. Defendants admit that Plaintiff Rant, LLC ("Rant") is a Delaware limited liability company. Except as expressly admitted, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 4 of the Complaint and on that basis deny them.

5. Defendants admit that Plaintiff Theotis F. Oliphant ("Oliphant") is a natural person who, at the time of filing this action, did maintain his principal residence in the State of California, Contra Costa County. Except as expressly admitted, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 5 of the Complaint and on that basis deny them.

6. Defendants admit that Greystone Servicing is a corporation organized under the laws of the State of Georgia. Defendants deny the allegation that Greystone Servicing maintains its principal place of business in New York, New York. The allegations concerning the propriety of venue in the County of Alameda, or in any other county in the State of California, Defendant Greystone Servicing's qualification to transact business as a foreign corporation in the State of California, and Defendant Greystone Servicing's transacting business in the State of California are legal conclusions that Defendants are not required to admit or deny. Defendants deny the remaining averments in Paragraph 6 of the Complaint.

7. Defendants deny that Greystone CDE is a corporation having its principal place of business in New York, New York. The allegations concerning the propriety of venue in any county in the State of California, Defendant Greystone CDE's qualification to transact business as a foreign corporation in the State of California, and Defendant Greystone CDE's transacting business in the State of California are legal conclusions that Defendants are not required to admit or deny. Defendants deny the remaining averments in Paragraph 7 of the Complaint.

8. Defendants deny the averments in Paragraph 8 of the Complaint.

9. Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 9 of the Complaint and on that basis deny them.

10. Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 10 of the Complaint and on that basis deny them.

11. Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 11 of the Complaint and on that basis deny them.

12. Defendants deny that Defendant Greystone CDE is a Delaware corporation. The allegations concerning the propriety of venue in the County of Alameda or in any county in the State of California are legal conclusions that Defendants are not required to admit or deny.

13. Defendants deny the averments in Paragraph 13 of the Complaint.

14. Defendants deny the averments in Paragraph 14 of the Complaint.

15. Defendants admit that on September 6, 2006, Plaintiff Oliphant (on behalf of Plaintiff SFP) entered into a written agreement with Greystone Servicing for the processing of an

application for financing the acquisition and rehabilitation of the Project, and admit receipt of a $14,000 payment from Plaintiff Rant to Greystone Servicing under that agreement (the "Engagement Agreement"). Defendants admit that the documents attached as Exhibit A to the Complaint speak for themselves, but lack knowledge or information sufficient to form a belief as to the authenticity of Exhibit A, and on that basis deny the authenticity of Exhibit A. Defendants deny the remaining averments in Paragraph 15 of the Complaint.

16.     Defendants admit that HUD application materials were to be completed by Plaintiffs, but deny that application materials were to be completed by both Defendants. Defendants further deny the allegations concerning the role and purported responsibilities of both Defendants as underwriter for the HUD application. Except as expressly admitted, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 16 of the Complaint and on that basis deny them.

17.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 17 of the Complaint and on that basis deny them.

18.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 18 of the Complaint and on that basis deny them.

19.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 19 of the Complaint and on that basis deny them.

20.     Defendants admit that on October 7, 2006 Plaintiff Oliphant approved Greystone Servicing's engagement of JPS & Associates to act as the cost analyst with respect to the HUD application. Except as expressly admitted, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 20 of the Complaint and on that basis deny them.

21.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 21 of the Complaint and on that basis deny them.

22.     Defendants admit that on or about October 16, 2006, Plaintiff Oliphant circulated copies of documents dated October 13, 2006, entitled Oklahoma Certificate of Limited Partnership for Plaintiff SFP and Articles of Organization of an Oklahoma Limited Liability

Company for Plaintiff SFM. Except as expressly admitted, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 22 of the Complaint and on that basis deny them.

23. Defendants admit that on October 27, 2006, Miriam Simon sent an e-mail stating that the HUD application was behind schedule because third parties engaged by Plaintiffs had failed to deliver documents in a timely manner. Except as expressly admitted, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 23 of the Complaint and on that basis deny them.

24. Defendants admit that on or about November 15, 2006, Greystone Servicing received application materials from Plaintiffs, but deny that those materials were correct as submitted or were the final items required from Plaintiffs and the development team such that all other aspects of the HUD application could have been performed and executed by Greystone Servicing. Except as expressly admitted, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 24 of the Complaint and on that basis deny them.

25. Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 25 of the Complaint and on that basis deny them.

26. Defendants admit only that on November 16, 2006, Greystone CDE provided Plaintiff Oliphant with a term sheet for a $4,348,400 bridge loan, but deny that the term sheet stated that the loan would cover the full acquisition costs for the Project. Except as expressly admitted, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 26 of the Complaint and on that basis deny them.

27. Defendants admit that on November 16, 2006, bond counsel for Siebert Brandford Shank & Co., LLC sent an e-mail setting forth the costs of issuance, but deny that the e-mail confirmed that any Greystone entity would fund a bridge loan for the purchase of the Project and the cost of issuing any tax exempt bonds. Except as expressly admitted, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 27 of the Complaint and on that basis deny them.

28. Defendants admit that the tax-exempt bonds were priced on December 13 and 14, and that the costs of issuance of those bonds were fully funded from the proceeds of a loan from Defendant Greystone CDE to Plaintiff SFP. Except as expressly admitted, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 28 of the Complaint and on that basis deny them.

29. Defendants deny the averments in Paragraph 29 of the Complaint.

30. Defendants admit that on December 20, 2006, Plaintiff Oliphant signed, in his individual capacity as well as on behalf of Plaintiffs SFP, SFM, and Rant, a Bridge Loan Agreement; a Bridge Promissory Note; a Partner Guaranty, Pledge and Security Agreement; a Developer Limited Guaranty, Pledge and Security Agreement; and a Guaranty and Suretyship Agreement, but lack knowledge or information sufficient to form a belief as to the authenticity of Exhibits B, C, D, and E, and on that basis deny the authenticity of Exhibits B, C, D, and E. Defendants deny the remaining averments in Paragraph 30 of the Complaint.

31. Defendants deny the averments in Paragraph 31 of the Complaint.

32. Defendants admit that part of the financial structure of the Project included sale of the tax credits to an investor or tax credit syndicator. Except as expressly admitted, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 32 of the Complaint and on that basis deny them.

33. Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 33 of the Complaint and on that basis deny them.

34. Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 34 of the Complaint and on that basis deny them.

35. Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 35 of the Complaint and on that basis deny them.

36. Defendants admit that on July 13, 2007, Greystone Servicing transmitted a letter to HUD confirming that materials would follow. Except as expressly admitted, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 36 of the Complaint and on that basis deny them.

37. Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 37 of the Complaint and on that basis deny them.

38. Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 38 of the Complaint and on that basis deny them.

39. Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 39 of the Complaint and on that basis deny them.

40. Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 40 of the Complaint and on that basis deny them.

41. Defendants admit that in August of 2007, discussions were held with David Henry regarding the Project at Plaintiffs' direction and with Plaintiffs' knowledge. Except as expressly admitted, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 41 of the Complaint and on that basis deny them.

42. Defendants deny the averments in Paragraph 42 of the Complaint.

43. Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 43 of the Complaint and on that basis deny them.

44. Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 44 of the Complaint and on that basis deny them.

45. Defendants admit that Greystone CDE transmitted a notice of default on August 21, 2007 to Plaintiff Oliphant citing, as one condition of default, the "expiration of the contract for purchase and sale of the project without the same having been extended." The occurrence of and alleged waiver of the events of default under the bridge loan documents are legal conclusions, which Defendants are not required to admit or deny. Defendants deny the remaining averments in Paragraph 45 of the Complaint.

46. Defendants admit that on August 30, 2007, counsel for Greystone Servicing e-mailed an Assignment of Partnership Interests and Release and Indemnity Agreement with Covenant Not to Sue to Plaintiff Oliphant and that Greystone Servicing transmitted a letter dated August 27, 2007 advising Plaintiff Oliphant that David Henry had agreed to assume approximately $271,000 of the outstanding obligation under the bridge loan. Except as expressly

admitted, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 46 of the Complaint and on that basis deny them.

47. Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 47 of the Complaint and on that basis deny them.

48. Defendants admit that on or about September 11, 2007, after Plaintiffs had defaulted on their obligations under the bridge loan, Plaintiff Oliphant sent an e-mail stating that he had successfully documented extensions of the time to close the deal with the seller of the subject real property and requesting that Greystone CDE rescind its notice of default dated August 21, 2007. The allegation concerning the purported cure of any event of default is a legal conclusion, which Defendants are not required to admit or deny. Except as expressly admitted, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 48 of the Complaint and on that basis deny them.

49. Defendants admit that Greystone CDE did not rescind its notice of default dated August 21, 2007. Except as expressly admitted, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 49 of the Complaint and on that basis deny them.

50. Defendants admit that a telephone conference was held with Plaintiff Oliphant wherein Plaintiff Oliphant requested that Greystone CDE rescind its notice of default dated August 21, 2007. Except as expressly admitted, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 50 of the Complaint and on that basis deny them.

51. The allegations concerning whether the bridge loan was in default and whether any conditions thereunder had been waived are legal conclusions, which Defendants are not required to admit or deny. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation that any commitment obtained from a tax credit syndicator in June of 2007 was still in effect and had not been withdrawn or the remaining averments in Paragraph 51 of the Complaint and on that basis deny them.

52. Defendants admit the averments in Paragraph 52 of the Complaint.

53.     Defendants admit that Greystone Servicing transmitted a letter dated October 29, 2007 (the "October 29 letter") to the Oklahoma County Finance Authority advising that it was no longer pursuing FHA mortgage insurance or any other form of credit enhancement for the bonds. Defendants submit that this document speaks for itself and note generally Plaintiffs' incomplete, misleading, and out-of-context characterization of the letter. Except as expressly admitted, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining factual averments in Paragraph 53 of the Complaint and on that basis deny them.

54.     The allegations of Paragraph 54 of the Complaint are legal conclusions, which Defendants are not required to admit or deny. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining factual averments in Paragraph 54 of the Complaint and on that basis deny them.

55.     Defendants admit that Greystone Servicing transmitted the October 29 letter to the additional recipients identified in Paragraph 55 of the Complaint, but deny that Greystone & Co., Inc. is the parent company of the Greystone Defendants. Except as expressly admitted, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining factual averments in Paragraph 55 of the Complaint and on that basis deny them.

56.     The allegations of Paragraph 56 of the Complaint are legal conclusions, which Defendants are not required to admit or deny.

57.     The allegations of Paragraph 57 of the Complaint are legal conclusions, which Defendants are not required to admit or deny.

58.     The allegations of Paragraph 58 of the Complaint are legal conclusions, which Defendants are not required to admit or deny.

59.     In response to Paragraph 59 of the Complaint, Defendants incorporate their responses to Paragraphs 1 through 58 of the Complaint.

60.     Defendants deny the averments of Paragraph 60 of the Complaint.

61.     Defendants deny the averments of Paragraph 61 of the Complaint.

62.     Defendants deny the averments of Paragraph 62 of the Complaint.

63.     Defendants deny the averments of Paragraph 63 of the Complaint.

1    64.    Defendants deny the averments of Paragraph 64 of the Complaint, and further deny that any of the Plaintiffs are entitled to any relief against either of the Greystone Defendants.

65.    Defendants deny the averments of Paragraph 65 of the Complaint, and further deny that any of the Plaintiffs are entitled to any relief against either of the Greystone Defendants.

66.    In response to Paragraph 66 of the Complaint, Defendants incorporate their responses to Paragraphs 1 through 65 of the Complaint.

67.    Defendants deny the averments of Paragraph 67 of the Complaint.

68.    Defendants deny the averments of Paragraph 68 of the Complaint.

69.    Defendants deny the averments of Paragraph 69 of the Complaint.

70.    Defendants deny the averments of Paragraph 70 of the Complaint.

71.    Defendants deny the averments of Paragraph 71 of the Complaint.

72.    Defendants deny the averments of Paragraph 72 of the Complaint.

73.    Defendants deny the averments of Paragraph 73 of the Complaint, and further deny that any of the Plaintiffs are entitled to any relief against either of the Greystone Defendants.

74.    Defendants deny the averments of Paragraph 74 of the Complaint, and further deny that any of the Plaintiffs are entitled to any relief against either of the Greystone Defendants.

75.    Defendants deny the averments of Paragraph 75 of the Complaint, and further deny that any of the Plaintiffs are entitled to any relief against either of the Greystone Defendants.

76.    Defendants deny the averments of Paragraph 76 of the Complaint, and further deny that any of the Plaintiffs are entitled to any relief against either of the Greystone Defendants.

77.    Defendants deny the averments of Paragraph 77 of the Complaint, and further deny that any of the Plaintiffs are entitled to any relief against either of the Greystone Defendants.

78.    In response to Paragraph 78 of the Complaint, Defendants incorporate their responses to Paragraphs 1 through 77 of the Complaint.

79.    Defendants deny the averments of Paragraph 79 of the Complaint.

80.    Defendants deny the averments of Paragraph 80 of the Complaint.

81.    Defendants deny the averments of Paragraph 81 of the Complaint.

82.    Defendants deny the averments of Paragraph 82 of the Complaint.

<: omitted >

1  83. Defendants deny the averments of Paragraph 83 of the Complaint.

2  84. Defendants deny the averments of Paragraph 84 of the Complaint.

3  85. Defendants deny the averments of Paragraph 85 of the Complaint, and further deny that any of the Plaintiffs are entitled to any relief against either of the Greystone Defendants.

5  86. Defendants deny the averments of Paragraph 86 of the Complaint, and further deny that any of the Plaintiffs are entitled to any relief against either of the Greystone Defendants.

7  87. Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 87 of the Complaint and on that basis deny them. To the extent that the averments in Paragraph 87 of the Complaint are legal conclusions, Defendants are not required to admit or deny them.

11  88. Defendants deny the averments of Paragraph 88 of the Complaint, and further deny that any of the Plaintiffs are entitled to any relief against either of the Greystone Defendants.

13  89. Defendants deny the averments of Paragraph 89 of the Complaint, and further deny that any of the Plaintiffs are entitled to any relief against either of the Greystone Defendants.

15  90. Defendants deny the averments of Paragraph 90 of the Complaint, and further deny that any of the Plaintiffs are entitled to any relief against either of the Greystone Defendants.

17  91. Defendants deny the averments of Paragraph 91 of the Complaint, and further deny that any of the Plaintiffs are entitled to any relief against either of the Greystone Defendants.

19  92. Defendants deny the averments of Paragraph 92 of the Complaint, and further deny that any of the Plaintiffs are entitled to any relief against either of the Greystone Defendants.

21  93. In response to Paragraph 93 of the Complaint, Defendants incorporate their responses to Paragraphs 1 through 92 of the Complaint.

23  94. Defendants deny the averments of Paragraph 94 of the Complaint.

24  95. Defendants deny the averments of Paragraph 95 of the Complaint.

25  96. Defendants deny the averments of Paragraph 96 of the Complaint.

26  97. Defendants deny the averments of Paragraph 97 of the Complaint and incorporate their responses to Paragraphs 34 and Paragraphs 52 to 55 of the Complaint.

28  98. Defendants deny the averments of Paragraph 98 of the Complaint.

1        99.    Defendants deny the averments of Paragraph 99 of the Complaint, and further

2 deny that any of the Plaintiffs are entitled to any relief against either of the Greystone Defendants.

3        100.    Defendants deny the averments of Paragraph 100 of the Complaint, and further

4 deny that any of the Plaintiffs are entitled to any relief against either of the Greystone Defendants.

5        101.    Defendants lack knowledge or information sufficient to form a belief as to the

6 truth of the averments in Paragraph 101 of the Complaint and on that basis deny them. To the

7 extent that the averments in Paragraph 101 of the Complaint are legal conclusions, Defendants are

8 not required to admit or deny them.

9        102.    In response to Paragraph 102 of the Complaint, Defendants incorporate their

10 responses to Paragraphs 1 through 101 of the Complaint.

11        103.    Defendants admit that certain parties entered into certain written agreements

12 relating to the Project. The remaining allegations of Paragraph 103 are impermissibly and

13 unintelligibly vague precluding Defendants from admitting or denying them. Thus, except as

14 expressly admitted, Defendants lack knowledge or information sufficient to form a belief as to the

15 truth of the remaining averments in Paragraph 103 of the Complaint and on that basis deny them.

16        104.    Defendants deny the averments of Paragraph 104 of the Complaint.

17        105.    Defendants deny the averments of Paragraph 105 of the Complaint.

18        106.    Defendants deny the averments of Paragraph 106 of the Complaint, and further

19 deny that any of the Plaintiffs are entitled to any relief against either of the Greystone Defendants.

20        107.    In response to Paragraph 107 of the Complaint, Defendants incorporate their

21 responses to Paragraphs 1 through 106 of the Complaint.

22        108.    Defendants admit that certain parties entered into certain written agreements

23 relating to the Project. The remaining allegations of Paragraph 108 are impermissibly and

24 unintelligibly vague precluding Defendants from admitting or denying them. Thus, except as

25 expressly admitted, Defendants lack knowledge or information sufficient to form a belief as to the

26 truth of the remaining averments in Paragraph 108 of the Complaint and on that basis deny them.

27 To the extent that the averments of Paragraph 108 are legal conclusions, Defendants are not

28 required to admit or deny them.

1    109.    Defendants deny the averments of Paragraph 109 of the Complaint.

2    110.    Defendants deny the averments of Paragraph 110 of the Complaint, and further
3 deny that any of the Plaintiffs are entitled to any relief against either of the Greystone Defendants.

4    111.    In response to Paragraph 111 of the Complaint, Defendants incorporate their
5 responses to Paragraphs 1 through 110 of the Complaint.

6    112.    Defendants admit that certain parties entered into certain written agreements
7 relating to the Project. The remaining allegations of Paragraph 112 are impermissibly and
8 unintelligibly vague precluding Defendants from admitting or denying them. Thus, except as
9 expressly admitted, Defendants lack knowledge or information sufficient to form a belief as to the
10 truth of the remaining averments in Paragraph 112 of the Complaint and on that basis deny them.

11    113.    Defendants lack knowledge or information sufficient to form a belief as to the
12 truth of the averments in Paragraph 113 of the Complaint and on that basis deny them. To the
13 extent that the averments in Paragraph 113 of the Complaint are legal conclusions, Defendants are
14 not required to admit or deny them. Except as expressly admitted, Defendants lack knowledge or
15 information sufficient to form a belief as to the truth of the remaining averments in Paragraph 113
16 of the Complaint and on that basis deny them.

17    114.    Defendants lack knowledge or information sufficient to form a belief as to the
18 truth of the averments in Paragraph 114 of the Complaint and on that basis deny them.

19    115.    Defendants admit that Plaintiffs purport to assert a claim for an offset against their
20 liability to Greystone CDE under the bridge loan documents, but deny that Plaintiffs have stated
21 such a claim. Defendants further deny that any of the Plaintiffs are entitled to any relief against
22 either of the Greystone Defendants. Except as expressly admitted, Defendants lack knowledge or
23 information sufficient to form a belief as to the truth of the remaining averments in Paragraph 115
24 of the Complaint and on that basis deny them.

25    116.    Defendants deny the averments of Paragraph 116 of the Complaint, and further
26 deny that any of the Plaintiffs are entitled to any relief against either of the Greystone Defendants.

27    117.    Defendants deny the averments of Paragraph 117 of the Complaint, and further
28 deny that any of the Plaintiffs are entitled to any relief against either of the Greystone Defendants.

118.  In response to the "Prayer for Relief," Defendants deny that any of the Plaintiffs are entitled to any relief, monetary, declaratory or otherwise, against either of the Greystone Defendants.

## AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses, Defendants state as follows:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

119.  The Complaint is barred, in whole or in party, because it fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Conduct Not "Unlawful")

120.  One or more claims in the Complaint is barred to the extent that Defendants' conduct was not "unlawful."

### THIRD AFFIRMATIVE DEFENSE
### (Conduct Not "Wrongful")

121.  One or more claims in the Complaint is barred to the extent that Defendants' conduct was not "wrongful."

### FOURTH AFFIRMATIVE DEFENSE
### (Due Process and Vagueness)

122.  The Complaint, and each and every allegation contained therein, is barred to the extent it fails to give fair notice of the conduct being proscribed.

### FIFTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

123.  The Complaint, and each and every allegation contained therein, is barred by the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

### (*In Pari Delicto*)

124.  The Complaint, and each and every allegation contained therein, is barred to the extent that Plaintiffs' culpability was greater than Defendants' culpability, if any, in causing the harm allegedly suffered.

## SEVENTH AFFIRMATIVE DEFENSE

### (Laches)

125.  The Complaint, and each and every allegation contained therein, is barred by the doctrine of laches.

## EIGHTH AFFIRMATIVE DEFENSE

### (Estoppel)

126.  The Complaint, and each and every allegation contained therein, is barred by the doctrine of estoppel.

## NINTH AFFIRMATIVE DEFENSE

### (Waiver)

127.  The Complaint, and each and every allegation contained therein, is barred by the doctrine of waiver.

## TENTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

128.  The Complaint, and each and every allegation contained therein, is barred because recovery by Plaintiffs would cause Plaintiffs to be unjustly enriched.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Discharge of Obligations)

129.  The Complaint, and each and every allegation contained therein, is barred because Defendants have complied with and fully performed any and all past and current obligations

imposed on them by law, contracts, or equity, and all past and current obligations owed to Plaintiffs have been satisfied, released or otherwise discharged.

## TWELFTH AFFIRMATIVE DEFENSE

### (Release)

130. One or more claims in Plaintiffs' Complaint is barred, in whole or in part, because Plaintiffs' claims were released by the exculpatory clauses of any agreements with Defendants.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Consent)

131. The Complaint, and each and every allegation contained therein, is barred because Plaintiffs consented to the acts forming the basis of Plaintiffs' allegations with actual and/or constructive knowledge of their rights and without obligation or undue influence.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Lack of Intent)

132. The Complaint is barred to the extent that it seeks to impose liability based on a statute or cause of action that requires the showing of intentional conduct.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (No Legal Duty)

133. Plaintiffs' claims are barred, in whole or in part, because Defendants did not owe any legal duty to Plaintiffs, or, if Defendants owed any such legal duty, Defendants did not breach that duty.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

134. The Complaint, and each and every allegation contained therein, is barred in whole or in part to the extent Plaintiffs have failed to mitigate their damages, if any.

### SEVENTEENTH AFFIRMATIVE DEFENSE

### (Disclaimer of Warranties)

135. One or more claims in the Complaint is barred on the basis that there was a disclaimer of any express or implied warranties, if any.

### EIGHTEENTH AFFIRMATIVE DEFENSE

### (Superseding Causes)

136. If Plaintiffs have sustained any injuries or incurred any damages, such injuries and damages, if any, were the result of intervening or superseding events, factors, occurrences or conditions which were in no way caused by Defendants, and for which Defendants are not responsible and/or liable.

### NINETEENTH AFFIRMATIVE DEFENSE

### (Good Faith)

137. The Complaint, and each and every allegation contained therein, is barred because the alleged conduct of Defendants was not unfair and was undertaken in good faith for a valid business purpose.

### TWENTIETH AFFIRMATIVE DEFENSE

### (Conflict of Laws)

138. Defendants intend to rely upon, reserve their right to assert, and hereby plead such other and related defenses that may become available in the event of a determination that this action, or some part thereof, is governed by the substantive law of a state other than New York, California or of a foreign country.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Failure To State A Claim For Punitive Damages)

139. The Complaint, and each and every allegation contained therein, is devoid of facts sufficient to constitute a cause of action against Defendants for punitive or exemplary damages.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

**(Punitive Damages; Lack of Notice)**

140. Plaintiffs' claims for punitive damages cannot be sustained, because the standards for determining liability for, and the amount of, punitive damages fail to give Defendants adequate prior notice of the conduct for which punitive damages may be imposed and the severity of the penalty that may be imposed, and are void for vagueness in violation of Defendants' due process rights guaranteed by the United States Constitution.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

**(Punitive Damages; No Legitimate Deterrent)**

141. Punitive damages are inappropriate because current circumstances are such that they would serve no legitimate deterrent or retributive purpose.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

**(Prohibition Against Excessive Penalties)**

142. The Complaint, and each and every allegation contained therein, is barred to the extent that the penalties imposed are excessive penalties.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

**(Excessive Fines Clause of the Eighth Amendment to U.S. Constitution)**

143. The Complaint, and each and every allegation contained therein, is barred to the extent that the penalties imposed, if any, violate the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

**(Due Process Clause of the Fifth Amendment to U.S. Constitution)**

144. The Complaint, and each and every allegation contained therein, is barred to the extent that the penalties imposed, if any, violate the Due Process Clause of the Fifth Amendment to the United States Constitution.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

**(Improper Declaratory Relief)**

145. The declaratory relief Plaintiffs seek to remedy Defendants' alleged conduct is inappropriate because it would interfere with another pending matter involving the same parties and a material part of the same subject matter.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

**(Contributory and Comparative Negligence)**

146. Any injury sustained by Plaintiffs was caused, in whole or in part, by Plaintiffs' contributory or comparative negligence, fault, and want of due care, and therefore Plaintiffs are barred from any recovery, or any recoverable damages must be reduced in proportion to the amount of negligence attributable to Plaintiffs.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

**(Statute of Limitations)**

147. The claims Plaintiffs seek to assert by way of the Complaint are barred as the applicable statute of limitations has elapsed.

### THIRTIETH AFFIRMATIVE DEFENSE

**(Speculative Damages)**

148. Plaintiffs may not recover on the claims pleaded in the Complaint because the damages sought are too speculative and remote.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

**(Uncertainty)**

149. Plaintiffs are not entitled to the relief requested by the Complaint because the Court lacks any sufficiently certain, nonspeculative basis to fashion such relief.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Set Off; Collateral Source)

150. Defendants are entitled to a set-off, should any damages be awarded against them, for the entire amount of all damages or settlement amounts recovered by Plaintiffs with respect to the same alleged injuries. Defendants are also entitled to have damages that may be awarded to Plaintiffs reduced by the value of any benefit or payment to Plaintiffs from any collateral source.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Right to Assert Additional Defenses)

151. Defendants hereby give notice that they intend to rely on any additional affirmative defenses that become available or apparent through discovery and the factual development of this case or otherwise, and, thus, reserve the right to amend their Answer to assert such additional defenses. Defendants also hereby give notice that they intend to rely on and reserve the right to assert such other or related defenses as may become available in the event of a determination that this action, or some part thereof, is governed by the substantive law of a state other than California or of a foreign country, or in the event it becomes apparent that the facts on which this action is premised lack any necessary nexus to California.

Defendants Pray that Plaintiffs take nothing by this action and that Defendants in turn receive the costs incurred in defending this action including attorney's fees as allowed by any controlling contracts or applicable law.

Dated:  August 15, 2007                              JONES DAY

By:  /s/ Mark D. Kemple
     Mark D. Kemple
     Erik K. Swanholt

Attorneys for Defendants Greystone Servicing Corporation, Inc., and Greystone CDE, LLC