EXHIBIT C

#155253v3

GUARANTY AND SURETYSHIP AGREEMENT

by

THEOTIS F. OLIPHANT

to

GREYSTONE CDE, LLC

Dated as of December 20, 2006

Exhibit C-1, Page 82

## GUARANTY AND SURETYSHIP AGREEMENT

This GUARANTY AND SURETYSHIP AGREEMENT dated as of December 20, 2006 (as amended, modified or supplemented from time to time, this "**Guaranty**"), made by THEOTIS F. OLIPHANT, an individual and a resident of the State of California (together with his heirs, executors, legal representatives, personal representatives and permitted successors and assigns, "**Guarantor**") to GREYSTONE CDE, LLC, a limited liability company duly organized and validly existing under the laws of the State of Delaware (together with its successors and assigns, the "**Lender**"),

## W I T N E S S E T H :

WHEREAS, the Lender has made a $500,000.00 loan (the "**Loan**") to the Borrower pursuant to that certain Bridge Loan Agreement dated as of the date hereof (as amended, modified or supplemented from time to time, the "**Loan Agreement**") between the Lender, and Santa Fe Pointe, L.P., a limited partnership duly organized and validly existing under the laws of the State of Oklahoma (together with its permitted successors and assigns, the "**Borrower**") (capitalized terms used herein and not otherwise defined herein having the meanings assigned to them in the Loan Agreement);

WHEREAS, the proceeds of the Loan will be applied to pay certain bond issuance costs and project-related costs, as approved by the Lender, in connection with the development of that certain 224-unit multifamily housing facility and related site improvements and amenities located at 125 SW 74th Street in Oklahoma City, Oklahoma, and known as Santa Fe Pointe Apartments (the "**Project**");

WHEREAS, the Guarantor expects to derive financial benefit from the making of the Loan and the acquisition and rehabilitation of the Project; and

WHEREAS, the execution and delivery by the Guarantor of this Guaranty is a condition to the Lender's agreement to make the Loan.

NOW, THEREFORE, in consideration of the premises and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by the Guarantor, and intending to be legally bound, the Guarantor hereby agrees as follows:

## ARTICLE I

## GUARANTY

**Section 1.01   Guaranteed Obligations**.  The Guarantor hereby unconditionally and irrevocably guarantees to the Lender and becomes surety to the Lender for the due, punctual and full payment and performance of, and covenant with the Lender duly, punctually and fully to pay and perform, the following (collectively, the "**Guaranteed Obligations**"):

(a)      all indebtedness of the Borrower to the Lender evidenced by the Loan Agreement and/or incurred under the Loan Documents, both principal and interest, and any refinancing or refunding of any thereof, and all other amounts due or to become due under the

**Exhibit C-2, Page 83**

Loan Agreement and the other Loan Documents, and any refinancing of any thereof, whether now existing or hereafter arising, contracted or incurred; and

(b)    all covenants, agreements, obligations and liabilities of the Borrower under the Loan Agreement and the other Loan Documents, whether now existing or hereafter arising, contracted or incurred, as and when such payment or performance shall become due (whether by acceleration or otherwise) in accordance with the terms of the Loan Documents.

**Section 1.02  Guarantee Unconditional.**  This agreement is a direct and primary obligation of each Guarantor, and each Guarantor's obligations hereunder are not as a surety. This is a guarantee of payment and performance and not of collection.  The obligations of the Guarantor hereunder are continuing, absolute and unconditional, irrespective of any circumstance whatsoever which might otherwise constitute a legal or equitable discharge or defense of a guarantor or surety.  Without limiting the generality of the foregoing, the obligations of the Guarantor hereunder shall remain in full force and effect without regard to, and shall not be released, discharged or in any way affected by:

(a)    any amendment, modification or supplement to the Loan Agreement or any other Loan Document;

(b)    any exercise or nonexercise of or delay in exercising any right, remedy, power or privilege under or in respect of this Guaranty or any other Loan Document (even if any such right, remedy, power or privilege shall be lost thereby), or any waiver, consent, indulgence or other action or inaction in respect thereof;

(c)    any bankruptcy, insolvency, arrangement, composition, assignment for the benefit of creditors or similar proceeding commenced by or against  the Borrower or its partners;

(d)    any failure to perfect or continue perfection of, or any release or waiver of, any rights given to the Lender in any property as security for the performance of any of the Borrower's obligations under the Loan Agreement or any other Loan Document;

(e)    any extension of time for payment or performance of any of the Guaranteed Obligations;

(f)    the genuineness, validity or enforceability of any of the Loan Documents;

(g)    any limitation of liability of the Borrower or its partners contained in any Loan Document;

(h)    any defense that may arise by reason of the failure of the Lender to file or enforce a claim against the estate of the Borrower or its partners in any bankruptcy or other proceeding;

(i)    any voluntary or involuntary liquidation, dissolution, sale of all or substantially all of the property of the Borrower or its partners, or any marshalling of assets and

liabilities, or other similar proceeding affecting, the Borrower or the General Partner or any of their respective assets;

        (j)    the release of the Borrower or its partners from performance or observance of any of the agreements, covenants, terms or conditions contained in the Loan Documents by operation of law;

        (k)    the failure of the Lender to keep Guarantors advised of the Borrower's or its partners' financial condition, regardless of the existence of any duty to do so;

        (l)    the damage, destruction, condemnation, foreclosure or surrender of all or any part of the Project or the Improvements comprising the Project; any change in the plans and specifications, if any, relating to the rehabilitation of the Improvements; or any modification of the terms of any contract relating to the construction of the Improvements or the furnishing of any labor or materials therefor;

        (m)    any sale or other transfer of the Property or any part thereof or any foreclosure by the Lender on the Property or any part thereof;

        (n)    any statute of limitations applicable to any action hereunder or for the payment or performance of any Guaranteed Obligation;

        (o)    failure to make or give notice of presentment and demand for payment of any of the indebtedness or performance of any of the Guaranteed Obligations;

        (p)    the compromise, settlement, release or termination of any or all of the Guaranteed Obligations; or

        (q)    any other circumstances which might otherwise constitute a legal or equitable discharge of a guarantor or surety.

No set-off, claim, reduction or diminution of any obligation, or any defense of any kind or nature (other than payment and performance in full of the Guaranteed Obligations) which the Borrower or any Guarantor now has or hereafter may have against the Lender shall be available hereunder to any Guarantor against the Lender.

    **Section 1.03    No Notice or Duty to Exhaust Remedies.** Each Guarantor hereby waives diligence, presentment, demand, protest and all notices of any kind, and waives any requirement that the Lender exhaust any right or remedy, or proceed first or at any time, against the Borrower or any other guarantor of, or any security for, any of the Guaranteed Obligations. This Guaranty constitutes an agreement of suretyship as well as of guaranty, and the Lender may pursue its rights and remedies under this Guaranty and under the other Loan Documents in whatever order, or collectively, and shall be entitled to payment and performance hereunder notwithstanding such other Loan Documents and notwithstanding any action taken by the Lender or inaction by the Lender to enforce any of its rights or remedies against any other guarantor or any other Person or property whatsoever.

**Exhibit C-4, Page 85**

**Section 1.04  SUBORDINATION OF SUBROGATION, ETC.**
NOTWITHSTANDING ANY PAYMENTS MADE OR OBLIGATIONS PERFORMED BY
THE GUARANTOR BY REASON OF THIS GUARANTY (INCLUDING BUT NOT
LIMITED TO APPLICATION OF FUNDS ON ACCOUNT OF SUCH PAYMENTS OR
OBLIGATIONS), THE GUARANTOR HEREBY IRREVOCABLY (A) SUBORDINATES TO
THE PRIOR PAYMENT IN FULL OF THE GUARANTEED OBLIGATIONS ANY AND
ALL RIGHTS IT MAY HAVE AT ANY TIME (WHETHER ARISING DIRECTLY OR
INDIRECTLY, BY OPERATION OF LAW, CONTRACT OR OTHERWISE) TO ASSERT
ANY CLAIM AGAINST THE BORROWER OR ANY OTHER PERSON, OR AGAINST
ANY DIRECT OR INDIRECT SECURITY, ON ACCOUNT OF PAYMENTS MADE OR
OBLIGATIONS PERFORMED UNDER OR PURSUANT TO THIS GUARANTY,
INCLUDING WITHOUT LIMITATION ANY AND ALL RIGHTS OF SUBROGATION,
REIMBURSEMENT, EXONERATION, CONTRIBUTION OR INDEMNITY, AND (B)
WAIVES AND RELEASES ANY RIGHTS IT MAY HAVE AT ANY TIME TO REQUIRE
THE MARSHALING OF ANY ASSETS OF THE BORROWER, WHICH RIGHT OF
MARSHALING MIGHT OTHERWISE ARISE FROM PAYMENTS MADE OR
OBLIGATIONS PERFORMED UNDER OR PURSUANT TO THIS GUARANTY.

**Section 1.05  Termination.** The Lender shall terminate this Guaranty upon payment
and performance in full of the Guaranteed Obligations. Notwithstanding the foregoing, the
indemnities contained herein in Section 3.07 hereof shall survive such termination.

**Section 1.06  Security.** The Guarantor's obligations hereunder are secured as set forth
in that certain Assignment of Certificate of Deposit dated as of December 20, 2006 from the
Guarantor in favor of the Lender.

**Section 1.07  Waivers.**

(a)  The Guarantor hereby waives (i) any right or claim of right to
cause a marshalling of the Guarantor's assets or to cause the Lender to proceed against any of the
security for the Loans before proceeding under this Guaranty against the Guarantor; (ii) all rights
and remedies accorded by applicable law to the Guarantor, except any rights of subrogation
which the Guarantor may have, provided that the indemnity provided for hereunder shall neither
be contingent upon the existence of any such rights of subrogation nor subject to any claims or
defenses whatsoever which may be asserted in connection with the enforcement or attempted
enforcement of such subrogation rights including, without limitation, any claim that such
subrogation rights were abrogated by any acts of the Lender; (iii) the right to assert a
counterclaim, other than a mandatory or compulsory counterclaim, in any action or proceeding
brought against or by the Lender; (iv) notice of acceptance hereof and of any action taken or
omitted in reliance hereon; (v) presentment for payment, demand of payment, protest or notice of
nonpayment or failure to perform or observe, or other proof, or notice or demand; and (vi) all
homestead exemption rights against the obligations hereunder and the benefits of any statutes of
limitations or repose.

(b)  THE GUARANTOR HEREBY WAIVES, TO THE FULLEST
EXTENT PERMITTED BY LAW, THE RIGHT TO TRIAL BY JURY IN ANY ACTION,
PROCEEDING OR COUNTERCLAIM, WHETHER IN CONTRACT, TORT OR

4

Exhibit C-5, Page 86

OTHERWISE, RELATING DIRECTLY OR INDIRECTLY TO THE LOAN, THE APPLICATION FOR THE LOANS, THE COMMITMENT FOR THE LOAN, THE SECURITY INSTRUMENT, THIS GUARANTY OR ANY OF THE OTHER SECURITY DOCUMENTS OR ANY ACTS OR OMISSIONS OF THE LENDER IN CONNECTION THEREWITH.

(c)    The Guarantor absolutely, unconditionally, knowingly, and expressly waives any defense arising by reason of or deriving from any claim or defense based upon an election of remedies by the Lender including any defense based upon an election of remedies by the Lender under the provisions of the California Code of Civil Procedure Sections 580a, 580b, 580d, and 726 or any similar law of California or any other jurisdiction. Pursuant to California Civil Code Section 2856:

(i)    The Guarantor waives all rights and defenses arising out of an election of remedies by the creditor, even though that election of remedies, such as a nonjudicial foreclosure with respect to security for a guaranteed obligation, has destroyed such the Guarantor's rights of subrogation and reimbursement against the Obligors by the operation of California Code of Civil Procedure Section 580(d) or otherwise.

(ii)    The Guarantor waives all rights and defenses that the Guarantor may have because the Obligations are secured by real property and personal property. This means, among other things:

(1)    The Lender may collect from the such Guarantor without first foreclosing on any real property or personal property collateral pledged by the Obligors for the Obligations; and

(2)    If the Lender forecloses on any real property or personal property collateral pledged by the Obligors for the Guaranteed Obligations: (A) the amount of the debt may be reduced only by the price for which that collateral is sold at the foreclosure sale, even if the collateral is worth more than the sale price; and (B) the Lender may collect from the Guarantor even if the Lender, by foreclosing on the real property or personal property collateral pledged by the Obligors for the Guaranteed Obligations, has destroyed any right the Guarantor may have to collect from the Obligors.

(iii)    This is an unconditional and irrevocable waiver of any rights and defenses the Guarantor may have because the Guaranteed Obligations are secured by real property. These rights and defenses include, but are not limited to, any rights or defenses based upon California Code of Civil Procedure Sections 580b, 580d, or 726.

(iv)    If any of the Guaranteed Obligations at any time are secured by a mortgage or deed of trust upon real property, the Lender may

5

**Exhibit C-6, Page 87**

elect, in its sole discretion, upon a default with respect to the Guaranteed Obligations, to foreclose such mortgage or deed or trust judicially or nonjudicially in any manner permitted by law, before or after enforcing the said mortgage or deed of trust or any other instrument evidencing or securing any of the Guaranteed Obligations, without diminishing or affecting the liability of the Guarantor hereunder except to the extent the Guaranteed Obligations are repaid with the proceeds of such foreclosure. The Guarantor understands that (a) by virtue of the operation of California's antideficiency law applicable to nonjudicial foreclosures, an election by the Lender nonjudicially to foreclose such a mortgage or deed of trust probably would have the effect of impairing or destroying rights of subrogation, reimbursement, contribution, or indemnity of the Guarantor against the Obligors or other guarantors or sureties, and (b) absent the waiver given by the Guarantor, such an election would prevent the Lender from enforcing this Guaranty against the Guarantors. Understanding the foregoing, and understanding that the Guarantor is hereby relinquishing a defense to the enforceability of this Guaranty, the Guarantor hereby waivers any right to assert against the Lender any defense to the enforcement of this Guaranty, whether denominated "estoppel" or otherwise, based on or arising from an election by the Lender nonjudicially to foreclose any such mortgage or deed of trust. The Guarantor understands that the effect of the foregoing waiver may be that the Guarantor may have liability hereunder for amounts with respect to which the Guarantor may be left without rights or subrogation, reimbursement, contribution, or indemnity against the Obligors or other guarantors or sureties. The Guarantor also agrees that the "fair market value" provisions of California Code of Civil Procedure Section 280a shall have no applicability with respect to the determination of the Guarantor's liability hereunder.

(d)    Notwithstanding anything to the contrary contained herein, the Guarantor hereby agrees to postpone the exercise of any rights of subrogation with respect to any collateral securing any of the Loan until all of the Guaranteed Obligations shall have been paid in full. Until such time, the Guarantor hereby absolutely, unconditionally, knowingly, and expressly waives: (i) any right of subrogation the Guarantor have or may have as against any of the Obligors with respect to the Guaranteed Obligations; (ii) any right to proceed against any of the Obligors or any other person or entity, now or hereafter, for contribution, indemnity, reimbursement, or any other suretyship rights and claims, whether direct or indirect, liquidated or contingent, whether arising under express or implied contract or by operation of law, which the Guarantor may now or hereafter have as against the Obligors with respect to the Guaranteed Obligations; and (iii) any right to proceed or seek recourse against or with respect to any property or asset of the Obligors.

(e)    WITHOUT LIMITING THE GENERALITY OF ANY OTHER WAIVER OR OTHER PROVISION SET FORTH IN THIS GUARANTY, THE GUARANTOR HEREBY ABSOLUTELY, KNOWINGLY, UNCONDITIONALLY, AND EXPRESSLY WAIVES, ANY AND ALL BENEFITS OR DEFENSES ARISING DIRECTLY OR

6

**Exhibit C-7, Page 88**

INDIRECTLY UNDER ANY ONE OR MORE OF CALIFORNIA CIVIL CODE SECTIONS 2799, 2808, 2809, 2810, 2814, 2815, 2819, 2820, 2821, 2822, 2825, 2839, 2845, 2848, 2849, AND 2850, CALIFORNIA CODE OF CIVIL PROCEDURE SECTIONS 580a, 580b, 580c, 580d, AND 726, AND CHAPTER 2 OF TITLE 14 OF PART 4 OF DIVISION 3 OF THE CALIFORNIA CIVIL CODE.

(f)    NOTWITHSTANDING ANY OF THE PROVISIONS CONTAINED IN THIS GUARANTY RELATING TO OR REFERENCING ANY OF THE CALIFORNIA CIVIL CODE AND THE CALIFORNIA CODE OF CIVIL PROCEDURE PROVISIONS, INCLUDING WITHOUT LIMITATION, ANY OF THE WAIVERS BY THE GUARANTOR OF ANY RIGHT, BENEFIT OR DEFENSE UNDER THE CALIFORNIA CIVIL CODE OR THE CALIFORNIA CODE OF CIVIL PROCEDURE, THIS AGREEMENT SHALL BE GOVERNED BY, AND CONSTRUED AND ENFORCED IN ACCORDANCE WITH, THE INTERNAL LAWS OF THE STATE OF NEW YORK WITHOUT REGARD TO CONFLICTS OF LAW PRINCIPLES, AND OTHERWISE IN ACCORDANCE WITH SECTION 3.11 HEREOF. NOTWITHSTANDING THE FOREGOING, IN THE EVENT THAT THIS AGREEMENT IS CONSTRUED AND ENFORCED IN ACCORDANCE WITH THE INTERNAL LAWS OF THE STATE OF CALIFORNIA (IN OPPOSITION TO THE INTENTION OF THE GUARANTOR AND THE LENDER AS EXPRESSED IN THE PREVIOUS SENTENCE), THEN ALL SUCH PROVISIONS AND WAIVERS SHALL BE GIVEN FULL FORCE AND EFFECT AS SET FORTH HEREIN.

(g)    The Guarantor hereby expressly waives: (i) notice of acceptance of this Guaranty, (ii) notice of the existence or creation of all or any of the Guaranteed Obligations, (iii) presentment, demand, notice of dishonor, protest, and all other notices whatsoever, (iv) all diligence in collection or protection of or realization upon the Guaranteed Obligations or any part thereof, any obligation hereunder, or any security for any of the foregoing, and (v) all rights of subrogation, indemnification, contribution and reimbursement from the Obligors, all rights to enforce any remedy which the Lender may have against the Obligors and any benefit of, or right to participate in, any collateral or security now or hereinafter held by the Lender in respect of the Guaranteed Obligations, until payment in full of the Guaranteed Obligations, except to the extent such waiver would be expressly prohibited by applicable law. If a claim is ever made upon the Lender for the repayment or recovery of any amount or amounts received by any person or entity in payment of any of the Guaranteed Obligations and the Lender repays all or part of such amount by reason of (a) any judgment, decree or order of any court or administrative body having jurisdiction over such person or entity or any of its property, or (b) any settlement or compromise of any such claim effected by such person or entity with any such claimant, including the Obligors, then in such event the Guarantor agrees that any such judgment, decree, order, settlement or compromise shall be binding upon the Guarantor, notwithstanding any revocation hereof or the cancellation of any promissory note or other instrument evidencing any of the Guaranteed Obligations, and the Guarantor shall be and remain obligated to the Lender for the amount so repaid or recovered to the same extent as if such amount had never originally been received by the Lender.

## ARTICLE II

## REPRESENTATIONS, WARRANTIES AND COVENANTS

**Section 2.01    Representations and Warranties.** The Guarantor hereby represents, warrants and certifies to the Lender as follows:

(a)    The execution, delivery and performance of this Guaranty and the other Loan Documents to which the Guarantor is or is to become a party and the transactions contemplated hereby and thereby (i) do not conflict with or result in any breach or contravention of any provision of law, statute, rule or regulation to which the Guarantor is subject or any judgment, order, writ, injunction, license or permit applicable to the Guarantor, and (ii) do not require the approval or consent of, or filing with, any governmental agency or authority.

(b)    The execution and delivery of this Guaranty and the other Loan Documents to which the Guarantor is a party or is to become a party will result in valid and legally binding obligations of the Guarantor enforceable against him in accordance with the respective terms and provisions hereof and thereof, except as enforceability is limited by bankruptcy, insolvency, reorganization, moratorium or other laws relating to or affecting generally the enforcement of creditors' rights and except to the extent that availability of the remedy of specific performance or injunctive relief is subject to the discretion of the court before which any proceeding therefor may be brought.

(c)    There has been furnished to the Lender financial statements for the Guarantor, prepared by an independent certified public accountant. Such balance sheets and statements of income fairly present the financial condition of the Guarantor as at the close of business on the date thereof.

(d)    Since the date of such financial statements, there has occurred no adverse change in the financial condition or business of the Guarantor as shown on or reflected in the respective financial statements, other than changes that have not had any adverse effect either individually or in the aggregate on the business or financial condition of the Guarantor.

(e)    There are no actions, suits, proceedings or investigations of any kind pending or threatened against the Guarantor before any court, tribunal or administrative agency or board or any mediator or arbitrator that, if adversely determined, might, either in any case or in the aggregate, adversely affect the business, assets or financial condition of the Guarantor, or result in any liability not adequately covered by insurance, or which will adversely affect the ability of the Guarantor to perform its obligations in the manner contemplated by this Guaranty and the other Loan Documents.

(f)    The Guarantor thereof (i) has made or filed, and will make or file in a timely fashion, all federal and state income and all other tax returns, reports and declarations required by any jurisdiction to which it is subject, and (ii) has paid, and will pay when due, all taxes and other governmental assessments and charges shown or determined to be due on such returns, reports and declarations, except those being contested in good faith and by appropriate proceedings.

8

**Exhibit C-9, Page 90**

(g)    The Guarantor's spouse has consented to the execution of this Guaranty and waived any community or similar property rights to the assets shown on the Guarantor's financial statements in a manner acceptable to the Lender, a copy of which consent is attached hereto.

**Section 2.02    Covenants.** The Guarantor hereby covenants to the Lender that:

(a)    Such Guarantor shall furnish to the Lender the following, all in form and substance satisfactory to the Lender.

(i)    within twenty (20) days after the end of each calendar year, true, complete and correct copies of the Guarantor's annual financial statements, audited by an independent certified public accountant; and

(ii)    within ten (10) days after filing, copies of the Guarantor's federal income tax return, which return shall be timely filed (subject to lawful extensions of time).

(b)    Promptly upon becoming aware thereof, the Guarantor shall give the Lender, notice of (i) the commencement, existence or threat of any proceeding by or before any governmental authority against or affecting the Guarantor or any of its affiliates which, if adversely decided, would have a material adverse effect on the business, operations, condition (financial or otherwise) or prospects of the Guarantor or on its ability to perform its obligations hereunder or (ii) any material adverse change in the business, operations, condition (financial or otherwise) or prospects of the Guarantor.

(c)    The Guarantor shall permit such persons as the Lender may designate to examine the Guarantor's books and records relating to the Guarantor's financial condition and take copies and extracts therefrom and to discuss the affairs of the Guarantor with its officers, employees and independent accountants at such times and as often as the Lender may reasonably request. The Guarantor hereby authorizes such officers, employees and independent accountants to discuss with the Lender the affairs of the Guarantor.

## ARTICLE III

## MISCELLANEOUS

**Section 3.01    Effect of Bankruptcy Proceedings.** This Guaranty shall continue to be effective, or be automatically reinstated, as the case may be, if at any time payment, in whole or in part, of any of the Guaranteed Obligations is rescinded or must otherwise be restored or returned by the Lender as a preference, fraudulent conveyance or otherwise under any bankruptcy, insolvency or similar law, all as though such payment had not been made. If an Event of Default at any time shall have occurred and be continuing or exist and declaration of default or acceleration under or with respect to any of the Loan Documents shall at such time be prevented by reason of the pendency against the Borrower of a case or proceeding under any bankruptcy or insolvency law, the Guarantor agrees that, for purposes of this Guaranty and its obligations hereunder, such Loan Documents shall be deemed to have been declared in default or accelerated with the same effect as if such Loan Documents had been declared in default and

accelerated in accordance with the terms thereof, and the Guarantor shall forthwith pay the Guaranteed Obligations in full without further notice or demand.

Section 3.02    **Further Assurances**. From time to time upon the request of the Lender, the Guarantor shall promptly and duly execute, acknowledge and deliver any and all such further instruments and documents as the Lender may deem necessary or desirable to confirm this Guaranty, to carry out the purpose and intent hereof or to enable the Lender to enforce any of its rights hereunder.

Section 3.03    **Amendments and Waivers; Third Party Beneficiaries**. This Guaranty cannot be amended, modified, waived, changed, discharged or terminated except by an instrument in writing signed by the Guarantor and the Lender.

Section 3.04    **No Implied Waiver; Cumulative Remedies**. No course of dealing and no delay or failure of the Lender in exercising any right, power or privilege under this Guaranty or any Loan Document shall affect any other or future exercise thereof or exercise of any other right, power or privilege; nor shall any single or partial exercise of any such right, power or privilege or any abandonment or discontinuance of steps to enforce such a right, power or privilege preclude any further exercise thereof or of any other right, power or privilege. The rights and remedies of the Lender under this Guaranty are cumulative and not exclusive of any rights or remedies which the Lender would otherwise have under the Loan Documents, at law or in equity.

Section 3.05    **Notices**. All notices requests, demands, directions and other communications under the provisions of this Guaranty shall be given in the manner and shall be effective at the times set forth in Section 10.2 of the Loan Agreement, addressed, if to the Lender, to its address as set forth in the Loan Agreement, and if to the Guarantor, at the address for the Guarantor as set forth under his signature hereto, or in accordance with the last unrevoked written direction from such party to the other parties hereto. The Lender may rely on any notice (including telephoned communication) purportedly made by or on behalf of the Guarantor, and shall have no duty to verify the identity or authority of the person giving such notice.

Section 3.06    **Default; Remedies**. Each of the following shall constitute an "**Event of Default**" hereunder.

(a)    The failure of the Guarantor to duly and promptly pay and perform any of the Guaranteed Obligations;

(b)    If any representation or warranty made by the Guarantor hereunder, or in any financial statement, certificate or other document delivered by the Guarantor to the Lender to induce such party to accept this Guaranty or to approve the advance of funds to the Borrower, shall be false in any material respect;

(c)    The breach or failure by the Guarantor to perform any other covenant or agreement contained herein; or

(d)    An event of default under any of the other Loan Documents not cured as provided therein.

10

Exhibit C-11, Page 92

Should an Event of Default occur, the Lender may enforce this Guaranty in any court of competent jurisdiction, an shall have all remedies available at law or equity including, without limitation, the right of recover any damages incurred by the Lender by reason of the Guarantor's failure or refusal to perform the Guarantor's obligations hereunder. An Event of Default under this Guaranty shall, at the continuing option of the Lender, be an Event of Default under the other Loan Documents.

Section 3.07    Expenses. The Guarantor agrees to pay or cause to be paid and to save the Lender harmless against liability for the payment of all reasonable out-of-pocket expenses, including fees and expenses of counsel for the Lender, incurred by the Lender from time to time arising in connection with the Lender's enforcement or preservation of rights under this Guaranty, including but not limited to such expenses as may be incurred by the Lender in connection with any default by the Guarantor of any of its obligations hereunder.

Section 3.08    Jurisdiction; Etc. The Guarantor irrevocably (a) agrees that the Lender may bring suit, action or other legal proceedings arising out of this Guaranty in the courts of the State of New York or the courts of the United States located in New York; (b) consents to the jurisdiction of each such court in any such suit, action or proceeding; (c) waives any objection which the Guarantor may have to the laying of the venue of any such suit, action or proceeding in any of such courts; and **(d) waives any right the Guarantor may have to a jury trial in connection with any such suit, action or proceeding.**

Section 3.09    Severability. If any term or provision of this Guaranty or the application thereof to any Person or circumstance shall to any extent be invalid or unenforceable, the remainder of this Guaranty, or the application of such term or provision to persons or circumstances other than those as to which it is invalid or unenforceable, shall not be affected thereby, and each term and provision of this Guaranty shall be valid and enforceable to the fullest extent permitted by law.

Section 3.10    Counterparts. This Guaranty may be executed in any number of counterparts and by the different parties hereto on separate counterparts, each of which, when so executed, shall be deemed an original, but all such counterparts shall constitute but one and the same instrument.

Section 3.11    Governing Law. This Guaranty shall be governed by, and construed in accordance with, the laws of the State of New York, without giving effect to conflict of laws principles.

Section 3.12    Successors and Assigns. The Guarantor shall not assign its obligations hereunder without the prior written consent of the Lender. This Guaranty shall bind the Guarantor and his heirs, executors, legal representatives, personal representatives, successors and assigns, and shall inure to the benefit of the Lender and its successors and assigns.

IN WITNESS WHEREOF, the Guarantor has duly executed and delivered this Guaranty as of the date first above written.

THEOTIS F. OLIPHANT

Address:    113 Carmel Ave
El Cerrito, CA 94530

Exhibit C-13, Page 94

#15573 1v1

## SPOUSE'S CONSENT TO GUARANTY

I, _Robin van der Vegt_, am the spouse of Theotis F. Oliphant, the guarantor under a Guaranty and Suretyship Agreement dated as of December __, 2006 (the "Guaranty") for the benefit of Greystone CDE, LLC (the "Lender"). I have read and understand the Guaranty, and I hereby acknowledge and consent to the terms of the Guaranty and my spouse's execution, delivery and performance thereunder. Without limiting the foregoing, I hereby acknowledge and agree that the Lender may pursue any community property interest (whether presently existing or hereafter arising) in satisfaction of the Guaranty. I agree that I will take no action at any time to hinder operation, performance or enforcement of the Guaranty and that I will execute any other and further documents necessary to effectuate the terms of the Guaranty. I acknowledge that I have been afforded the opportunity to have the Guaranty and this Spouse's Consent reviewed by independent legal counsel of my choice.

**IN WITNESS WHEREOF**, this Spouse's Consent to Guaranty has been executed as of this 20 day of December, 2006.

Signed and acknowledged
in the presence of:

_____
Witness
Print Name:_____


_____
Witness
Print Name:_____

_Robin van der Vegt_
Robin van der Vegt                    12/20/6

## Certificate of Acknowledgment

State of California
County of Contra Costa    s.s

On December 20, 2006_ before me, Denecia Lee, a notary public in and for said state personally appeared **Robin van der Vegt**, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person whose name is subscribed to the within instrument, and acknowledged to me that she executed the same in her authorized capacity and that by her signature on the instrument, the person, or the entity upon behalf of which the person acted, executed the instrument.

WITNESS MY HAND AND OFFICIAL SEAL.

_Denecia Lee_

**Denecia Lee, Notary Public - State of California**
**Commission No. 1608357 expires: September 22nd, 2009**

State of California
County of Contra Costa    s.s.

Subscribed and sworn to (or affirmed) before me on this 20th day of December, 2006 by, Robin van der Vegt
, personally known to me or proved on the basis of satisfactory evidence to be the person who appeared before me.

WITNESS MY HAND AND OFFICIAL SEAL.

_Denecia Lee_
Signature of Notary

Jurat

NOTARIAL SEAL

DENECIA LEE
COMM. # 1608357
NOTARY PUBLIC-CALIFORNIA
CONTRA COSTA COUNTY
My Comm. Exp. Sept. 22, 2009

NOTARIAL SEAL

Exhibit C-14, Page 95