# EXHIBIT G

Case 3:07-cv-05454-MMC    Document 90-8    Filed 09/03/2008    Page 1 of 6

#155241v2

# BRIDGE PROMISSORY NOTE

$500,000.00                                                                December 20, 2006

FOR VALUE RECEIVED, SANTA FE POINTE, L.P., a limited partnership duly organized, validly existing and in good standing under the laws of the State of Oklahoma (together with its successors and assigns, the "**Borrower**"), hereby promises to pay to the order of **GREYSTONE CDE, LLC**, a limited liability company organized and existing under the laws of the State of Delaware (together with its successors and assigns, the "**Lender**"), or its successors and assigns, at its principal office at 419 Belle Air Lane, Warrenton, Virginia 20186, or at such other address designated in writing by the Lender, the principal sum of Five Hundred Thousand and No/100 Dollars ($500,000.00) (the "**Loan Amount**"), or so much thereof as shall have been disbursed in accordance with and as shall be then outstanding under the Loan Agreement (as hereinafter defined), in lawful money of the United States of America, payable on the dates and in the amounts set forth in the Bridge Loan Agreement dated December 20, 2006 between the Borrower and the Lender (the same may be further amended, modified or supplemented from time to time, the "**Loan Agreement**"), and to pay interest on the Loan Amount (whether or not disbursed) at such office in like money, as set forth below and in the Loan Agreement. Capitalized terms used herein shall have the respective meanings assigned to them in the Loan Agreement.

This Bridge Loan Promissory Note is the "Note" referred to in the Loan Agreement and evidences a Loan made by the Lender thereunder. This Note is subject to the terms of the Loan Agreement and is secured by the Loan Documents, as more fully set forth in the Loan Agreement, which terms are incorporated herein by reference and made a part hereof.

This Note shall bear interest on the Loan Amount (whether or not disbursed) at a variable rate equal to LIBOR plus two and three-quarters percent (2.75%) per annum, accruing on the full Loan Amount (whether or not disbursed) from the Closing Date; provided, however, if this Note is not paid in full on or prior to the end of the Loan Term or when due pursuant to the Loan Agreement or if an Event of Default shall occur hereunder or under any Loan Documents, this Note shall bear interest on the Loan Amount and all other amounts due and owing under the Loan Documents at an annual rate equal to the lesser of twelve percent (12%) per annum or the highest rate permitted by law from and after the date of the Event of Default, the date of mandatory prepayment or the end of the Loan Term, whichever is earlier, until this Note and all other amounts due and owing under the Loan Documents are paid in full or the Event of Default shall have been cured to the satisfaction of the Lender, if sooner. Accrued interest on this Note shall be due and payable on each March 1, June 1, September 1 and December 1, commencing March 1, 2007, until payment in full at the end of the Loan Term or the date of prepayment in full hereof prior to the end of the Loan Term. Interest hereon shall be calculated on the basis of a 360-day year for the actual number of days elapsed. The entire unpaid principal balance and accrued but unpaid interest and any other unpaid sums or fees due under this Note and/or the Loan Documents, if not sooner paid, shall be due and payable on July 1, 2007, unless extended in accordance with the terms of Section 2.4 of the Loan Agreement (the "**Maturity Date**").

The Loan Agreement provides for the mandatory repayment hereof in accordance with Section 2.6 thereof.

Except as expressly provided in the Loan Agreement or this Note, the undersigned hereby waives presentment, demand for payment, notice of dishonor, notice of protest, and protest, and all other notices or demands in connection with the delivery, acceptance, performance, default, endorsement or guaranty of this instrument.

The obligation to make payments hereunder to the Lender hereunder is absolute and unconditional and the rights of any subsequent holder of this Note shall not be subject to any defense, set-off, counterclaim or recoupment which the undersigned may have against the Lender or by reason of any indebtedness or liability at any time owing by the Lender to the undersigned.

Nothing herein is intended to result in interest being charged which would exceed the maximum rate permitted by law.

Should this Note, or any part of the Loan or any other amounts due and owing under the Loan Documents be collected by law or through an attorney-at-law, the Lender shall be entitled to collect all reasonable costs of collection, including, but not limited to, reasonable attorneys' fees.

No delay or omission on the part of the Lender in exercising any remedy, right or option under this Note or the Loan Documents shall operate as a waiver of such remedy, right or option. In any event a waiver on any one occasion shall not be construed as a waiver or bar to any such remedy, right or option on a future occasion. The rights, remedies and options of the Lender under this Note and the Loan Documents are and shall be cumulative and are in addition to all of the rights, remedies and options of the Lender at law or in equity or under any other agreement.

This Note may not be changed orally. The acceptance by the Lender of any amount after the same is due shall not constitute a waiver of the right to require prompt payment, when due, of all other amounts due hereunder. The acceptance by the Lender of any sum in an amount less than the amount due shall be deemed an acceptance on account only and upon condition that such acceptance shall not constitute a waiver of the obligation of the Borrower to pay the entire sum then due, and the Borrower's failure to pay such amount then due shall be and continue to be a default notwithstanding such acceptance of such amount on account, as aforesaid. Consent by the Lender to any action of the Borrower which is subject to consent or approval of the Lender hereunder shall not be deemed a waiver of the right to require such consent or approval to future or successive actions.

All notices hereunder are to be given in the same manner set forth in the Loan Agreement.

This Note is governed by, and is to be construed in accordance with the laws of the State of New York, without regard to New York's choice of law rules. The Borrower hereby submits to personal jurisdiction in the State of New York for the enforcement of the Borrower's obligations hereunder and under the Loan Documents, and waives any and all personal rights under the law of any other state to object to jurisdiction within the State of New York for the purposes of litigation to enforce such obligations of the Borrower. In the event such litigation is commenced, the Borrower agrees that service of process may be made and personal jurisdiction over the Borrower obtained, by service of a copy of the summons, complaint and other pleadings required by applicable law to commence such litigation upon the Borrower's appointed Agent for Service of Process in the State of New York or, if there is no such agent, to Borrower at its notice address set forth in the Loan Agreement.

The Lender may accept additional or substitute security for this Note, or release any security or any party liable for this Note, or extend or renew this Note, all without notice to the Borrower and without affecting the liability of the Borrower.

This Note inures to and binds the heirs, legal representatives, successors and assigns of the Borrower and the Lender; provided, however, that the Borrower may not assign this Note, or assign or delegate any of its rights or obligations hereunder, without the prior written consent of the Lender in each instance. The Lender in its sole discretion may transfer this Note, and may sell or assign participations or other interests in all or part of the Loan, on the terms and subject to the conditions of the Loan Documents, all without notice to or the consent of the Borrower. Also, without notice to or the consent of the Borrower, the Lender may disclose to any actual or prospective purchaser of any securities issued or to be issued by the Lender, and to any actual or prospective purchaser or assignee of any participation or other interest in this Note, the Loan or any other loans made by the Lender to the Borrower (whether evidenced by this Note or otherwise), any financial or other information, data, or material in the Lender's possession relating to the Borrower, any other Obligors, the Loan, and/or the Collateral; provided, however, that the Lender shall use commercially reasonable efforts to obtain an undertaking of confidentiality (on customary commercial lending terms) from any prospective purchaser or assignee prior to disclosure of such information. If the Lender so requests, the Borrower will sign and deliver a new note to be issued in exchange for this Note on the same terms and conditions as this Note. Unless and until the Borrower receives written notice from the Lender of the transfer or assignment of this Note, the Borrower may continue to make payments hereunder to the Lender without any liability to the Lender's assignee or transferee.

If any payment made in connection with this Note is, in whole or in part, subsequently invalidated, declared to be fraudulent or preferential, set aside, or required to be repaid or paid over to a trustee, receiver, or any other entity, whether under any bankruptcy act or otherwise (any payment of this type being referred to as a "**Preferential Payment**"), then the indebtedness intended to be satisfied by the Preferential Payment will be revived and continued in full force and effect as if the Preferential Payment had not been made.

The Borrower warrants that the Loan is being made solely to acquire or carry on a business or commercial enterprise, and/or the Borrower is a business or commercial organization. The Borrower further warrants that all of the proceeds of this Note shall be used for commercial purposes and stipulates that the Loan shall be construed for all purposes as a commercial loan, and is made for other than personal, family, household or agricultural purposes.

THE BORROWER WAIVES TRIAL BY JURY IN ANY ACTION OR PROCEEDING TO WHICH THE BORROWER AND THE LENDER MAY BE PARTIES, ARISING OUT OF, IN CONNECTION WITH OR IN ANY WAY PERTAINING TO THIS NOTE OR THE LOAN. THIS WAIVER APPLIES TO ALL CLAIMS AGAINST ALL PARTIES, WHETHER OR NOT PARTIES TO THIS NOTE. THIS WAIVER IS KNOWINGLY, WILLINGLY AND VOLUNTARILY MADE BY THE BORROWER, AND THE BORROWER ACKNOWLEDGES THAT IT HAS BEEN REPRESENTED BY INDEPENDENT LEGAL COUNSEL SELECTED OF ITS OWN FREE WILL, AND THAT IT HAS HAD THE OPPORTUNITY TO DISCUSS THIS WAIVER WITH COUNSEL.

Time is of the essence with regard to each provision of this Note as to which time is a factor, including payment obligations.

If any provision of this Note shall be prohibited or invalid under applicable law, such provision shall be ineffective but only to the extent of such prohibition or invalidity, without invalidating the remainder of such provision or any of the remaining provisions of this Note.

WITNESS the execution hereof under seal this 20th day of December, 2006.

        SANTA FE POINTE, L.P, an Oklahoma limited partnership

        By: SANTA FE POINTE MANAGEMENT, LLC, an Oklahoma limited liability company, its general partner

        By: /s/ Theotis F. Oliphant
        Name: Theotis F. Oliphant
        Title: Managing Member

*SPECIMEN*

Santa Fe/Promissory Note