Eric J. Farber, SBN 169472
William W. Schofield, SBN 062674
PINNACLE LAW GROUP LLP
425 California Street, Suite 1800
San Francisco, California 94104
Telephone 415.394-5700
Facsimile 415.394-5003

Attorneys for Counter-defendants

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

(SAN FRANCISCO DIVISION)

SANTA FE POINTE, LP, et al.

      Plaintiffs,

 vs.

GREYSTONE SERVICING
CORPORATION, INC., et al.,

      Defendants.

**Case No.: C07-05454 MMC**

**ANSWER TO COUNTERCLAIM**

    Counter-defendants Santa Fe Pointe, L.P., Santa Fe Pointe Management, LLC, Rant LLC and Theotis F. Oliphant (collectively "Counter-defendants") answer Greystone CDE, LLC's Counterclaim as follows:

**PARTIES**

    1.  Counter-defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 1, and therefore deny them.

    2.  Counter-defendants admit the allegations of the first sentence of paragraph 2. Counter-defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations of the second sentence of paragraph 2 as the word partner has not been defined.

    3.  Counter-defendants admit the allegations of paragraph 3.

    4.  Counter-defendants admit the allegations of paragraph 4.

---

*Santa Fe Pointe, LP, et al v. Greystone Servicing Corporation, Inc., et al.*    - 1
Answer to Counterclaim

5.   Counter-defendants admit that Rant LLC was and is a limited liability company organized and existing under the law of the State of Delaware, operating from El Cerrito, California, but are without information or knowledge sufficient to form a belief as to whether Rant LLC is an affiliate of Sante Fe Pointe, L.P. since "affiliate" is not defined in the Counterclaim.

## JURISDICTION AND VENUE

6.   Counter-defendants admit the allegations of paragraph 6.

7.   Counter-defendants admit the allegations of paragraph 7.

8.   Counter-defendants deny the allegations of paragraph 8.

## BACKGROUND

9.   Counter-defendants admit the allegations of paragraph 9.

10.   Counter-defendants deny that the Purchase Agreement provides for the purchase by Rant LLC of the Project real estate from Walnut Creek Apartments, Inc. Counter-defendants also deny that the Purchase Agreement (properly termed Contract for the Sale of Real Estate) provided for a Closing to occur not later than March 31, 2007.

11.   Counter-defendants admit the allegations of paragraph 11.

12.   Counter-defendants admit the allegations of paragraph 12.

13.   Counter-defendants deny the allegations of paragraph 13 except admit that on or about December 20, 2006 Oliphant entered into a Guaranty and Suretyship Agreement with Counterclaimant.

14.   Counter-defendants deny the allegations of paragraph 14, except admit that on or about December 20, 2006 Santa Fe Pointe LP and Oliphant entered into a Partner Guaranty, Pledge and Security Agreement with Counterclaimant.

15.   Counter-defendants deny the allegations of paragraph 15, except admit that on or about December 20, 2006 Rant entered into a Developer Limited Guaranty, Pledge and Security Agreement with Counterclaimant.

16.   Counter-defendants deny that Santa Fe Pointe LP assigned the Project Documents to Lender under Exhibit F. Without opining or admitting to the validity and/or enforceability of the documents contained in Exhibit F, Counter-defendants state that the document entitled

Assignment of Project Documents, and contained within Exhibit F, purportedly created a security interest in the Project Documents, subject to certain restrictions.

17. Counter-defendants admit the allegations of paragraph 17.

18. Counter-defendants admit the allegations of paragraph 18.

19. Counter-defendants deny and state that the Note does not provide for the maturity date and/or the specific payment detailed in paragraph 19.

20. Counter-defendants deny and state that the Notice of Default, annexed to the Counterclaim as Exhibit I, does not read as detailed by Counterclaimant in paragraph 20.

**COUNT I**
**AGAINST SANTA FE POINTE, L.P.**
(Breach of Contract)

21. Counter-defendants neither admit nor deny the allegations in paragraph 21, as this is not an allegation to which responsive pleading is required.

22. Counter-defendants deny and state that the Loan Agreement does not provide for automatic acceleration upon all Events of Default detailed in section 9.1 of the Loan Agreement.

23. The allegation of paragraph 23 is a legal conclusion and therefore is not an allegation to which responsive pleading is required. Counter-defendants leave Counterclaimant to its proofs as to this allegation. To the extent responsive pleading is required: deny.

24. Counter-defendants admit that Exhibit J to the Counterclaim is a letter from Greystone CDE, LLC to Sante Fe Pointe, L.P., Sante Fe Pointe Management, L.L.C., Theotis F. Oliphant, and Rant, LLC, which purports to be a notice of acceleration. However, Counter-defendants deny that allegation number 24 is an element of a breach of contract claim against Santa Fe Pointe LP.

25. Counter-defendants deny the allegations of paragraph 25 and further deny that the allegation in paragraph 25 is an element of a breach of contract claim against Santa Fe Pointe LP.

26. The allegation of paragraph 26 is a legal conclusion and not an allegation to which responsive pleading is required. Counter-defendants leave Counterclaimant to its proofs as to this allegation. To the extent that responsive pleading is required: deny.

27.     The allegation of paragraph 27 is a legal conclusion and not an allegation to which responsive pleading is required. Counter-defendants leave Counterclaimant to its proofs as to this allegation. To the extent that responsive pleading is required: deny.

28.     Counter-defendants deny the allegations of paragraph 28.

## COUNT II
## AGAINST ALL COUNTER-DEFENDANTS
(Breach of Contract)

29.     Counter-defendants neither admit nor deny the allegations in paragraph 29, as this is not an allegation to which responsive pleading is required.

30.     Counter-defendants deny the allegation of paragraph 30 and state that the Loan Agreement does not state that a condition thereto was that Borrower not default on the Purchase Contract.

31.     Counter-defendants deny the allegation of paragraph 31.

32.     Counter-defendants deny the allegation of paragraph 32 and state that the Loan Agreement does not provide that a condition thereto was that Borrower not default on its commitment to provide equity in the Project by a date certain.

33.     Counter-defendants deny the allegation of paragraph 33 as it does not accurately reflect the condition of paragraph 5.1(c) of the Loan Agreement.

34.     Counter-defendants neither admit nor deny the allegation in paragraph 34 as Addendum #3, as provided by Counterclaimant, is not an executed copy of Addendum #3 as claimed in allegation number 34. Counter-defendants reserve the right to further reply to this allegation if supplied with an executed copy of Addendum #3 at some future date.

35.     Counter-defendants admit the allegations of paragraph 35, but state that the quotation contained therein is not complete.

36.     Counter-defendants object to the allegation of paragraph 36 as being vague and ambiguous. However, to the extent that a response is required: deny.

37.     The allegation of paragraph 37 is a legal conclusion, as whether or not there was a default is a legal determination. As such, paragraph 37 is not an allegation to which responsive

pleading is required, and Counter-defendants leave Counterclaimant to its proofs as to whether there has been a default. To the extent that responsive pleading is required: deny.

38. Counter-defendants object to the allegations of paragraph 38 as non-specific as to the origin and/or nature of the conditions referred to in paragraph 38. However, to the extent that a response is required: deny. Notwithstanding the foregoing, Counter-defendants admit that a certain disbursement was made by Counterclaimant; the facts surrounding said disbursement are in dispute.

39. The allegation of paragraph 39 is a legal conclusion, as the fact of whether or not there was due demand is a legal determination. As such, paragraph 39 is not an allegation to which responsive pleading is required, and Counter-defendants leave Counterclaimant to its proofs as to whether there has been due demand. To the extent that responsive pleading is required: deny.

40. The allegation of paragraph 40 is a legal conclusion and not an allegation to which responsive pleading is required. Counter-defendants leave Counterclaimant to its proofs as to this allegation. To the extent that responsive pleading is required: deny.

41. The allegation of paragraph 41 is a legal conclusion and not an allegation to which responsive pleading is required. Counter-defendants leave Counterclaimant to its proofs as to this allegation. To the extent that responsive pleading is required: deny.

**COUNT III**
**AGAINST ALL COUNTER-DEFENDANTS**
(Breach of Contract)

42. Counter-defendants neither admit nor deny the allegations in paragraph 42, as this is not an allegation to which responsive pleading is required.

43. Counter-defendants object to the allegations of paragraph 43 as they are compound. However,to the extent that a response is required: deny.

44. Counter-defendants deny the allegations of paragraph 44.

45. Counter-defendants deny the allegations of paragraph 45.

# AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to Counterclaimant's Counterclaim, Counter-defendants allege as follows:

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

46. Counterclaimant's Counterclaim fails to set forth facts sufficient to state a claim upon which relief may be granted, and further fails to state facts sufficient to entitle Counterclaimant to the relief sought, or any other relief from Counter-defendants.

### SECOND AFFIRMATIVE DEFENSE
(Fraud)

47. Counterclaimant's action, and each and every claim made therein, is barred by virtue of the fact that Counterclaimant committed fraud against Counter-defendants.

### THIRD AFFIRMATIVE DEFENSE
(Undue Influence)

48. Counterclaimant's action, and each and every claim made therein, is barred by virtue of the doctrine of undue influence.

49. As such, the alleged agreements, including the Guaranty (annexed to the Counterclaim as exhibit C) are *void ab initio*.

### FOURTH AFFIRMATIVE DEFENSE
(Economic Duress)

50. Counterclaimant's action, and each and every claim made therein, is barred because to the extent that Counter-defendants entered into any of the alleged agreements, they did so under economic duress.

51. As such, the alleged agreements, including the Guaranty (annexed to the Counterclaim as exhibit C) are *void ab initio*.

### FIFTH AFFIRMATIVE DEFENSE
(Lack of Consideration)

52. Counterclaimant's action, and each and every claim made therein, is barred by virtue of the fact that the alleged agreements were not supported by valid consideration.

53. As such, the alleged agreements, including the Guaranty (annexed to the Counterclaim as exhibit C) are *void ab initio*.

### SIXTH AFFIRMATIVE DEFENSE
(Breach of Fiduciary Duty)

54. Counterclaimant's action, and each and every claim made therein, is barred by virtue of Counterclaimant's breach of its fiduciary duty owed to Counter-defendants.

### SEVENTH AFFIRMATIVE DEFENSE
(Unclean Hands)

55. Counterclaimant's action, and each and every claim made therein, is barred by the doctrine of unclean hands.

56. As such, the alleged agreements, including the Guaranty (annexed to the Counterclaim as exhibit C) are *void ab initio*.

### EIGHTH AFFIRMATIVE DEFENSE
(Estoppel)

57. Counterclaimant's action, and each and every claim made therein, is barred by the doctrine of estoppel.

**NINTH AFFIRMATIVE DEFENSE**
(Unjust Enrichment)

58. Counterclaimant's action, and each and every claim made therein, is barred because a recovery in favor of Counterclaimant would cause Counterclaimant to be unjustly enriched.

**TENTH AFFIRMATIVE DEFENSE**
(Breach of the Covenant of Good Faith and Fair Dealing)

59. Counterclaimant's action, and each and every claim made therein, is barred by virtue of Counterclaimant's breach of the covenant of good faith and fair dealing.

60. As such, the various agreements entered into by the Counter-defendants are voidable and/or void.

**ELEVENTH AFFIRMATIVE DEFENSE**
(Right to Assert Additional Defenses)

61. Counter-defendants hereby give notice that they intend to rely on any additional affirmative defenses that become available or apparent through discovery and/or the factual development of this case or otherwise, and thus reserve the right to amend their Answer to assert such additional defenses. Counter-defendants also hereby give notice that they intend to rely on and reserve the right to assert such other or related defenses that may become available in the event of a determination that this action, or some part thereof, is governed by the substantive law of a state other than New York or of a foreign country, or in the event it becomes apparent that the facts on which this action is premised lack any necessary nexus to New York.

Dated: September 4, 2008.                PINNACLE LAW GROUP LLP
                                         Attorneys for Counter-defendants


                                         By   /s/ William W. Schofield
                                              William W. Schofield

---

*Santa Fe Pointe, LP, et al v. Greystone Servicing Corporation, Inc., et al.*                - 8
Answer to Counterclaim

# CERTIFICATE OF SERVICE

I am a resident of the State of California, over the age of 18 and not a party to the within action. My business address is 425 California Street, Suite 1800, San Francisco, California 94104.

On September 4, 2008, I served true and correct copies of the document(s) described as:

**ANSWER TO COUNTERCLAIM**

[X]   BY E-MAIL: Service was accomplished by electronically filing such documents through the CM/ECF system of the United States District Court for the Northern District of California, which will send electronic notification of such filing to the following registered users:

*Attorneys for Defendants*:

    Erik Christian Swanholt
    Email: ekswanholt@jonesday.com

    Mark David Kemple
    Email: mkemple@jonesday.com

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 4, 2008, at San Francisco, California.

                                                /s/ Mike Terry
                                               MIKE TERRY