IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTA FE POINTE, LP, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>GREYSTONE SERVICING<br>CORPORATION, INC., et al.,<br><br>　　　　Defendants<br>_____<br><br>GREYSTONE CDE, LLC,<br><br>　　　　Counterclaimant,<br><br>　v.<br><br>THEOTIS F. OLIPHANT, et al.,<br><br>　　　　Counter-defendants<br>_____/ | No. C-07-5454 MMC<br><br>**ORDER GRANTING COUNTERCLAIMANT'S MOTION FOR LEAVE TO FILE FIRST AMENDED COUNTERCLAIM; VACATING HEARING** |

　　　Before the Court is counterclaimant Greystone CDE, LLC's ("Greystone") "Motion for Leave to File First Amended Counterclaim," filed October 3, 2008.  Counter-defendants Theotis F. Oliphant ("Oliphant"), Santa Fe Pointe L.P. ("SFP"), Santa Fe Pointe Management, LLC ("SFPM"), and Rant LLC ("Rant") have filed opposition, to which Greystone has replied.  Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for decision on the parties'

submissions, VACATES the hearing scheduled for November 7, 2008, and rules as follows.

Greystone's counterclaim alleges that it entered into an agreement with SFP, under which agreement Greystone loaned SFP certain funds, and, further, that Oliphant, SFPM, and Rant each executed a document guaranteeing payment of SFP's obligations to Greystone. Greystone also alleges that SFP defaulted on its obligations, and that each guarantor has refused to make payment to Greystone. By the instant motion, Greystone seeks leave to amend to add as a counter-defendant Robin van der Vegt ("van der Vegt"), Oliphant's spouse, "in her capacity as representative of the community estate." (See proposed First Amended Counterclaim ¶ 5.)

Leave to amend to file a counterclaim shall be given "when justice requires." See Fed. R. Civ. P. 13(f). In considering whether to allow an amendment to a pleading, a district court considers four factors: "bad faith, undue delay, prejudice to the opposing party, and futility of amendment." See DCD Programs, Ltd. v. Leighton, 833 F. 2d 183, 186 (9th Cir. 1987).

Here, counter-defendants oppose amendment on the ground that van der Vegt, if named, would have the right to seek dismissal if she is joined. Such argument appears to implicate the factor of futility.[1]

Counter-defendants correctly note that, under California law, where a plaintiff seeks to hold one spouse personally liable for a debt, and the plaintiff has named the other spouse in his/her capacity as a community representative, the other spouse is, upon request, entitled to dismissal. See 11601 Wilshire Associates v. Grebow, 64 Cal. App. 4th 453, 457 (1998); Reynolds & Reynolds Co. v. Universal Forms, Labels & Systems, Inc., 965 F. Supp. 1392, 1397 (C.D. Cal. 1997). Nevertheless, the plaintiff is allowed to name such other spouse as a party and await his/her response. See Reynolds & Reynolds, 965

---

[1] Counter-defendants do not argue that Greystone is acting in bad faith, that Greystone unduly delayed seeking amendment, or that counter-defendants would be prejudiced by addition of van der Vegt.

2

F. Supp. at 1396-97. Because the possibility exists that the other spouse might wish to remain a party, and, indeed, would likely be allowed to intervene as a party if he/she so requested, see id., the Court finds the proposed amendment is not necessarily futile.

Accordingly, leave to amend to add van der Vegt as a counter-defendant will be granted. If, upon being served with the amended complaint, van der Vegt wishes to be dismissed from the action, she may file a motion requesting such relief.[2]

### CONCLUSION

For the reasons stated above, counterclaimant's motion is hereby GRANTED. The First Amended Counterclaim, if any, shall be filed no later than November 14, 2008.

**IT IS SO ORDERED.**

Dated: November 4, 2008

MAXINE M. CHESNEY
United States District Judge

---

[2] Greystone argues that if van der Vegt requests a dismissal, she would be bound by any judgment later entered against Oliphant. The Court deems such issue premature at this stage of the proceedings and, accordingly, makes no finding thereon.

3