United States District Court

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTA FE POINTE, LP, et al.,<br><br>             Plaintiffs,<br><br>   v.<br><br>GREYSTONE SERVICING CORPORATION, INC., et al.,<br><br>             Defendants<br>_____<br><br>GREYSTONE CDE, LLC,<br><br>             Counterclaimant,<br><br>   v.<br><br>THEOTIS F. OLIPHANT, et al.,<br><br>             Counter-defendants<br>_____/ | No. C-07-5454 MMC<br><br>**ORDER GRANTING COUNTER-DEFENDANT ROBIN VAN DER VEGT'S MOTION TO DISMISS; VACATING HEARING** |

Before the Court is counter-defendant Robin van der Vegt's ("van der Vegt") "Motion to Dismiss Counterclaim," filed December 2, 2008. Counterclaimant Greystone CDE, LLC ("Greystone") has filed opposition. Van der Vegt has not filed a reply. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for decision on the parties' submissions, VACATES the hearing scheduled for January 9, 2009, and rules as follows.

1    Greystone's counterclaim alleges that it entered into an agreement with Santa Fe
2 Pointe L.P. ("SFP"), under which agreement Greystone loaned SFP certain funds, and,
3 further, that Theotis F. Oliphant ("Oliphant") executed a document guaranteeing payment of
4 SFP's obligations to Greystone.  Greystone alleges that SFP defaulted on its obligations,
5 and that Oliphant has refused to make payment to Greystone.  Greystone further alleges
6 that van der Vegt is Oliphant's spouse and that Greystone has named her as a counter-
7 defendant solely "in her capacity as representative of the community estate."  (See First
8 Amended Counterclaim ¶ 5.)  Van der Vegt now seeks to be dismissed as a party, stating
9 that "she does not wish to participate in the litigation."  (See Mot. to Dismiss, filed
10 December 2, 2008, at 2:1-2.)

11    Under California law, where a plaintiff seeks to hold one spouse personally liable for
12 a debt, and the plaintiff has named the other spouse solely in his/her capacity as a
13 community representative, the other spouse is, upon request, entitled to dismissal.  See
14 11601 Wilshire Associates v. Grebow, 64 Cal. App. 4th 453, 457 (1998) (holding if other
15 spouse "'does not desire to participate in the litigation, there appears to be no legitimate
16 advantage to plaintiff in forcing the unwilling spouse to participate in the litigation'") (quoting
17 Reynolds & Reynolds Co. v. Universal Forms, Labels & Systems, Inc., 965 F. Supp. 1392,
18 1397 (C.D. Cal. 1997)).  Consequently, van der Vegt is entitled to dismissal.

19    Van der Vegt requests that any dismissal be "with prejudice."  (See [Proposed]
20 Order Granting Mot. to Dismiss Counterclaim.)  Where, as here, the other spouse does not
21 wish to participate in the litigation, "the dismissed spouse cannot later contest the
22 determinations of liability and community responsibility made in that spouse's absence."
23 See Reynolds, 965 F. Supp. at 1397.  Consequently, because she will be bound by any
24 findings made herein as to Oliphant's liability and as to the community's responsibility for
25 any judgment owed to Greystone by Oliphant, van der Vegt is entitled to dismissal with
26 prejudice.

27 //
28 //

2

Accordingly, van der Vegt's motion to dismiss is hereby GRANTED, and the First Amended Counterclaim is hereby DISMISSED with prejudice as to van der Vegt only.

**IT IS SO ORDERED.**

Dated: January 5, 2009

_____
MAXINE M. CHESNEY
United States District Judge