IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTA FE POINTE, LP, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>GREYSTONE SERVICING CORPORATION, INC., et al.,<br><br>    Defendants | No. C-07-5454 MMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS** |

Before the Court is defendants Greystone Servicing Corporation, Inc. ("Greystone Servicing") and Greystone CDE, LLC's ("Greystone CDE") "Motion for Judgment on the Pleadings Pursuant to Rule 12(C)," filed March 24, 2009. Plaintiffs Santa Fe Pointe, LP ("SFP"), Santa Fe Management, LLC ("SFM"), Rant, LLC ("Rant"), and Theotis F. Oliphant ("Oliphant") have filed opposition, to which defendants have replied. Having read and considered the papers filed in support of and in opposition to the motions, the Court rules as follows.[1]

**1. First Cause of Action**

By order filed August 1, 2008, the Court dismissed the First Cause of Action except to the extent such cause of action is brought on behalf of SFP against Greystone Servicing.

---

[1] By order filed May 1, 2009, the Court took the matter under submission.

Defendants do not seek judgment on the pleadings as to the remaining claims within the First Cause of Action.

### 2. Second Cause of Action

By order filed August 1, 2008, the Court dismissed the Second Cause of Action, by which plaintiffs allege a breach of fiduciary duty, except to the extent such cause of action is brought on behalf of SFP against Greystone Servicing. Defendants have failed to show they are entitled to judgment on the pleadings as to the remaining claims in the Second Cause of Action. Specifically, defendants have failed to establish that, on the face of the Second Amended Complaint ("SAC"), such claims are foreclosed. See Hal Roach Studios v. Richard Feiner & Co., 896 F. 2d 1542, 1550 (9th Cir. 1990) (holding "[j]udgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law"). Under California law,[2] "[a]n agent owes a fiduciary duty to his principal" even where "the principal has greater bargaining power," see Committee on Children's Television, Inc. v. General Foods Corp., 35 Cal.3d 197, 221 n. 21 (1983); here, plaintiffs allege SFP "appointed Greystone Servicing to serve as [its] exclusive agent to process [SFP's] HUD application for financing the acquisition and rehabilitation of [a specified property]" (see SAC ¶ 15).[3]

### 3. Third Cause of Action

For the reasons stated by defendants, the Court finds defendants are entitled to judgment on the pleadings as to the Third Cause of Action, by which plaintiffs allege a claim for intentional interference with prospective economic advantage, to the extent such

---

[2] Defendants' argument that New York law governs the claims against Greystone Servicing is unpersuasive. Although defendants assert that plaintiffs have agreements with Greystone CDE that contain choice-of-law provisions selecting New York law, Greystone Servicing is not a party to any such agreement.

[3] In particular, the contract between SFP and Greystone Servicing provided that Greystone Servicing was to submit, on SFP's behalf, an application for mortgage insurance to the Department of Housing and Urban Development ("HUD"). (See SAC Ex. A at 1.)

cause of action is brought on behalf of SFM, Rant, and Oliphant.[4]  Specifically, plaintiffs fail to allege that SFM, Rant, and/or Oliphant had a prospective economic relationship with a third party that was disrupted by the acts or omissions of either defendant.  (Cf., e.g., SAC ¶ 22 (identifying SFP as entity formed to acquire certain real property and to enter into agreement with HUD).)

### 4. Fourth Cause of Action

By order filed August 1, 2008, the Court dismissed the Fourth Cause of Action except to the extent such cause of action is brought on behalf of SFP.  Defendants do not seek judgment on the pleadings as to the remaining claims within the Fourth Cause of Action.

### 5. Fifth Cause of Action

a.  By order filed August 1, 2008, the Court dismissed the Fifth Cause of Action except to the extent such cause of action is brought on behalf of SFP.  Defendants have failed to show they are entitled to judgment on the pleadings as to the Fifth Cause of Action, by which plaintiffs allege a claim of "anticipatory breach," to the extent such cause of action is brought by SFP against Greystone Servicing.  Plaintiffs allege Greystone Servicing "repudiated their contracts by stating that they will not further perform" (SAC ¶ 104); see Taylor v. Johnston, 15 Cal.3d 130, 137-38 (1975) (holding "[a]nticipatory breach occurs when one of the parties to a bilateral contract repudiates the contract"), and, contrary to defendants' argument, the SAC does not allege that Greystone Servicing had fully performed the contractual duties owed to SFP at the time of Greystone Servicing's alleged repudiation.  In particular, the SAC does not allege that HUD had made a final decision on SFP's application at the time Greystone Servicing, according to plaintiffs, ceased acting as SFP's agent for purposes of the matter pending before HUD.

b.  Defendants are entitled to judgment on the pleadings as to the Fifth Cause of Action to the extent such cause of action is brought on behalf of SFP against

---

[4] Defendants do not seek judgment on the pleadings as to the Third Cause of Action to the extent it is brought on behalf of SFP.

3

Greystone CDE.  Plaintiffs base such claim on Greystone CDE's having declared SFP to be in default of SFP's obligations under the parties' Bridge Loan Agreement.  For the reasons stated by defendants, however, plaintiffs cannot prevail.  In particular, the Bridge Loan Agreement provided Greystone CDE with the right to declare a default in the event "[t]he contract for the purchase and sale of the Project expires without having been extended" (see SAC Ex. B ¶ 9.1(g)), and the SAC alleges that on July 31, 2007, said contract expired when the parties to the contract for the purchase and sale "did not reach agreement for modifying their prior arrangement" (see SAC ¶ 40).  Plaintiffs' allegation that SFP later "cured" the default when it advised Greystone CDE that the landowner had agreed, on or about September 11, 2007, to an "extension of the time to close the deal" (see SAC ¶ 48) is insufficient to state a claim.  As noted, the SAC alleges the contract to purchase expired on July 31, 2007; any decision by the landowner to enter into a new agreement to sell is irrelevant to Greystone CDE's rights under the Bridge Loan Agreement.[5]

### 6. Sixth Cause of Action

a.  By order filed August 1, 2008, the Court dismissed the Sixth Cause of Action except to the extent such cause of action is brought on behalf of SFP.  Defendants have failed to show they are entitled to judgment on the pleadings as to the remaining claims in the Sixth Cause of Action to the extent it is brought on behalf of SFP against Greystone Servicing.  In their Sixth Cause of Action, plaintiffs allege a claim for breach of the implied covenant of good faith and fair dealing.  Defendants argue that because the contract between SFP and Greystone Servicing required Greystone Servicing to act "in

---

[5] In their opposition, plaintiffs also argue Greystone CDE committed a breach of contract by not loaning SFP "$4.34 Million." (See Pls.' Opp. at 10:17-18.)  Although the SAC alleges that Greystone CDE, on November 16, 2006, gave SFP a "bridge loan term sheet" referencing the amount of $4,348,400, the SAC also alleges that the parties, on December 17, 2006, executed the Bridge Loan Agreement, under which Greystone CDE was obligated to loan SFP the total sum of $500,000.  (See SAC ¶¶ 26, 29.)  Because the SAC does not allege the parties ever entered into a separate agreement under which Greystone CDE was obligated to loan SFP $4,348,400, SFP cannot base a breach of contract claim on Greystone CDE's alleged failure to provide funds in that amount.

4

accordance with" HUD "procedures, regulations and guidelines" (see SAC Ex. A at 1), SFP's claim cannot be based on a theory that Greystone Servicing would not act contrary to HUD procedures, regulations and/or guidelines. Assuming defendants' argument is correct as to the law, defendants nonetheless fail to show, from the face of the SAC, that the acts on which the claim is based are acts Greystone Servicing was obligated to take in order to comply with a HUD procedure, regulation, or guideline. (See, e.g., SAC ¶¶ 19, 24, 31 (alleging that although HUD advised Greystone Servicing SFP's application "needed to be submitted by the first week of December 2006" to avoid delay and that Greystone Servicing had the "ability to perform" by such time, Greystone Servicing did not submit application until March 2007); see also, e.g., SAC ¶ 34 (alleging Greystone Servicing, on date prior to June 19, 2006, made "unsolicited disparaging remarks" about SFP to HUD); SAC ¶ 42 (alleging Greystone Servicing, on August 9, 2007, "unilaterally withdrew" HUD application "without any prior notice or warning to [SFP]").)[6]

      b. Defendants are entitled to judgment on the pleadings as to the Sixth Cause of Action to the extent such cause of action is brought on behalf of SFP against Greystone CDE. For the reasons stated above with respect to the Fifth Cause of Action, plaintiffs cannot establish any type of breach of contact, express or implied, against Greystone CDE for its having declared SFP to be in default of its obligations under the Bridge Loan Agreement.

**7. Seventh Cause of Action**

Defendants are entitled to judgment on the pleadings, in part, as to the Seventh Cause of Action, by which plaintiffs allege a claim for "Declaratory Relief."

      a. To the extent plaintiffs seek a declaration that any amount any plaintiff may be found to owe to Greystone CDE should be "offset" by any judgment for money damages such plaintiff obtains against Greystone CDE (see SAC ¶ 115), defendants are

---

[6]To the extent defendants argue, based on facts other than those alleged in the SAC, that Greystone Servicing was required by HUD to take the action on which the claim is based, said argument is premature.

5

entitled to judgment, for the reason that the SAC fails to plead the existence of any case or controversy in that regard.  Specifically, plaintiffs fail to allege that prior to the filing of the SAC, Greystone CDE had ever contended that if any plaintiff named in the instant action is found to owe money to Greystone CDE, such plaintiff is prohibited from seeking to establish a claim that might provide an "offset" to such debt.  Moreover, as defendants argue, said claim is moot as it pertains to any plaintiff other than SFP because the only plaintiff with any remaining claim against Greystone CDE is SFP.

          b.  To the extent plaintiffs seek a declaration as to whether the Bridge Loan Agreement is in "default," whether the "maturity of the [B]ridge [L]oan [Agreement] has been accelerated," and whether "any payment is currently due and payable from Oliphant" to Greystone CDE (see SAC ¶ 114), defendants have failed to show they are entitled to judgment on the pleadings.  Although defendants correctly observe that the above-referenced determinations will be made in the context of resolving Greystone CDE's counterclaims, Greystone CDE's filing of a counterclaim does not moot any case or controversy existing prior to the filing of such counterclaim, nor does it otherwise affect plaintiffs' right to seek declaratory relief based on any such pre-existing case or controversy.

**CONCLUSION**

For the reasons stated above, defendants' motion for judgment on the pleadings is hereby GRANTED in part, as follows:

          1.  To the extent the Third Cause of Action is brought on behalf of SFM, Rant, and Oliphant, defendants are entitled to judgment on the pleadings.

          2.  To the extent the Fifth Cause of Action is brought on behalf of SFP against Greystone CDE, defendants are entitled to judgment on the pleadings.

          3.  To the extent the Sixth Cause of Action is brought on behalf of SFP against Greystone CDE, defendants are entitled to judgment on the pleadings.

          4.  To the extent the Seventh Cause of Action seeks a declaration that any amount any plaintiff herein may be found to owe to Greystone CDE should be offset by any

6

judgment for damages such plaintiff obtains against Greystone CDE, defendants are entitled to judgment on the pleadings, for lack of a case or controversy.

In all other respects, the motion is hereby DENIED.

**IT IS SO ORDERED.**

Dated:  May 8, 2009

MAXINE M. CHESNEY
United States District Judge