IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTA FE POINTE, LP, et al., | No. C 07-5454 MMC |
| Plaintiffs, | **ORDER GRANTING COUNTERCLAIMANT'S MOTION FOR ADMINISTRATIVE RELIEF RE: LEAVE TO FILE MOTION FOR SUMMARY JUDGMENT ON QUESTION OF FAILURE TO REPAY** |
| v. | |
| GREYSTONE SERVICING CORPORATION, INC., et al., | |
| Defendants / | |

Before the Court is counterclaimant Greystone CDE, LLC's ("Greystone CDE") "Motion for Administrative Relief Re: Leave to File Motion for Summary Judgment on the Narrow and Undisputed Question of Santa Fe Pointe LP's Failure to Repay the Sums Borrowed on the Note and the Amount Now Owing by Counter-defendant Oliphant," filed May 27, 2009. Counter-defendant Theotis F. Oliphant ("Oliphant") has filed opposition. Having read and considered the parties' respective written submissions, the Court rules as follows.

On May 19, 2009, the Court granted in part and denied in part Greystone CDE's motion for summary judgment on its counterclaim against Oliphant. By the instant motion, Greystone CDE seeks leave to file a second motion for summary judgment on its counterclaim against Oliphant.

Greystone CDE first argues good cause exists for the relief requested because the Court, in its order of May 19, 2009, erred in finding Greystone CDE's evidence inadmissible, in the absence of any objection thereto. Contrary to Greystone CDE's argument, Oliphant did object to the subject evidence. (See Oliphant's Opp., filed April 17, 2009, at 11:1-6 (objecting on grounds of "hearsay," "lack of foundation," and "failure to authenticate"); Objection, filed April 17, 2009 at 4:4-7 (objecting to "Paragraph 24" in its entirety on basis of "FRE 602").)[1] Further, Greystone CDE's reliance on a declaration filed by Greystone CDE in 2007 is unavailing. Greystone CDE did not rely on that document in moving for summary judgment. The Court is not obligated to "sift the factual record" to determine if evidence, uncited by Greystone CDE in support of its motion for summary judgment, might bear on the issues presented therein. See, e.g., Carmen v. San Francisco USD, 237 F.3d 1026, 1030-31 (9th Cir. 2001). Moreover, James's 2007 statement that he was at that time "Director of Greystone CDE" (see James Decl., filed December 14, 2007, ¶ 2), without further elaboration, is insufficient to supply the requisite foundation.

To the extent Greystone CDE argues good cause exists on grounds of judicial economy, the Court agrees. There is no indication from the record that Oliphant has, at any time during the course of the instant litigation, contended that SFP has repaid the sums it borrowed from Greystone CDE. Indeed, had the borrowed sums been repaid, Oliphant would have had no reason to oppose the prior motion for summary judgment by contending his guarantee was unenforceable. In short, there is no indication of an actual dispute on the issue of whether SFP has failed to pay the sums it borrowed, and, consequently, no reason to burden a jury with the matter.

//
//
//

---

[1] The Court is not persuaded by Greystone CDE's argument that Oliphant "made no evidentiary objection whatsoever to Exhibit WW." (See Admin. Mot. at 1:9-10.) Exhibit WW is expressly incorporated by reference in paragraph 24. Moreover, the exhibit, even if admitted, is not self-explanatory.

Accordingly, Greystone CDE's administrative motion is hereby GRANTED, and the Court hereby sets the following briefing schedule and hearing:

1. No later than June 15, 2009, Greystone CDE shall file a motion for summary judgment, not to exceed five pages in length exclusive of exhibits, limited to the issue of whether SFP has failed to repay the sums it borrowed and, if so, the specific amount owed.

2. No later than June 29, 2009, Oliphant shall file any opposition.

3. No later than July 6, 2009, Greystone CDE shall file any reply.

4. The hearing on the motion shall be conducted on July 17, 2009, at 9:00 a.m.

**IT IS SO ORDERED**.

Dated:  June 5, 2009

_____
MAXINE M. CHESNEY
United States District Judge