Mark D. Kemple (State Bar No. 145219)
Erik K. Swanholt (State Bar No. 198042)
Hirad D. Dadgostar (State Bar No. 241549)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, CA  90071-2300
Telephone:    (213) 489-3939
Facsimile:     (213) 243-2539
Email: mkemple@jonesday.com
Email: ekswanholt@jonesday.com

Attorneys for Defendant Greystone Servicing
Corporation, Inc., and Defendant/Counterclaimant
Greystone CDE, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# (SAN FRANCISCO DIVISION)

| | |
|---|---|
| SANTA FE POINTE, LP, et al.,<br><br>    Plaintiffs/Counter-defendants,<br><br>    v.<br><br>GREYSTONE SERVICING CORPORATION, INC., et al.,<br><br>    Defendants and Counter-claimant. | **CASE NO. C 07-05454 MMC**<br><br>**STIPULATION AND [PROPOSED] ORDER CONCERNING ENTRY OF JUDGMENT ON GREYSTONE CDE'S CLAIMS**<br><br>Dept.:    Courtroom 7 (19th floor)<br>Judge:    Hon. Maxine M. Chesney |

LAI-3028219v1

Stipulation and [Proposed] Order

C 07-05454 MMC

**STIPULATION**

Whereas, in response to Counterclaimant Greystone CDE, LLC's ("Greystone CDE") "Motion for Summary Judgment" (doc. # 112), the Court ruled and Ordered that Greystone CDE had established Counter-defendant Theotis Oliphant's ("Oliphant") liability on Greystone CDE's counterclaims "in the event SFP has failed to repay the sums it borrowed under the Loan Agreement" [Order (doc # 164) at 14:7-9];

Whereas, the Court then granted Greystone CDE leave to file a motion for summary judgment to determine the remaining issues of liability on the counterclaims on or before June 15, 2009 (doc# 178);

Whereas, on June 12, 2009, Plaintiffs' counsel requested, and Greystone CDE's counsel provided, a draft of that motion due on June 15, 2009, with supporting Exhibits;

Now, and accordingly, all Plaintiffs/Counter-defendants and Greystone CDE do hereby stipulate to entry of an Order and Judgment finding as a matter of undisputed fact that, to the extent that liability is established on the bridge loan agreement and guaranty (and subject to Oliphant's, SFP's and Rant LLC's ("Rant") reservation of their right to challenge by appeal the substantive findings of the Court's Order of May 19, 2009 (doc. # 164)):

1. SFP has drawn $484,950.75 in disbursements from principal funded pursuant to the bridge loan;

2. the unpaid principal, interest, and loan-related fees due under the bridge loan and now owed by SFP, Oliphant and Rant totals $601,290.83 (such figure being inclusive of offset for the undisbursed principal and interest thereon); and

3. SFP, Oliphant and Rant therefore owe, jointly and severally, Greystone CDE $601,290.83 on the bridge loan, plus attorney fees and costs incurred in this litigation pursuant to the Bridge Loan Documents (Bridge Promissory Note at 2, Bridge Loan Agreement at § 10.1, Assignment of Purchase Agreement at § 7, Guaranty and Suretyship Agreement at § 3.07, Developer Limited Guaranty

1 Pledge and Security Agreement at § 12) in an amount to be determined by the
2 Court pursuant to a cost/fee application to the Court.
3 The parties further agree that, subject to SFP's, Oliphant's and Rant's express reservation of their
4 right to appeal the substantive findings of the Court's Order of May 19, 2009 (doc # 164), the
5 Court may enter Judgment in the form attached hereto as Exhibit A, and that the Court's
6 Judgment in this regard will not be final until (a) Judgment is entered on Plaintiffs' affirmative
7 claims in this action against Greystone CDE and Greystone Servicing Corporation, Inc., and (b)
8 the calculation of the total sum of any and all liability, losses, costs and expenses, including
9 attorney's fees and costs, incurred by Greystone CDE in connection with this action pursuant to
10 the Bridge Loan Documents (Bridge Promissory Note at 2, Bridge Loan Agreement at § 10.1,
11 Assignment of Purchase Agreement at § 7, Guaranty and Suretyship Agreement at § 3.07,
12 Developer Limited Guaranty Pledge and Security Agreement at § 12).  Fed. R. Civ. P. 54(b).
13       IT IS SO STIPULATED.

Dated: June 15, 2009

JONES DAY

By: /s/ Mark D. Kemple
     Mark D. Kemple

Attorneys for Defendant Greystone Servicing Corporation, Inc., and Defendant/Counter-claimant Greystone CDE, LLC

Dated: June 15, 2009

McINERNEY & DILLON, P.C.

By: /s/ Quinlan S. Tom
     Quinlan S. Tom

Attorneys for Plaintiffs/Counter-defendants Santa Fe Pointe, LP, Theotis F. Oliphant, Santa Fe Pointe Management LLC and Rant LLC

### [PROPOSED] ORDER

The parties having so stipulated, and good cause appearing, **IT IS HEREBY ADJUDICATED** that:

1. SFP, Oliphant and Rant therefore owe, jointly and severally, Greystone CDE $601,290.83 on the bridge loan in unpaid principal, interest, and loan-related fees;

2. SFP, Oliphant and Rant are required to and shall indemnify, pay, and reimburse Greystone CDE for attorney's fees and costs incurred by Greystone CDE in connection with this action pursuant to the Bridge Loan Documents (Bridge Promissory Note at 2, Bridge Loan Agreement at § 10.1, Assignment of Purchase Agreement at § 7, Guaranty and Suretyship Agreement at § 3.07, Developer Limited Guaranty Pledge and Security Agreement at § 12) in an amount to be determined by the Court pursuant to a cost/fee application to the Court. Based on that cost/fee application, and any opposition thereto by Plaintiffs/Counter-defendants, and any Reply, the Court will amend the Judgment to state the total sum of money recoverable by Greystone CDE against SFP, Oliphant and Rant under the Judgment attached hereto as Exhibit A.

3. The Judgment to be entered in this regard will not be final until (a) Judgment is entered on Plaintiffs' affirmative claims in this action against Greystone CDE and Greystone Servicing Corporation, Inc., Fed. R. Civ. P. 54(b), and (b) calculation of the total sum recoverable by Greystone CDE against SFP, Oliphant and Rant as provided in Paragraph 2, above.

4. The above-referenced cost/fee application shall be filed in conformity with Civil Local Rule 54-6(a).

5. In light of the above findings, Greystone CDE's Motion for Judgment, filed June 15, 2007, is hereby DENIED as moot.

**IT IS SO ORDERED.**

Dated: June 17, 2009        By: *Maxine M. Chesney*
                              HON. MAXINE M. CHESNEY
                              United States District Judge