IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTA FE POINTE, L.P., et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>GREYSTONE SERVICING CORPORATION, INC., et al.,<br><br>    Defendants<br>_____ / | No. C-07-5454 MMC<br><br>**ORDER DIRECTING PLAINTIFFS TO FILE RESPONSE TO DEFENDANTS' OBJECTION TO PLAINTIFFS' REQUEST FOR APPROVAL OF SECOND SUBSTITUTION OF COUNSEL** |

On June 24, 2009, plaintiffs filed a "Substitution of Counsel and [Proposed] Order," by which filing plaintiffs request the Court allow plaintiff Theotis F. Oliphant ("Oliphant") to substitute as counsel of record for all plaintiffs in place and instead of Quinlan S. Tom. By order filed June 25, 2009, the Court deferred ruling thereon to afford Oliphant the opportunity to file, no later than July 6, 2009, a declaration setting forth the steps he has taken to become a member of the Bar of this Court. Thereafter, on July 1, 2009, defendants filed an objection to plaintiffs' request for approval of the substitution.

Plaintiffs are hereby DIRECTED to file, no later than July 6, 2009, a response to defendants' objection. Moreover, plaintiffs are DIRECTED to explain why, even if Oliphant were to obtain written consent from the other plaintiffs that they do not object to Oliphant's testifying and arguing the matter, see Rule 5-210 of the California Rules of Professional

Conduct, an order granting substitution would be proper.  <u>See</u>, e.g., <u>United States v. DeMarco</u>, 407 F. Supp. 107, 114 (C.D. Cal. 1975) (observing that if attorneys representing parties were to testify, final arguments would require counsel "to argue their own credibility and to attack the credibility of opposing counsel," resulting in "a three ring circus"; stating, "[t]o distract members of the jury from [the] evidence to an emphasis upon attorney personalties would not serve the interests of justice").

**IT IS SO ORDERED.**

Dated:  July 2, 2009

MAXINE M. CHESNEY
United States District Judge