Mark D. Kemple (State Bar No. 145219)
mkemple@jonesday.com
Erik K. Swanholt (State Bar No. 198042)
ekswanholt@jonesday.com
Hirad D. Dadgostar (State Bar No. 241549)
hdadgostar@jonesday.com
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, CA 90071-2300
Telephone: (213) 489-3939
Facsimile: (213) 243-2539

Attorneys for Defendant Greystone Servicing Corporation, Inc., and Defendant/Counterclaimant Greystone CDE, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**(SAN FRANCISCO DIVISION)**

SANTA FE POINTE, LP, et al.,

Plaintiffs/Counter-defendants,

v.

GREYSTONE SERVICING CORPORATION, INC., et al.,

Defendants and Counter-claimant.

**CASE NO. C 07-05454 MMC**

**STIPULATION AND ~~[PROPOSED]~~ ORDER CONCERNING ENTRY OF JUDGMENT ON GREYSTONE CDE'S REMAINING CLAIM**

Dept.: Courtroom 7 (19th floor)
Judge: Hon. Maxine M. Chesney

**STIPULATION**

Whereas, in response to Counterclaimant Greystone CDE, LLC's ("Greystone CDE") "Motion for Summary Judgment" (doc. # 112), the Court ruled and Ordered that Greystone CDE had established Counter-defendant Theotis F. Oliphant's ("Oliphant") liability on Greystone CDE's counterclaims "in the event SFP has failed to repay the sums it borrowed under the Loan Agreement" [Order (doc # 164) at 14:7-9];

Whereas, the Court then granted Greystone CDE leave to file a motion for summary judgment to determine the remaining issues of liability on the counterclaims on or before June 15, 2009 (doc# 178);

Whereas, on June 12, 2009, Plaintiffs' counsel requested, and Greystone CDE's counsel provided, a draft of that motion due on June 15, 2009, with supporting Exhibits;

Whereas, on June 17, 2009, Judgment (doc. # 190) was entered against Counterdefendants Theotis F. Oliphant ("Oliphant"), Santa Fe Pointe, LP ("SFP"), and Rant, LLC ("Rant"), the finality of which is pending the calculation of fees;

Now, and accordingly, Counterdefendant Santa Fe Pointe Management, LLC (a/k/a Santa Fe Management, LLC) ("SFM") and Greystone CDE do hereby stipulate to entry of an Order and Judgment finding as a matter of undisputed fact that, to the extent that liability is established on the bridge loan agreement and guaranty (and subject to Counterdefendants' reservation of their right to challenge by appeal the substantive findings of the Court's Order of May 19, 2009 (doc. # 164)):

1. SFP has drawn $484,950.75 in disbursements from principal funded pursuant to the bridge loan;

2. the unpaid principal, interest, and loan-related fees due under the bridge loan and owed by SFP, Oliphant, Rant, and SFM as of June 15, 2009 totals $601,290.83 (such figure being inclusive of offset for the undisbursed principal and interest thereon); and

3. SFM owes (jointly and severally with Oliphant, Rant, and SFP) Greystone CDE $601,290.83 on the bridge loan, plus attorney fees and costs incurred in this litigation pursuant to the Bridge Loan Documents (Partner Guaranty, Pledge and Security Agreement § 11, Bridge Promissory Note at 2, Bridge Loan Agreement at § 10.1, Assignment of Purchase Agreement at § 7, Guaranty and Suretyship Agreement at § 3.07, Developer Limited Guaranty Pledge and Security Agreement at § 12) in an amount to be determined by the Court pursuant to a cost/fee application to be filed with the Court on or before September 14, 2009, pursuant to the Order (doc. # 192) entered June 19, 2009.

The parties further agree that, subject to Counterdefendants' express reservation of their right to appeal the substantive findings of the Court's Order of May 19, 2009 (doc # 164), the Court may enter Judgment in the form attached hereto as Exhibit A, and that the Court's Judgment in this regard will not be final until the calculation of the total sum of any and all liability, losses, costs and expenses, including attorney's fees and costs, incurred by Greystone CDE in connection with this action pursuant to the Bridge Loan Documents (Partner Guaranty, Pledge and Security Agreement § 11, Bridge Promissory Note at 2, Bridge Loan Agreement at § 10.1, Assignment of Purchase Agreement at § 7, Guaranty and Suretyship Agreement at § 3.07, Developer Limited Guaranty Pledge and Security Agreement at § 12). Fed. R. Civ. P. 54(b).

IT IS SO STIPULATED.

Dated: July 31, 2009

JONES DAY

By: /s/ Mark D. Kemple
Mark D. Kemple

Attorneys for Defendant Greystone Servicing Corporation, Inc., and Defendant/Counter-claimant Greystone CDE, LLC

Dated: July 31, 2009

By: ______________________
Letty K. van der Vegt

Attorney for Plaintiffs/Counterdefendants Santa Fe Pointe, LP, Santa Fe Pointe Management, LLC, and Rant, LLC

**~~[PROPOSED]~~ ORDER**

The parties having so stipulated, and good cause appearing, **IT IS HEREBY ADJUDICATED** that:

1. Santa Fe Pointe Management, LLC (a/k/a Santa Fe Management, LLC) ("SFM") owes (jointly and severally with SFP, Oliphant and Rant) Greystone CDE $601,290.83 on the bridge loan in unpaid principal, interest, and loan-related fees;

2. SFM (along with SFP, Oliphant and Rant) is required to and shall indemnify, pay, and reimburse Greystone CDE for attorney's fees and costs incurred by Greystone CDE in connection with this action pursuant to the Bridge Loan Documents (Partner Guaranty, Pledge and Security Agreement § 11, Bridge Promissory Note at 2, Bridge Loan Agreement at § 10.1, Assignment of Purchase Agreement at § 7, Guaranty and Suretyship Agreement at § 3.07, Developer Limited Guaranty Pledge and Security Agreement at § 12) in an amount to be determined by the Court pursuant to a cost/fee application to the Court. Based on that cost/fee application (to be filed on or before September 14, 2009 pursuant to Order (doc. # 192) entered June 19, 2009), any opposition thereto by Plaintiffs/Counterdefendants, and any Reply, the Court will amend the Judgment to state the total sum of money recoverable by Greystone CDE against SFM, SFP, Oliphant and Rant under the Judgment attached hereto as Exhibit A.

3. The Judgment to be entered in this regard will not be final until calculation of the total sum recoverable by Greystone CDE against SFM, SFP, Oliphant and Rant as provided in Paragraph 2, above.

**IT IS FURTHER ORDERED** that Judgment be entered in the form attached hereto as Exhibit A.

**IT IS SO ORDERED.**

Dated: August 4__, 2009

By: ______________________
HON. MAXINE M. CHESNEY
United States District Judge