IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTA FE POINTE, L.P., et al., | No. C-07-5454 MMC |
| Plaintiffs, | **ORDER GRANTING GREYSTONE CDE'S MOTION FOR ATTORNEY'S FEES AND COSTS; VACATING HEARING** |
| v. | |
| GREYSTONE SERVICING CORPORATION, INC., et al., | |
| Defendants | |
| GREYSTONE CDE, LLC, | |
| Counterclaimant, | |
| v. | |
| THEOTIS F. OLIPHANT, et al., | |
| Counter-defendants | |

Before the Court is defendant/counterclaimant Greystone CDE, LLC's ("Greystone CDE") "Motion for Attorney's Fees and Costs Pursuant to Stipulation and Judgment," filed September 14, 2009. Plaintiffs/counter-defendants Santa Fe Pointe, LP ("SFP"), Santa Fe Management, LLC ("SFM"), Rant, LLC ("Rant"), and Theotis F. Oliphant ("Oliphant") have not filed opposition.[1] On October 13, 2009, Greystone CDE filed a "Reply/Notice," in which

---

[1] Pursuant to the Civil Local Rules of this District, opposition was due no later than October 2, 2008. See Civil L. R. 7-3(a) (providing opposition to motion must be filed no later than 21 days before hearing date).

Greystone CDE represents that Rant and Oliphant, on September 25, 2009 and September 29, 2009, respectively, have filed for bankruptcy protection, and, accordingly, Greystone CDE seek an award of fees and costs as against SFP and SFM only.  Having read and considered the papers filed in support of the motion, the Court deems the matter suitable for decision on the moving papers, VACATES the hearing scheduled for October 23, 2009, and rules as follows.

By stipulation filed June 15, 2009, and subsequently approved by the Court, Greystone CDE and SFP agreed that SFP "owe[s] . . . attorney fees and costs incurred in this litigation pursuant to [specified contractual provisions] in an amount to be determined by the Court." (See Docket No. 185.)  Similarly, by stipulation filed July 31, 2009, and subsequently approved by the Court, Greystone CDE and SFM agreed that SFM "owes (jointly and severally with . . . SFP) . . . attorney fees and costs incurred in this litigation pursuant to [specified contractual provisions] in an amount to be determined by the Court." (See Docket No. 229.)

In light of the above stipulations, the Court finds Greystone CDE is entitled to recover from SFP and SFM the attorney's fees and costs it incurred in the prosecution of Greystone CDE's claims and in the defense of the claims brought against Greystone CDE.

**A.  Attorney's Fees**

"The operative standard to be applied in New York in determining an appropriate award of counsel fees is the fair and reasonable value of the services rendered."  Matter of Spingarn, 626 N.Y.S.2d 650, 651 (N.Y. Sup. Ct. 1995).[2]  In making such determination, a court considers the "hours reasonably expended" and the "reasonable hourly rate."  See id. at 652.

//
//

---

[2] As set forth in the Court's May 19, 2009 order, the agreements at issue provide that such agreements are governed by New York law; as further set forth in said order, such choice of law provisions are enforceable herein.  (See Order, filed May 19, 2009, at 5:4-17.)

2

Here, Greystone CDE seeks an award of attorney's fees, as follows:

| Name | Hours | Rate | | Total |
|---|---|---|---|---|
| Mark D. Kemple | 424.05 | $675 | (2009) | $ 286,233.75 |
| Mark D. Kemple | 238.40 | $600 | (2008) | $ 143,040.00 |
| Mark D. Kemple | 37.25 | $550 | (2007) | $ 20,487.50 |
| Erik Swanholt | 25.90 | $575 | (2009) | $ 14,892.50 |
| Erik Swanholt | 256.30 | $525 | (2008) | $ 134,557.50 |
| Erik Swanholt | 106.25 | $450 | (2007) | $ 47,812.50 |
| Ruth Holt | 122.90 | $450 | | $ 55,305.00 |
| Jason Haas | 29.80 | $450 | | $ 13,410.00 |
| Kamran Miffafati | 26.20 | $450 | | $ 11,790.00 |
| Hirad Dadgostar | 500.80 | $400 | (2009) | $ 200,320.00 |
| Hirad Dadgostar | 493.70 | $350 | (2008) | $ 172,795.00 |
| Hirad Dadgostar | 134.50 | $285 | (2007) | $ 38,332.50 |
| Lin Wang | 149.50 | $300 | | $ 44,850.00 |
| Judy Lin | 64.00 | $275 | | $ 17,600.00 |
| Rebecca Sterling | 22.75 | $260 | | $ 5,915.00 |
| Valrie Crawford | 213.20 | $250 | | $ 53,300.00 |
| Evelyn Duarte | 48.00 | $200 | | $ 9,600.00 |
| James Senter | 5.25 | $175 | | $ 918.75 |
| Total | 2898.75 | | | $1,271,160.00[3] |

### 1. Hours Reasonably Expended

"The burden is on counsel to keep and present records from which the court may determine the nature of the work done, the need for it, and the amount of time reasonably required; where adequate contemporaneous records have not been kept, the court should not award the full amount requested." Spingarn, 626 N.Y. 2d at 652 (internal quotation and citation omitted.)

Here, in support of the instant motion, Greystone CDE has submitted numerous invoices, which invoices identify each task for which Greystone CDE's counsel, Jones Day, billed Greystone CDE during the course of the instant litigation, as well as the number of hours expended on such work, the identity of the attorney(s) and/or paralegals who performed the work, and the hourly rate charged by each such attorney and paralegal. (See Kemple Decl., filed September 14, 2009, Exs. 10-27.) Additionally, Greystone CDE

---

[3] The hours and rates set forth in the chart above are taken from declarations submitted by Greystone CDE in support of the instant motion. (See Kemple Decl. ¶¶ 50, 52, 55-56; Holt Decl. ¶¶ 2, 8; Mirrafati Decl. ¶¶ 2-3; Wang Decl. ¶¶ 2, 10; Swanholt Decl. ¶ 17; Dadgostar Decl. ¶ 26).

has offered evidence to support a finding that the hours reflected in the invoices were "posted on a daily basis by timekeepers." (See id. ¶ 6.) Further, Greystone CDE has submitted the declarations of the attorneys who performed the work for which Greystone CDE was billed, which declarations set forth in greater detail the specific nature of, and reason for, the work he or she performed. (See id. ¶¶ 28-49; Holt Decl. ¶¶ 3-7; Mirrafati Decl. ¶ 3; Wang Decl. ¶¶ 3-9; Swanholt Decl. ¶¶ 3-16; Dadgostar Decl. ¶¶ 4-25).[4]

Having reviewed the above-described evidence, all of which is undisputed, as well as having reviewed the record in the instant matter, including the pleadings and numerous motions and documents filed by the parties to the instant litigation, the Court finds, for the reasons stated by Greystone, that the 2898.75 hours expended were reasonable, given the length of the proceedings, the nature of the claims alleged by Greystone CDE and by SFP and SFM, and the defenses raised by the respective parties.

**2. Hourly Rates**

"The reasonable hourly rate should be based on the customary fee charged for similar services by lawyers in the community with like experience and of comparable reputation to those by whom the prevailing party was represented." Spingarn, 626 N.Y. 2d at 652 (internal quotation and citation omitted).

As noted above, Greystone CDE has offered evidence setting forth the rate charged by each attorney and paralegal who performed work on behalf of Greystone CDE. Further, Greystone CDE has identified the number of years each attorney who performed such work has practiced law, and offers evidence to show the rates charged herein are the ordinary billing rates used by Jones Day. Additionally, Greystone CDE has shown it was charged for, and that it paid for, the services rendered at the rates requested herein. (See Levine Decl. ¶ 3.)

//

---

[4] Additionally, the declaration submitted by Mark D. Kemple, lead counsel, summarizes in detail the work performed by two associates who no longer are employed by Jones Day, as well as various tasks performed by paralegals. (See Kemple Decl. ¶¶ 52-56.)

Further, Greystone CDE has offered excerpts from a May 2009 summary, published by Westlaw CourtExpress, setting forth hourly rates charged by counsel and paralegals in nine other firms in California, and, for fifty of those individuals, has provided in addition their years of experience.  (See Kemple Decl. Ex. 28.)  The rates set forth in the summary are comparable to those requested herein.  For example, the summary indicates that an attorney with two years experience employed by O'Melveny & Myers LLP bills at the hourly rate of $330, and an attorney with two years experience employed by Weil, Gotshal & Manges LLP bills at the hourly rate of $415.  In the instant case, associate Hirad Dagostar, during his second year of practice, billed Greystone CDE at the hourly rate of $350.  As another example, the summary indicates that an attorney with twenty-two years experience employed by Munger Tolles & Olson LLC bills at the hourly rate of $650.  In the instant case, partner Mark D. Kemple, during his twentieth year of practice, billed Greystone CDE at the hourly rate of $675.

The Court may rely on evidence of the nature described above in determining a reasonable hourly rate.  See United Steelworkers of Am. v. Retirement Income Plan for Hourly-Rated Employees of ASARCO, Inc., 512 F.3d 555, 564-65 (9th Cir. 2008) (affirming district court's determination of reasonable hourly rate for prevailing plaintiff's attorney in ERISA case, where district court relied on "customary fee charged by ERISA plaintiff's attorneys in [that state]" and declaration of plaintiff's counsel as to counsel's typical rate) (internal quotation and citation omitted).

Having read and considered the above-described evidence, all of which is undisputed, the Court finds, for the reasons stated by Greystone CDE, the rates requested are reasonable.

**3. Conclusion Re: Attorney's Fees**

Greystone CDE has shown it is entitled to an award of attorney's fees in the amount of $1,271,160.00.

//

//

**B. Costs and Expenses**

Under New York law, where, as here, the parties have agreed by contract that the prevailing party is entitled to recover the costs and expenses it incurs in subsequent litigation concerning such contract, the prevailing party is entitled to the costs and expenses reasonably incurred in connection with such litigation. See, e.g., Morse/Diesel, Inc. v. Trinity Indus., Inc., 875 F. Supp. 165, 181 and n. 23 (S.D. N.Y. 1994) (holding prevailing party entitled to recover expenses incurred for "telephone service and word processing," where such charges were "reasonably charged by counsel" and "such charges are ordinarily and routinely billed to clients").

Here, Greystone CDE seeks an award of costs and expenses in the total amount of $60,484.04, which costs and expenses were charged to, and subsequently paid by, Greystone CDE. (See Levine Decl. ¶ 3; Kemple Decl. Exs. 10-27.) The nature of the specific costs and expenses sought herein are set forth in the invoices sent to Greystone CDE by Jones Day. (See Kemple Decl. Exs. 10-27.) The Court, having reviewed the invoices, as well as the record in the instant matter, finds the costs and expenses sought herein were reasonably incurred in the prosecution of Greystone CDE's claims and in the defense of the claims brought against Greystone CDE.

Accordingly, Greystone CDE has shown it is entitled to an award of costs and expenses in the amount of $60,484.04.

**CONCLUSION**

For the reasons stated above, Greystone CDE's motion is hereby GRANTED, and Greystone CDE, LLC is hereby awarded, as against Santa Fe Pointe, LP, and Santa Fe Management, LLC, jointly and severally, attorney's fees in the amount of $1,271,160.00, together with its costs and expenses in the amount of $60,484.04, for a total award of fees and costs in the amount of $1,331,644.04.[5]

---

[5] This total sum is $112.95 less than the total claimed by Greystone CDE. As discussed, the Court's calculation of the total is based on the component sums provided by Greystone CDE and set forth above.

Greystone CDE is hereby DIRECTED to submit, no later than October 30, 2009, a proposed amended judgment.

**IT IS SO ORDERED.**

Dated: October 16, 2009

_____
MAXINE M. CHESNEY
United States District Judge